JAMES E. GIBBONS (SBN 130631)
jgibbons@londonfischer.com
MALLORY Y. SCHORR (SBN 317693)
mschorr@londonfischer.com
LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
T: (949) 252-0550 | F: (949) 252-0553

Attorneys for Defendant FEDERAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>and DOES 1 through 50, inclusive,<br><br>        Defendants. | **CASE NO.**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 AND § 1441 FILED BY DEFENDANT FEDERAL INSURANCE COMPANY**<br><br>(DIVERSITY JURISDICTION)<br><br>[28 U.S.C. § 1446]<br><br>[Filed Concurrently with Civil Cover Sheet; Certificate of Interested Parties; Declaration of Mallory Y. Schorr] |

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373953

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Federal Insurance Company ("Federal") seeks removal of the above captioned civil action from the Superior Court of the State of California, County of Yolo, Case No. CV2025-2193, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446.

## I.    PROCEDURAL HISTORY

This lawsuit involves an insurance coverage dispute between Plaintiff J. Doe and Defendant Federal and fictitiously named defendants.  Plaintiff filed the *J. Doe v. Federal Insurance Company, et al.* lawsuit in the Superior Court for the State of California, County of Yolo, Case No. CV2025-2193 (the "State Court Suit").  A copy of the State Court Suit complaint is attached as **Exhibit A** (p. 9).

Defendant Federal seeks to remove the State Court Suit to the United States District Court for the Eastern District of California.

## II.    DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332.

The federal courts have subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. section 1332.  The District Court has original jurisdiction over this action under 28 U.S.C. section 1332, and Federal is entitled to remove the action pursuant to 28 U.S.C. section 1441(b).

### A.    Diversity of Citizenship

Complete diversity of citizenship exists between the parties.  Plaintiff is a resident of California, and Defendant Federal is incorporated in Indiana and has its principal place of business in New Jersey.

/ / /

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373953

### 1. Plaintiff's Residency

The State Court Action alleges that Plaintiff is a resident of California. Plaintiff's complaint was filed in the Superior Court of the State of California, Yolo County. Plaintiff alleges in the complaint that "[v]enue is proper in this County pursuant to California Code of Civil Procedure § 395(a) because Plaintiff resides in this County . . . ." (Exhibit A, p. 11, ¶ 10.)

### 2. Defendant's Citizenship

A "corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." (*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) citing 28 U.S.C. § 1332(c)(1).)

Defendant Federal was incorporated in Indiana and has its principal place of business in New Jersey.[1] A copy of a printout of Federal's Business Information from the Indiana Secretary of State is attached as **Exhibit B**. (Schorr Decl. ¶ 4; Exh. B, p. 40.) The printout identifies Federal's "Jurisdiction of Formation" as Indiana, and the Federal President and Secretary's address as "15 Mountain View Road, WARREN, NJ, 07061, USA." (*Ibid.*) Therefore, Federal is a citizen of Indiana and New Jersey.

The State Court Suit includes fifty (50) fictitiously named DOE defendants. Their citizenship should be disregarded under 28 U.S.C. section 1441(b) in determining whether a civil action is removable. (28 U.S.C. § 1441(b)(1) ["In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"].)

### B. Amount in Controversy

To determine the amount in controversy, this Court may consider facts presented in

---

[1] Plaintiff's allegation in the State Court Suit complaint that Federal "is an insurance corporation organized and existing under the laws of New Jersey, with its principal place of business in Indianapolis, Indiana" is mistaken. (Exhibit A, p. 10, ¶ 6.)

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373953

the removal petition and any "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." (*Woolsey v. State Farm Gen. Ins. Co.* (C.D. Cal. 2023) 672 F.Supp.3d 1018, 1024 [quoting *Allen v. R & H Oil & Gas Co.* (5th Cir.1995) 63 F.3d 1326, 1335-1336].)  Alleged damages in a demand letter, for example, may be considered to determine whether the $75,000 jurisdictional threshold has been met.  (*Id.* at p. 1025.)

In meet and confer communications, Plaintiff provided documentation supporting that the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.  (Schorr Decl. ¶ 5.)  Attached as **Exhibit C** (pp. 42-49) are Plaintiff's prior demands in arbitration proceedings from which the current action purportedly arises to Federal, which identify Plaintiff's "amount of money in dispute" and "dollar amount of claim" as either $101,000 or $123,456.78.  (*Ibid.*)  Although Plaintiff emailed Federal's counsel, "Plaintiff has **not alleged** damages exceeding $75,000" (Schorr Decl. ¶ 6 [emphasis added]), Plaintiff refused to advise Federal the amounts Plaintiff is seeking.  Federal may remove where the complaint is silent as to the specific dollar amount in controversy.  Otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar amount upon its claim."  (*White v. J.C. Penny Life Insurance Company*, 861 F.Supp.25, 26 (S.D. W. Va. 1994).)

Based on Plaintiff's written arbitration demands (Exhibit C, pp. 42-49), Federal is informed and believes, and thereon alleges, that the amount in controversy exceeds the jurisdictional minimum for removal.  (*See, e.g.*, *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) ["the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"].)

III.    VENUE

Plaintiff filed this action in the California Superior Court, Yolo County.  Yolo County lies within the jurisdiction of the United States District Court, Eastern District of

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373953

California.  Therefore, venue in the Eastern District of California under 28 U.S.C. sections 84(c), 1441(a), and 1446(a) is appropriate.

## IV.    TIMELINESS

28 U.S.C. section 1446(b) provides "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." (*Murphy Bros. v. Michetti Pipe Stringing* (1999) 526 U.S. 344, 350.)  Federal "becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."  (*Ibid.*)

Based on Plaintiff's proof of service filed in the State Court Suit (Exhibit A, p. 33), Plaintiff personally served the summons and complaint on Federal on August 20, 2025.  Therefore, the thirty (30) day timeline for Federal to remove the State Court Suit to this Court started running on August 20th, and the removal deadline is September 19, 2025.  (See *Casola v. Dexcom, Inc.* (9th Cir. 2024) 98 F.4th 947, fn. 15 ["that 30-day removal clock only starts ticking once the defendant has been served"].)

Nevertheless, Federal has filed and served this Notice of Removal before the statutory removal period has run and within one year of the action's commencement.

## V.    JOINDER

28 U.S.C. section 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action" under 1441(a).  Federal is the only named defendant in the State Court Suit.

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

5
FEDERAL INSURANCE COMPANY'S NOTICE OF REMOVAL

373953

## VI.    STATE COURT FILE

Federal court removal papers must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." (28 U.S.C. § 1446(a).) Attached as **Exhibit A** are documents filed with the State Court Action as of August 28, 2025, in chronological order, including the summons and complaint (Exh. A, pp. 7-38).

Written notice of the filing of this Notice of Removal has been given to Plaintiff, and a copy will be submitted to the Yolo County Superior Court clerk, pursuant to 28 U.S.C. section 1446(d). A copy of the notice of removal filed with the State Court Suit is attached as **Exhibit D** (pp. 50-52).

Dated:  September 5, 2025                LONDON FISCHER LLP

By: _____
James E. Gibbons
Mallory Y. Schorr
*Attorneys for Defendant*
FEDERAL INSURANCE COMPANY

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

6
FEDERAL INSURANCE COMPANY'S NOTICE OF REMOVAL

373953

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Federal Insurance Company (Part of the Chubb Group of Insurance Companies)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

J. Doe

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
8/1/2025
By B Puebla, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Yolo County

 1000 Main St, Woodland, CA 95695

| CASE NUMBER: |
|---|
| *(Número del Caso):* |
| CV20252193 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. Doe, General Delivery Woodland, CA 95695-9999, alsunstateline@gmail.com

SHAWN LANDRY

| DATE:     8/1/2025 | Clerk, by | /s/ B Puebla | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):*
   Does 1 to 50
3. ☒ on behalf of *(specify):* Federal Insurance Company and/or Chubb Insurance Company
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☒ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | *www.courts.ca.gov* |
| SUM-100  [Rev. July 1, 2009] | | |
| GC68150(f)(g) | | |

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 7/31/2025 6:19 PM
By P. Puebla, Deputy

J. Doe (A Pseudonym, Pursuant to Request for Protective Order), Pro Se Plaintiff
General Delivery
Woodland, CA 95695-9999

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF YOLO

| | |
|---|---|
| J. DOE (A PSEUDONYM, PURSUANT TO REQUEST FOR PROTECTIVE ORDER), PRO SE, <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL INSURANCE COMPANY (PART OF THE CHUBB GROUP OF INSURANCE COMPANIES), and DOES 1-50 <br><br> Defendant(s). | Case No.: CV2025-2193 <br><br> **COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF** <br> **1. BREACH OF CONTRACT;** <br> **2. INSURANCE BAD FAITH (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING);** <br> **3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** <br> **4. DISCRIMINATION (VIOLATION OF UNRUH CIVIL RIGHTS ACT - CIVIL CODE § 51 ET SEQ.);** <br> **5. UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES (BUS. & PROF. CODE § 17200 ET SEQ.)** <br><br> **JURY DEMAND** |

Plaintiff, J. DOE, appearing *pro se*, hereby complains against Defendant, Federal Insurance Company (Part of the Chubb Group of Insurance Companies), and alleges as follows:

## I. INTRODUCTION AND NATURE OF ACTION

1. This is an action for significant monetary damages, declaratory relief, and injunctive relief arising from Defendant Federal Insurance Company (Part of the Chubb Group of Insurance Companies)'s egregious, unlawful, and malicious course of conduct. Defendant's actions include, but are not limited to, the **fraudulent concealment of an insurance policy**, the bad faith denial of a valid claim, the willful and continuous refusal to honor its contractual obligation to participate in mandatory arbitration, **improper influence and behind-the-door dealings in previous arbitration proceedings**, and a pervasive pattern of malicious, discriminatory, threatening, and violent acts designed to oppress and exploit Plaintiff's extreme vulnerabilities.

2.    Defendant's conduct constitutes **breach of contract, insurance bad faith, intentional infliction of emotional distress, systematic discrimination** in violation of California's Unruh Civil Rights Act (California Civil Code § 51 et seq.) based on Plaintiff's non-binary gender identity, Jewish ethnicity, and undocumented alien status. Furthermore, Defendant's tactics, including repeated threats of arrest/deportation, harassment, misrepresentations, and obstruction of justice, represent unlawful, unfair, and fraudulent business practices under California's Unfair Competition Law (California Business and Professions Code § 17200 et seq.).

3.    Plaintiff, a vulnerable non-binary individual of Jewish ethnicity, an undocumented alien awaiting a critical immigration interview, and now suffering from permanent disability due to Defendant's severe and continuous misconduct, including **recent murder threats and an attempt on their life**, brings this action to seek justice and protection of their fundamental human rights and dignity against a powerful corporate entity that has systematically abused its position and exploited Plaintiff's precarious circumstances.

4.    Given the extreme threats and vulnerability, Plaintiff also seeks **protective orders** from this Court to proceed under a pseudonym, seal the case records, ensure remote communication, prevent any in-person contact with Defendant or its representatives, and obtain a **restraining order** against Defendant and its affiliates to prevent further harassment and attempts to locate or approach Plaintiff.

## II. PARTIES

5.    Plaintiff, J. DOE, is an individual residing in , Plaintiff identifies as non-binary, uses they/them pronouns, is of Jewish ethnicity (not faith, though treated discriminatorily as such), and is an undocumented alien currently awaiting a rescheduled immigration interview. As a direct and proximate result of Defendant's malicious actions, Plaintiff has suffered severe emotional distress, multiple hospitalizations, and a permanent disability, further exacerbated by **recent murder threats and an attempt on their life**. Plaintiff seeks to proceed under the pseudonym "J. Doe" to protect their safety and prevent further harassment, arrest, detention, or deportation.

6.    Defendant, Federal Insurance Company (Part of the Chubb Group of Insurance Companies), is an insurance corporation organized and existing under the laws of New Jersey, with its principal place of business in Indianapolis, Indiana, and is authorized to transact and does transact insurance business throughout the United States, including the State of California.

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

7.    At all relevant times, Defendant provided insurance coverage to customers of Plaintiff's bank, and Plaintiff was a customer of Defendant by virtue of Plaintiff's bank paying all premiums on Plaintiff's behalf, providing this insurance as a complimentary benefit for being a valued customer. Plaintiff was therefore an insured of Defendant.

### III. JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this action pursuant to California Constitution, Article VI, Section 10, and California Code of Civil Procedure § 86, et seq., as this is a civil action seeking monetary damages and equitable relief arising from Defendant's conduct in California.

9.    This Court has personal jurisdiction over Defendant because Defendant is authorized to do business in California, transacts a substantial amount of business within this State, and the causes of action alleged herein arise directly from Defendant's continuous and tortious contacts with this State, specifically its contractual relationship with Plaintiff and its ongoing wrongful actions within California.

10.    Venue is proper in this County pursuant to California Code of Civil Procedure § 395(a) because Plaintiff resides in this County, the original claim giving rise to the dispute was based in California, the contract was entered into in Nevada and California, the breach occurred in California, and Defendant maintains an office or conducts substantial business in this County.

### IV. FACTUAL ALLEGATIONS

11.    At all times relevant hereto, Plaintiff was a customer and an insured of Defendant, Federal Insurance Company (Part of the Chubb Group of Insurance Companies), under Policy provided to Plaintiff for free by Plaintiff's bank, as a benefit for being a valued customer, with Plaintiff's bank paying all premiums on Plaintiff's behalf.

12.    The Policy constituted a valid and enforceable contract between Plaintiff and Defendant, wherein Defendant agreed to provide insurance coverage under specified terms and conditions.

13.    Despite Plaintiff being an insured and covered under the Policy, Defendant engaged in **unclean hands tactics** by intentionally concealing Plaintiff's insurance policy, making it unduly difficult or impossible for Plaintiff to access the terms of their coverage or even confirm its

- 3 -
COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

existence. This concealment was a deliberate act of bad faith designed to prevent Plaintiff from exercising their contractual rights.

14. On or about June 2019, Plaintiff submitted a legitimate claim to Defendant pursuant to the terms and conditions of the Policy.

15. In several weeks of the submission Plaintiff's claim, Defendant denied Plaintiff's claim, asserting false, pretextual, and baseless reasons for said denial, despite Plaintiff having fully complied with all policy requirements and being a legitimate insured.

16. **Plaintiff alleges that the discovery of Defendant's fraudulent concealment of the Policy and the fraudulent nature of the original claim denial occurred less than four years ago**, specifically on or about Dec 16, 2021. This recent discovery of fraud triggers the **discovery rule**, thereby tolling the statute of limitations for relevant claims and making them timely and valid. *See Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 897 (affirming the discovery rule postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action).

17. The Policy explicitly contains a provision (the "Arbitration Clause") mandating that all disputes and claims arising under the Policy must be resolved exclusively through binding arbitration administered by the American Arbitration Association (AAA), expressly precluding resort to court litigation.

18. Plaintiff alleges that prior to the current refusal to arbitrate, Defendant's lawyers engaged in **unclean hands tactics and improper communications with previous arbitrators**. These actions involved harassing Plaintiff with meaningless and overly burdensome procedural demands, which Plaintiff could not afford to meet.

19. In 2019 and 2020, Plaintiff demonstrated to the previous arbitrators that Defendant violated legal procedures, laws, statutes, codes, and rules of discovery, which caused Plaintiff multiple hospitalizations due to severe emotional distress, the arbitrators nevertheless dismissed Plaintiff's case, taking the side of the Defendant without asserting sanctions for Defendant's unclean hands tactics and harassment. This suggests **prejudiced and biased arbitration proceedings** resulting from Defendant's improper influence, constituting a grave abuse of the arbitration process.

20. Following the dismissal of the previous case, and after Plaintiff learned how to deal with Defendant's fraudulent tactics, Defendant shifted its strategy and began an outright refusal to participate in *any* further arbitrations at all, thereby abandoning its own Arbitration Clause.

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

21.	In strict accordance with the Policy's Arbitration Clause, Plaintiff duly filed a Demand for Arbitration with the AAA on or about August 10, 2021, seeking to resolve the wrongfully denied claim through the contractually agreed-upon mechanism.

22.	Despite its clear and unequivocal contractual obligation, and despite being registered to provide services all over the U.S. and the original claim being based in California, Defendant, Federal Insurance Company (Part of the Chubb Group of Insurance Companies), willfully, deliberately, and in bad faith refused and continues to refuse to participate in the AAA arbitration process in California, thereby flagrantly breaching its own policy terms and demonstrating a knowing and malicious intent to evade its responsibilities.

23.	Since 2021, and continuously thereafter, Defendant has exercised persistent fraudulent and **unclean hands tactics** by providing false information to all regulatory bodies where Plaintiff has complained about Defendant's willful refusal to participate in arbitration. This includes, but is not limited to, **behind-closed-door communications with authorities and arbitrators** to misrepresent the facts and obstruct justice.

24.	For example, Plaintiff complained to the California Department of Insurance (CDI) regarding Defendant's refusal to arbitrate. The CDI, in turn, referred Plaintiff to the New York State Department of Financial Services (NYSDFS), as Defendant's policy was purportedly written there.

25.	Plaintiff then complained to the NYSDFS about Defendant's refusal to follow their own policy to dispute all claims in arbitration. The NYSDFS responded that Defendant had a right to deny Plaintiff's claim, which response was entirely unresponsive and unrelated to Plaintiff's specific complaint regarding Defendant's breach of the Arbitration Clause by refusing to participate in arbitration. This demonstrates Defendant's continuous misconduct, deception, misrepresentation, and obstruction of justice through its communications with regulatory bodies since 2019-2021.

26.	Beyond the contractual breaches, fraudulent concealment, previous arbitration manipulation, and regulatory deception, Defendant engaged in a pervasive pattern of harassing, abusive, and discriminatory conduct towards Plaintiff.

27.	Defendant, through its agents and representatives, consistently and deliberately misgendered Plaintiff, repeatedly referring to them as "he" and "Mr.," despite Plaintiff's clear non-binary gender identity and consistent use of they/them pronouns. This intentional misgendering was designed to humiliate, degrade, and invalidate Plaintiff, thereby stripping them of their human rights and dignity.

- 5 -

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

28. In an abhorrent display of **xenophobia, anti-Semitism, and racism**, and employing "unclean hands tactics," Defendant, through its agents and representatives, explicitly threatened Plaintiff with arrest, detention, and deportation if Plaintiff continued to pursue their legitimate claim. Defendant falsely stated that Plaintiff was not a U.S. citizen and could be deported based on fabricated reports and forged evidence. Defendant also continuously made overt anti-Semitic and xenophobic remarks to Plaintiff throughout their interactions, including **denying the Holocaust, using anti-Semitic rhetoric, calling Plaintiff names, stating Plaintiff was "inferior," and looking down at Plaintiff.** These actions were designed to provoke Plaintiff to "lose their mind."

29. Plaintiff is an undocumented alien of Jewish ethnicity, diligently awaiting a rescheduled immigration interview. Plaintiff is acutely vulnerable to such threats and remarks given the current and widely publicized climate of aggressive immigration enforcement, including widespread random arrests, prolonged detentions, and expedited deportations, even for individuals with pending immigration cases or green cards. Defendant's exploitation of Plaintiff's Jewish ethnicity, which has a profound historical context of persecution and forced displacement, was particularly egregious and malicious.

30. Defendant's severe and unlawful threats, coupled with the discriminatory remarks and the continuous obstruction of Plaintiff's attempts to seek justice in all available avenues during the last four years, instilled in Plaintiff profound terror, anxiety, and a debilitating fear of prolonged detention and potential false deportation. This has irrevocably jeopardized their deeply held aspiration to become a U.S. citizen and their future in this country.

31. As a direct and proximate result of Defendant's malicious, outrageous, and discriminatory misconduct and harassment, Plaintiff suffered, and continues to suffer, severe emotional distress so profound that it has led to a **permanent disability, pain, and suffering**, and has caused Plaintiff multiple hospitalizations.

32. Further exacerbating Plaintiff's severe distress, Defendant's malicious misconduct has recently escalated to include **murder threats and an attempt on Plaintiff's life**, causing Plaintiff to be in extreme fear for their physical safety and life. This extreme escalation of Defendant's malicious conduct necessitates the protective measures requested herein.

33. Due to Plaintiff's undocumented status, they are ineligible for crucial disability benefits or state insurance in California, exacerbating their already dire financial and medical hardship, all of which is a direct consequence of Defendant's actions.

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

34.     Defendant's entire course of conduct—including the fraudulent concealment of the policy, the false denial of the claim, the manipulation of previous arbitration proceedings, the outright refusal to arbitrate now, the deliberate misgendering, the overt anti-Semitic, xenophobic, and racist remarks, the xenophobic and anti-Semitic threats of arrest, detention, and deportation, the recent murder threats and attempt on life, and the continuous misrepresentation to regulatory bodies—constitutes a deliberate and malicious scheme to intimidate, coerce, and exploit Plaintiff's vulnerabilities to avoid its clear contractual and legal obligations.

35.     Defendant's actions demonstrate a fundamental lack of good faith and fair dealing, an utter disregard for Plaintiff's well-being and legal rights, and a gross abuse of power.

**V. CAUSES OF ACTION**

**COUNT I: BREACH OF CONTRACT**

36.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

37.     Plaintiff and Defendant entered into a valid, enforceable insurance contract, the Policy provided by Plaintiff's bank. Plaintiff was an insured under this Policy, for which premiums were paid by Plaintiff's bank, making Plaintiff a direct customer and/or a third-party beneficiary.

38.     Plaintiff performed all conditions, covenants, and promises required of them under the Policy.

39.     Defendant breached the Policy by:

a. Unreasonably and falsely denying Plaintiff's claim, thereby failing to pay benefits due under the Policy.

b. **Fraudulently concealing the existence and terms of Plaintiff's insurance policy**, preventing Plaintiff from fully understanding and exercising their rights.

c. Willfully refusing and continuously refusing to participate in the mandatory AAA arbitration process, as explicitly required by the Policy's Arbitration Clause, after having previously engaged in improper conduct in a prior arbitration.

40.     Although the original claim denial occurred more than four years ago, Plaintiff alleges that the applicable four-year statute of limitations for this breach of a written contract, California Code of Civil Procedure § 337, has been **tolled by Defendant's fraudulent concealment of the Policy and the underlying fraud in denying the claim**. Plaintiff properly invokes the **discovery rule**, as Plaintiff discovered Defendant's fraud less than four years ago. *See*

- 7 -

*April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 827 (applying the discovery rule to professional negligence cases involving latent defects and fraud). Furthermore, Defendant's continuous misconduct, including its ongoing refusal to arbitrate and misrepresentations to authorities since 2019-2021, constitutes a continuing breach and/or series of wrongs, which may also toll the statute of limitations.

41.     As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered and continues to suffer significant damages, including the value of the denied claim and other consequential economic losses.

**COUNT II: INSURANCE BAD FAITH (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

42.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

43.     As an insurer, Defendant owed Plaintiff a non-delegable and absolute duty of good faith and fair dealing in the handling of Plaintiff's claim and in all aspects of its contractual relationship. This duty is inherent in every insurance contract under California law and arises from the "special relationship" between insurer and insured. *See Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal.3d 566, 573; *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 818.

44.     Defendant breached its duty of good faith and fair dealing by:

a. Unreasonably, maliciously, and without proper cause denying Plaintiff's legitimate claim.

b. **Fraudulently concealing Plaintiff's insurance policy**, thereby denying Plaintiff full access to the terms of their coverage.

c. Engaging in oppressive, harassing, and deceptive tactics to avoid its contractual obligations and coerce Plaintiff into abandoning their claim, including through its lawyers' conduct in previous arbitration proceedings.

d. Willfully refusing and continuously refusing to participate in the mandatory arbitration process, thereby demonstrating a deliberate intent to obstruct and sabotage the agreed-upon dispute resolution mechanism. This refusal constitutes a breach of the covenant of good faith and fair dealing. *See e.g., Moore v. California State Auto. Assn.* (1979) 89 Cal.App.3d 1, 6.

e. Employing "unclean hands tactics," including, but not limited to, **threatening Plaintiff with arrest, detention, and deportation**, knowing Plaintiff's vulnerable immigration status,

- 8 -

and attempting to leverage this vulnerability to gain an unfair advantage in the claims process.

f. **Constantly making overt anti-Semitic, xenophobic, and racist remarks** to Plaintiff, and deliberately misgendering Plaintiff, demonstrating a malicious intent to cause distress and avoid obligations. This conduct is part of the overall bad faith claims handling.

g. Providing false and misleading information to the California Department of Insurance and the New York State Department of Financial Services, and engaging in **behind-closed-door communications with authorities**, indicating a continuous pattern of bad faith conduct and a deliberate attempt to obstruct regulatory oversight.

h. Engaging in procedural harassment during previous arbitration, which caused Plaintiff multiple hospitalizations and contributed to their permanent disability, and which demonstrated an abuse of process and disregard for Plaintiff's well-being.

i. Escalating its malicious conduct to include **murder threats and an attempt on Plaintiff's life**, demonstrating an extreme and unparalleled level of bad faith and disregard for human life and safety.

45.    Defendant's actions were willful, malicious, oppressive, and constituted fraud, and were undertaken in conscious disregard of Plaintiff's rights, warranting the imposition of **punitive damages** under California Civil Code § 3294. *See Civ. Code § 3294(a) (allowing punitive damages for "oppression, fraud, or malice" where clear and convincing evidence demonstrates the defendant's conduct was malicious, oppressive, or fraudulent).*

46.    As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has suffered and continues to suffer severe emotional distress, significant financial losses, and other non-economic damages, including permanent disability, pain, and suffering.

**COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

47.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

48.    Defendant's conduct, including but not limited to, the deliberate and repeated misgendering, the explicit and specific threats of arrest, detention, and deportation, the constant anti-Semitic, xenophobic, and racist remarks (including Holocaust denial and calling Plaintiff "inferior"), the exploitation of Plaintiff's immigration status, the fraudulent concealment of the policy, the malicious refusal to honor the arbitration agreement, the manipulation of previous

- 9 -

arbitration proceedings, the continuous deceit to regulatory bodies, and especially the **murder threats and attempt on Plaintiff's life**, was **extreme and outrageous**. This conduct exceeded all bounds of decency usually tolerated in a civilized society, and was calculated to cause, and did cause, Plaintiff severe emotional distress. *See Fletcher v. Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376, 396-397 (finding insurer's outrageous conduct); *Cervantez v. J.C. Penney Co.* (1979) 24 Cal.3d 579, 593.

49. Defendant acted with the intent to cause, or with reckless disregard of the high probability of causing, severe emotional distress to Plaintiff.

50. Defendant's outrageous actions were a direct and proximate cause of Plaintiff's severe emotional distress, which resulted in a debilitating and **permanent disability**, multiple hospitalizations, and continuous pain and suffering.

51. Plaintiff suffered severe emotional distress, manifested by, but not limited to, debilitating fear for their life and safety, panic attacks, chronic anxiety, sleeplessness, loss of appetite, an inability to concentrate, and the profound inability to function in daily life, all of which led to a permanent disability.

**COUNT IV: DISCRIMINATION (VIOLATION OF UNRUH CIVIL RIGHTS ACT)**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

53. Defendant, as a "business establishment" within the meaning of California Civil Code § 51 (the Unruh Civil Rights Act), is prohibited from discriminating against any person on the basis of sex (including gender identity and expression), ancestry, national origin, race, religion, citizenship, immigration status, or any other characteristic identified in the Act or interpreted by courts. *See Civ. Code § 51(b).*

54. Defendant engaged in systematic and unlawful discriminatory practices against Plaintiff based on their **non-binary gender identity, Jewish ethnicity, and status as an undocumented alien**.

55. Defendant's deliberate and repeated misgendering of Plaintiff ("he," "Mr.") constitutes discriminatory harassment and the creation of a hostile environment based on **gender identity and expression**, in violation of Civil Code § 51.

56. Defendant's threats of arrest, detention, and deportation, the constant overt **anti-Semitic, xenophobic, and racist remarks** (including Holocaust denial, calling Plaintiff "inferior,"

- 10 -

and looking down at Plaintiff), explicitly leveraging Plaintiff's undocumented alien status and Jewish ethnicity, constitute discrimination based on **alienage, ancestry, national origin, race, and religion** in violation of Civil Code § 51. *See, e.g., Evans v. WorkLife Institute* (2020) 47 Cal.App.5th 612 (applying Unruh to discrimination based on immigration status); *P.F. v. People ex rel. Dep't of Justice* (2017) 2 Cal.5th 1 (discussing Unruh's application to discrimination based on immigration status); *Warfield v. Peninsula Employers Council* (1989) 21 Cal.App.3d 699 (interpreting "race" broadly in discrimination contexts).

57.     These discriminatory acts, perpetrated by Defendant in the course of its business dealings, interfered with Plaintiff's contractual rights and subjected Plaintiff to an abusive and hostile environment, causing profound harm and violating Plaintiff's civil rights.

58.     As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered significant emotional distress, humiliation, and a deprivation of their civil rights, entitling them to compensatory damages and statutory damages under Civil Code § 52(a).

**COUNT V: UNLAWFUL, UNFAIR, AND FRAUDULENT BUSINESS PRACTICES (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.)**

59.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully fully set forth herein.

60.     Defendant's conduct, as described herein, constitutes unlawful, unfair, and fraudulent business acts or practices within the meaning of California Business and Professions Code § 17200 et seq. (the "UCL").

a. **Unlawful Prong (Bus. & Prof. Code § 17200):** Defendant's actions violate numerous underlying laws, including but not limited to:

i. Breach of contract.

ii. Insurance bad faith (breach of implied covenant of good faith and fair dealing).

iii. Intentional Infliction of Emotional Distress.

iv. Violation of the Unruh Civil Rights Act (Civil Code § 51 et seq.).

v. **Fraudulent concealment** of an insurance policy.

vi. **Obstruction of justice and abuse of process** through manipulating arbitration, providing false information to regulatory authorities, and engaging in behind-closed-door communications.

vii. **Assault/Battery or threats of violence** (implied by murder threats and attempt).

- 11 -
COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

b. **Unfair Prong (Bus. & Prof. Code § 17200):** Defendant's conduct is unfair because it is immoral, unethical, oppressive, and unscrupulous, causing substantial injury to Plaintiff that outweighs any legitimate justification. This includes, but is not limited to, the deliberate refusal to arbitrate, the threatening and harassing communications, the use of anti-Semitic, xenophobic, and racist rhetoric, the misgendering, the exploitation of Plaintiff's vulnerabilities, the obstruction of regulatory investigations, and the **escalation to murder threats and attempts**. *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 187 (defining "unfair" as conduct that "shocks the conscience" or is "unethical," "oppressive," or "unscrupulous").

c. **Fraudulent Prong (Bus. & Prof. Code § 17200):** Defendant's conduct is fraudulent because it is likely to deceive the public and Plaintiff. This includes, but is not limited to, the **fraudulent concealment of Plaintiff's insurance policy**, the provision of false reasons for denying the claim, and the continuous provision of false and misleading information to regulatory agencies (CDI and NYSDFS). *See Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 326 (defining "fraudulent" as that which is likely to deceive members of the public).

61. These practices are injurious to Plaintiff and pose a significant threat to the public.

62. As a direct and proximate result of Defendant's unfair business practices, Plaintiff has suffered ascertainable loss of money and property, and Plaintiff seeks restitution and injunctive relief to prevent Defendant from continuing these unlawful practices, as well as any other equitable remedies as provided by law.

## VI. REQUESTS FOR PROTECTIVE ORDERS AND PROCEDURAL ACCOMMODATIONS

63. Plaintiff, being a vulnerable non-binary undocumented alien of Jewish ethnicity who has endured extreme harassment, threats of arrest, detention, and deportation, and who has recently suffered **murder threats and an attempt on their life** by or at the instigation of Defendant, requires specific protective orders and procedural accommodations to ensure their safety and ability to pursue this action without further harm or intimidation.

64. Pursuant to California Code of Civil Procedure § 527.6 (harassment restraining orders), California Rule of Court 2.550 et seq. (sealing records), and the inherent authority of this Court to manage its proceedings and protect litigants, Plaintiff requests the following:

a. **Use of Pseudonym:** That Plaintiff be permitted to proceed under the pseudonym "J. Doe" for all public filings and proceedings in this case. This is necessary to protect Plaintiff's safety, privacy, and to prevent further targeting by Defendant or third parties given the history of threats (including murder threats), Plaintiff's vulnerable immigration status, and the risk of false reporting to authorities which could lead to arrest, detention, or deportation.

b. **Sealing of Case Records:** That all identifying information of Plaintiff, and any documents containing such information, be filed under seal. This is crucial to prevent the public and third parties from accessing Plaintiff's private information, which could be used to facilitate further harassment, violence, or false reports to immigration authorities. This overriding interest in Plaintiff's safety and life far outweighs the public's right of access.

c. **Restraining Order:** That a permanent restraining order be issued against Defendant, its attorneys, agents, employees, third parties hired, asked, or reported by Defendant, and any accomplices or allies, prohibiting them from:

i. Locating or attempting to locate Plaintiff.

ii. Approaching Plaintiff by any means whatsoever, including in person, by telephone, mail, email, or electronic communication.

iii. Harassing, threatening, or engaging in any form of communication or conduct that would cause annoyance, alarm, or emotional distress to Plaintiff.

iv. Making Plaintiff's private information available to third parties or the general public. v. Threatening to report Plaintiff to immigration authorities or any law enforcement based on false or fabricated reasons.

d. **Remote Communication with Court:** That Plaintiff be allowed to communicate with the Court and receive all notifications regarding court proceedings and documents exclusively via email and other secure remote means. This accommodation is requested due to Plaintiff's permanent disability and severe fear for their physical safety.

e. **Remote Access to Court Portal:** That Plaintiff be granted access to the Court's online portal to view all scheduled hearings and proceedings remotely. However, Plaintiff requests that third parties be specifically restricted from accessing Plaintiff's specific case proceedings or any documents containing Plaintiff's private personal data to prevent any leak of information that could jeopardize Plaintiff's safety or immigration status.

f. **No In-Person Contact with Defendant:** That a protective order be issued explicitly prohibiting Defendant, its attorneys, agents, employees, or any party acting on their behalf,

- 13 -

from having any in-person contact or meetings with Plaintiff outside of court-ordered, strictly supervised proceedings (such as a deposition, if ordered, conducted under stringent protective terms). This is absolutely essential due to Defendant's history of threatening Plaintiff with arrest and deportation based on false reasons, and the recent murder threats and attempt on Plaintiff's life. Plaintiff has a well-founded fear that any in-person meeting would be used to further harass, intimidate, or endanger Plaintiff.

## VII. DAMAGES

65.   As a direct and proximate result of Defendant's conduct as alleged herein, Plaintiff has sustained significant general and special damages, including but not limited to:

a. Economic damages, including the full value of the wrongfully denied insurance claim, and other consequential financial losses resulting from Defendant's breaches and bad faith.

b. Non-economic damages for severe emotional distress, physical pain, mental suffering, humiliation, indignity, loss of enjoyment of life, and the exacerbation of pre-existing conditions, which are substantial, continuous, and ongoing, including the suffering caused by multiple hospitalizations and the ongoing fear for life and safety.

c. Damages for **permanent disability**, pain, and suffering directly caused by Defendant's actions.

d. **Punitive damages** pursuant to California Civil Code § 3294, due to Defendant's malice, oppression, and fraud, and the egregious nature of its conduct.

e. Statutory damages for discrimination pursuant to California Civil Code § 52(a).

f. Attorney's fees and costs, to the extent recoverable by law, particularly due to Defendant's bad faith and refusal to arbitrate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, Federal Insurance Company (Part of the Chubb Group of Insurance Companies), as follows:

1.   For general damages in an amount to be proven at trial.

2.   For special and economic damages in an amount to be proven at trial.

3.   For **punitive damages** in an amount sufficient to punish Defendant and deter similar conduct in the future, pursuant to California Civil Code § 3294.

4.   For statutory damages for discrimination pursuant to California Civil Code § 52(a).

- 14 -

5.      For an order compelling Defendant to participate forthwith in the previously initiated AAA arbitration proceedings; OR, in the alternative, for a declaratory judgment that Defendant has waived its right to enforce the arbitration clause due to its bad faith refusal to arbitrate and its prior misconduct in arbitration, and that Plaintiff is entitled to proceed with this litigation in court.

6.      For injunctive relief to prevent Defendant from engaging in similar unlawful, unfair, and discriminatory business practices in the future, pursuant to Business and Professions Code § 17203.

7.      For restitution of any and all funds wrongfully retained by Defendant as a result of its unfair business practices, pursuant to Business and Professions Code § 17203.

8.      **For an order allowing Plaintiff to proceed under the pseudonym "J. Doe" and keeping the case records sealed**, pursuant to California Rule of Court 2.550 et seq., and the Court's inherent authority.

9.      **For an order allowing Plaintiff to communicate with the Court and receive notifications remotely** (e.g., via email), and access the court portal online with restricted third-party access to Plaintiff's specific case information.

10.     **For a protective order prohibiting Defendant, its attorneys, agents, employees, or anyone acting on its behalf, from any in-person contact or meetings with Plaintif**.

11.     **For a permanent restraining order** against Defendant, its attorneys, agents, employees, third parties hired, asked, or reported by Defendant, and any accomplices or allies, prohibiting them from attempting to locate or approach Plaintiff by any means, and from any harassment or threatening conduct.

12.     For pre-judgment and post-judgment interest at the maximum legal rate.

13.     For costs of suit incurred herein.

14.     For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 30, 2025

*J. DOE, Pro Se Plaintiff*

*General Delivery*

*Woodland, CA 95695-9999*

*alsunstateline@gmail.com*

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| J. Doe (A Pseudonym, Pursuant to Request for Protective Order), Pro Se Plaintiff<br>General Delivery, Woodland, CA 95695-9999<br><br>TELEPHONE NO.:                          FAX NO. :<br>EMAIL ADDRESS:<br>ATTORNEY FOR (Name): | ELECTRONICALLY FILED<br>by Superior Court of CA,<br>County of Yolo,<br>on 7/31/2025 6:19 PM<br>By Pueblo Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  YOLO
 STREET ADDRESS: 1000 Main St
 MAILING ADDRESS:
 CITY AND ZIP CODE: Woodland, CA 95695
 BRANCH NAME:

CASE NAME:
 J. Doe vs Federal Insurance Company (Part of the Chubb Group of Insurance Companies)

| CIVIL CASE COVER SHEET<br>[x] Unlimited  [ ] Limited<br>(Amount demanded exceeds $35,000)  (Amount demanded is $35,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:  CV2025-2193<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2.  This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties
 b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [ ] Substantial amount of documentary evidence
 d. [ ] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision

3.  Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action (specify): Five
5.  This case [ ] is  [x] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: July 30, 2025

J. Doe
_____
(TYPE OR PRINT NAME)

▶ _____ *J. Doe* _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

J. Doe, Plaintiff Pro Se
General Delivery
Woodland, CA 95695-9999

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 8/2025 8:5 AM
By A. Sagar Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF YOLO

J. DOE,

    Plaintiff,

  vs.

FEDERAL INSURANCE COMPANY
(PART OF THE CHUBB GROUP OF
INSURANCE COMPANIES),
and DOES 1-50

    Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.:  CV2025-2193**

**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES;
DECLARATION OF DOE PLAINTIFF**

**Hearing Date:**  9/1 8/2025

**Place:**  1 1

**Time:**  9:00AM

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on Date above at time above or as soon thereafter as the matter may be heard, in Department above of the above-entitled Court, "Doe," will and does hereby move this Court for a Protective Order pursuant to California Code of Civil Procedure §§ 128(a), 527.6, 2017.020, 2025.420, and California Rules of Court, Rules 2.550 and 2.551.

Plaintiff specifically requests the following orders:

1. An order granting Plaintiff leave to proceed in this action under the pseudonym **"Doe"** and to redact all personally identifying information from all filings, past and future.

2. An order to **seal the records** in this case to protect Plaintiff from further harassment, intimidation, and malicious persecution.

3. An order permitting Plaintiff to appear at all court proceedings, including hearings and depositions, **by telephonic or other audio-only means, without the use of video**.

4. An order requiring all communications, notices, and service of documents between the parties to be conducted **exclusively by electronic means (email)**, with no requirement for physical service or personal appearance.

- 1 -

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DOE PLAINTIFF

5.      A permanent **restraining order** prohibiting Defendant, and any of their agents, investigators, or accomplices, from contacting, harassing, threatening, or coming within 500 yards of Plaintiff.

6.      An order specifically prohibiting Defendant and their agents from attempting to discover Plaintiff's physical location or personal information, and from using any such information to report Plaintiff to any governmental agency (including immigration authorities), criminal entities, or any other third party for the purpose of malicious harassment or persecution.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Doe Plaintiff, the pleadings and records on file in this action, and upon such other evidence and argument as may be presented to the Court at the time of the hearing.

Dated: August 12, 2025



Doe Plaintiff, Pro Se

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff ("Doe") is a non-binary, disabled, Jewish alien with very limited English proficiency. Plaintiff has been the victim of a relentless campaign of harassment, discrimination, and intentional infliction of emotional distress by the Defendant. This campaign has included vile anti-Semitic statements, Holocaust denial, threats of violence, and the exploitation of Plaintiff's significant vulnerabilities. Defendant has a history of maliciously reporting Plaintiff to authorities to cause further harm. Due to the extreme and credible threat of severe emotional distress, re-traumatization, and physical danger—including potential immigration consequences—Plaintiff respectfully requests this Court issue a comprehensive protective order. This order is necessary not only to protect Plaintiff but also to ensure the integrity of the judicial process by allowing a vulnerable party to seek justice without fear of retaliation.

**II. LEGAL ARGUMENT**

**A. The Court Should Permit Plaintiff to Proceed Under a Pseudonym.**

A court may permit a party to use a pseudonym where necessary "to protect a person from harassment, injury, ridicule, or personal embarrassment." Cal. Rules of Court, Rule 2.550(d). The

- 2 -

court must balance the public's right to open proceedings against the plaintiff's interest in privacy and safety. See *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

Here, the balance overwhelmingly favors anonymity. Plaintiff is a member of multiple protected and vulnerable groups. Defendant's conduct has been explicitly targeted at Plaintiff's Jewish identity (anti-Semitism, Holocaust denial) and has included threats. Forcing Plaintiff to reveal their identity would expose them to a high risk of retaliatory harm from Defendant and potentially others, and would subject them to intense public stigma and fear, particularly given their precarious immigration status. The fear of having their name and location reported to immigration authorities is a potent tool of intimidation that proceeding under a pseudonym would help mitigate.

**B. Good Cause Exists to Seal the Records in this Matter.**

Under California Rules of Court, Rule 2.550, a court may order a record sealed if it finds an "overriding interest that overcomes the right of public access to the record," that the interest "supports sealing," and that a "substantial probability exists that the overriding interest will be prejudiced if the record is not sealed."

Here, the overriding interest is the protection of Plaintiff's physical safety, mental health, and right to be free from malicious persecution based on their disability, religion, and immigration status. The record contains highly sensitive details about Plaintiff's past trauma, including enslavement and forced labor, as well as their current vulnerabilities. Public access to this information would create a substantial probability of prejudice, as Defendant has already demonstrated a willingness to use personal information to maliciously report Plaintiff to authorities. Sealing the record is the only way to prevent this weaponization of the judicial process.

**C. The Court May Fashion a Protective Order to Prevent Undue Burden and Harassment During Discovery and Court Proceedings.**

A court has inherent power to control the proceedings before it. Cal. Code Civ. Proc. § 128(a). More specifically, upon a showing of "good cause," a court may make any order that justice requires to protect a party from "unwarranted annoyance, embarrassment, or oppression, or from undue burden and expense." Cal. Code Civ. Proc. §§ 2017.020, 2025.420(b).

1.    **Appearance Without Video:** Plaintiff is a disabled individual who has suffered immense trauma. Forcing Plaintiff to appear on video during depositions or hearings would be intensely re-traumatizing, causing severe emotional distress that would impede their ability to participate meaningfully in the proceedings. This is a reasonable accommodation for Plaintiff's disability and a necessary measure to prevent "unwarranted annoyance...or oppression."

2.    **Electronic Communication Only:** Requiring all service and communication to be conducted via email serves two purposes. First, it protects Plaintiff's physical location from being discovered by Defendant or their agents through the use of process servers. Second, it reduces the burden on a disabled person with limited English to manage physical mail and travel. This is a just and reasonable modification under the circumstances.

**D. The Court Should Issue a Comprehensive Restraining Order.**

California Code of Civil Procedure § 527.6 provides for the issuance of a restraining order to prevent harassment. Harassment is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."

Defendant's conduct—including threats, anti-Semitic slurs, and past malicious reporting—constitutes a clear and willful course of conduct that has seriously alarmed and harassed Plaintiff. A restraining order is necessary to prevent future harm. This order must explicitly prohibit Defendant and their agents from searching for Plaintiff's location or personal information. Given Defendant's past behavior, there is a credible threat they will use investigators to find Plaintiff or use discovered information to report Plaintiff to immigration or other authorities. Such an act would serve no legitimate purpose and would be the ultimate form of harassment and intimidation.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for a Protective Order in its entirety.

Dated: August 12, 2025



Doe Plaintiff, Pro Se

**DECLARATION OF DOE PLAINTIFF**

I, Doe, declare as follows:

1.    I am the Plaintiff in this action. I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would competently testify thereto.

2.    I submit this declaration in support of my Motion for a Protective Order.

3.    I am a non-binary, disabled, Jewish alien. I am not a US-born citizen and my English proficiency is very limited. I am deeply terrified of all authorities.

- 4 -

4.      For two decades in the United States, I was subjected to conditions of enslavement, where I was forced to perform labor for only food and shelter, was constantly humiliated, and was denied basic human rights. This experience has left me with severe and lasting psychological trauma and a profound fear for my safety and well-being.

5.      Defendant was aware of my history and my vulnerable mental and emotional state. Instead of showing compassion, Defendant systematically harassed, bullied, and discriminated against me.

6.      Defendant took advantage of my hospitality and trust, and then began a campaign of abuse. Defendant has made numerous anti-Semitic statements to me, including denying the Holocaust, which is deeply painful and frightening to me as a Jewish person.

7.      Defendant has made threats against me which have caused me to fear for my physical safety. Defendant has also intentionally and repeatedly mocked and denied the reality of my past enslavement, which has caused me extreme emotional distress.

8.      On at least one prior occasion, Defendant maliciously reported me to authorities for the sole purpose of causing me harm and distress. I live in constant fear that Defendant will do this again, specifically by reporting me to immigration authorities or by giving my information to criminals.

9.      Because of Defendant's actions, I suffer from severe anxiety, depression, and post-traumatic stress. The thought of appearing on video in any court proceeding where Defendant can see me is unbearable and would cause a severe psychological reaction. It would make it impossible for me to focus and participate in my own case.

10.      If my name and personal information are made public, I am certain that Defendant will use it to find my location and continue the harassment, or will report me to immigration authorities to have me deported. I believe this is Defendant's goal.

11.      For these reasons, I respectfully request that the Court grant my requests to proceed as "Doe," seal the case file, allow me to appear without video, mandate all communication be by email, and issue a permanent restraining order prohibiting Defendant and their agents from trying to find me or report me to any authorities.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 12, 2025 at Woodland, California.

_Doe_

Doe Plaintiff, Pro Se

- 5 -

J. Doe, Plaintiff Pro Se
General Delivery
Woodland, CA 95695-9999

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF YOLO**

| | |
|---|---|
| J. DOE, ) | Case No.: CV2025-2193 |
| ) | |
| Plaintiff,) | **[PROPOSED] ORDER** |
| ) | |
| vs. ) | **GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| ) | |
| FEDERAL INSURANCE COMPANY ) | |
| ) | |
| (PART OF THE CHUBB GROUP OF ) | **DATE:**    9 /18/20 25 |
| ) | |
| INSURANCE COMPANIES), ) | **TIME:**    9 :0 0 A M |
| ) | |
| and DOES 1-50, ) | **DEPT:**    11 |
| ) | |
| Defendant(s).) | |
| ) | |

The motion of Plaintiff for a Protective Order came on for hearing on date above in Department above of this Court.

The Court, having considered the motion, the memorandum of points and authorities, the declaration of Doe Plaintiff, the pleadings on file, and the arguments presented, and finding good cause appearing,

IT IS HEREBY ORDERED THAT:

1.    Plaintiff's motion is GRANTED.

2.    Plaintiff is granted leave to proceed in this action under the pseudonym "Doe". All current and future filings shall refer to Plaintiff as such.

3.    The Clerk of the Court is directed to SEAL THE RECORD in this case in its entirety. Access to the record shall be available only to the parties, their counsel of record, and court personnel.

4.    Plaintiff is permitted to appear at all court proceedings, including but not limited to hearings, conferences, and depositions, by telephonic or other audio-only means, without the use of video.

- 1 -

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

5.    All communications, notices, and service of documents between the parties shall be conducted exclusively by electronic mail (email). No party shall be required to accept or effectuate physical service.

6.    Defendant(s) and their attorneys, agents, employees, investigators, and any person acting in concert or at their direction, are hereby PERMANENTLY RESTRAINED AND ENJOINED from doing any of the following to Doe Plaintiff:

a. Harassing, intimidating, molesting, attacking, striking, threatening, assaulting (sexually or otherwise), hitting, abusing, or destroying the personal property of Plaintiff.

b. Contacting Plaintiff, either directly or indirectly, in any way, including but not limited to, by telephone, mail, or e-mail (except as permitted for service of legal documents under paragraph 5).

c. Coming within 500 yards of Plaintiff's residence, vehicle, or person.

d. Attempting to learn or discover the location of Plaintiff's residence or whereabouts.

7.    Defendant, and their agents as described in paragraph 6, are further specifically prohibited from using or attempting to use any personal information of Plaintiff, or hiring or directing any third party to do so, for the purpose of reporting Plaintiff to any governmental agency (including U.S. Immigration and Customs Enforcement, Customs and Border Protection, or any other government authority), or any criminal or private entity for any malicious purpose.

8.    This Order shall take effect immediately and shall remain in full force and effect until further order of this Court.

IT IS SO ORDERED.

DATED:

_____
Judge of the Superior Court

- 2 -

DOE, J. / CASE# CV2025-2193
YOLO SUPERIOR COURT
1000 MAIN ST
WOODLAND, CA 95695

FILED
YOLO SUPERIOR COURT

AUG 2 5 2025

BY _M. Narvaez_
DEPUTY

M. NARVAEZ

SUPERIOR COURT                          57420
1000 MAIN STREET                    Branch: 12
WOODLAND, CA 95695
                          Case Number/CV2025-2193
Plaintiff: DOE, J.                              PROOF OF SERVICE
Defendant: FEDERAL INSURANCE COMPANY

1. At the time of service, I was at least 18 years of age and not a party
   to this action, and SERVED COPIES OF THE:
   SUMMONS & COMPLAINT

2. A. Party Served:
         FEDERAL INSURANCE COMPANY


   B. BY DELIVERING TO:
         JESSIE G/CA AUTHORIZED EMPLOYEE CT CORP SYSTEM/AGENT FOR SERVICE


   C. Address:
         330 N BRAND BLVD STE 700
         GLENDALE, CA 91203

   D. By delivery: at business

3. I served the party named in item 2
   A. By personally delivering the copies:
                        (1) On: 08/20/25     (2) At: 08:00 AM

4. The 'Notice to the Person Served' was completed as follows:
   C. On behalf of:       FEDERAL INSURANCE COMPANY AND/OR CHUBB INSURANCE
                          COMPANY

      Under: CCP 416.10 (CORPORATION)

**Unpaid Sheriff's costs per fee waiver GC68511.3 Court Rule 985: 50.00**


   Deputy ID: E219603
   Deputy KEISHIA S. LIMBRICK
   SHERIFF'S OFFICE
   110 N. GRAND AVE RM 525
   LOS ANGELES, CA 90012
   (213)-972-3930

   I am a California Sheriff. I certify that the foregoing is true & correct.

                                          Robert G. Luna, Sheriff
Date: 08/21/25
 Br.: 12 12                   By: _____
'JUD. COUN. FORM, RULE 982(A)(23).'           K. LIMBRICK, Deputy


**33**

DOE, J. / CASE# CV2025-2193
YOLO SUPERIOR COURT
1000 MAIN ST
WOODLAND, CA 95695

SUPERIOR COURT                          57420
1000 MAIN STREET                    Branch: 12
WOODLAND, CA 95695
                        Case Number/CV2025-2193
Plaintiff: DOE, J.                          PROOF OF SERVICE
Defendant: FEDERAL INSURANCE COMPANY

    Declaration of Due Diligence: The following attempts were made:
        Date       Time              Address
1       08/20/25  08:00 AM  330 N BRAND BLVD STE 700
                            GLENDALE, CA 91203
COMM:


    Deputy ID: E219603
    Deputy KEISHIA S. LIMBRICK
    SHERIFF'S OFFICE
    110 N. GRAND AVE RM 525
    LOS ANGELES, CA 90012
    (213)-972-3930

    I am a California Sheriff. I certify that the foregoing is true & correct.

                                            Robert G. Luna, Sheriff
Date: 08/21/25
 Br.: 12 12                      By: _____
'JUD. COUN. FORM; RULE 982(A)(23):'              K. LIMBRICK, Deputy

DOE, J. / CASE# CV2025-2193
YOLO SUPERIOR COURT
1000 MAIN ST
WOODLAND, CA 95695


SUPERIOR COURT                           57420
1000 MAIN STREET                         Branch: 12
WOODLAND, CA 95695
                    Case Number/CV2025-2193
Plaintiff: DOE, J.                              PROOF OF SERVICE
Defendant: FEDERAL INSURANCE COMPANY


Documents:
  SUMMONS
  COMPLAINT
  CIVIL CASE COVER SHEET
  NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM
    OF POINTS AND AUTHORITIES; DECLARATION OF DOE PLAINTIFF
  PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE
    ORDER

RECEIVED
YOLO SUPERIOR COURT

AUG 2 5 2025

BY_____
            DEPUTY

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: J. Doe, Plaintiff Pro Se<br>FIRM NAME:<br>STREET ADDRESS: General Delivery<br>CITY: Woodland          STATE: CA    ZIP CODE: 95695-9999<br>TELEPHONE NO.:          FAX NO. :<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | ELECTRONICALLY FILED<br>by Superior Court of CA,<br>County of Yolo,<br>on 8/28/2025 8:0 PM<br>By C Palos, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO
 STREET ADDRESS:  1000 Main Street
 MAILING ADDRESS:
CITY AND ZIP CODE:     Woodland, CA 95695
 BRANCH NAME:

PLAINTIFF/PETITIONER: J. Doe

DEFENDANT/RESPONDENT: Federal Insurance Company (Part of the Chubb Group)

| | CASE NUMBER:<br>CV2025-2193 |
|---|---|
| **PROOF OF ELECTRONIC SERVICE** | JUDICIAL OFFICER: |
| | DEPARTMENT: |

1. I am at least 18 years old.

   a. My residence or business address is (specify):
      950 Emerald Bay Rd
      South Lake Tahoe, CA 96150

   b. My electronic service address is (specify):
      alekemerald@gmail.com

2. I electronically served the following documents (exact titles):
   Motion for Protective Order, Proposed Protective Order, Summons, Complaint, Civic Case Cover Sheet, Subpoenas

   ☐ The documents served are listed in an attachment. (Form POS-050(D)/EFS-050(D) may be used for this purpose.)

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served: Mallory Y. Schorr

      On behalf of (name or names of parties represented, if person served is an attorney):
      Federal Insurance Company (Part of the Chubb Group of Insurance Companies)

   b. Electronic service address of person served :
      MSchorr@londonfischer.com

   c. On (date): August 28, 2025

   ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      (Form POS-050(P)/EFS-050(P) may be used for this purpose.)

Date: 08/28/2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Alex Emer
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Alex Emer*
_____
(SIGNATURE OF DECLARANT)

**Page 1 of 1**

Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

8/28/25, 7:38 PM                    Gmail - J. Doe v. Federal Insurance Company, et al. (Yolo Case No. CV2025-2193)

Case 2:25-cv-02553-DAD-CSK    Document 1    Filed 09/05/25    Page 38 of 53

 Gmail

Alex <alekemerald@gmail.com>

## J. Doe v. Federal Insurance Company, et al. (Yolo Case No. CV2025-2193)
1 message

**Alex** <alekemerald@gmail.com>                                      Thu, Aug 28, 2025 at 7:38 PM
To: MSchorr@londonfischer.com

# Case Information

### CV2025-2193 | J. Doe vs FEDERAL INSURANCE COMPANY (PART OF THE CHUBB GROUP OF INSURANCE COMPANIES)

Case Number
CV2025-2193

File Date
07/31/2025

Court
Superior Court of Yolo - Civil

Case Type
06: Unlimited Breach of
Contract/Warranty

Judicial Officer
Fall, Timothy L.

Case Status
Opened

08/25/2025 Proof of Service

Comment
PERSONALLY SERVED FEDERA
SUMMONS,COMPLAINT,CCCS,N
DILIGENCE

**11 attachments**

📄 **proposed order for protective.pdf**
210K

📄 **civil case cover sheet.pdf**
515K

📄 **complaint 73025.pdf**
349K

📄 **subpoena for agent discover.pdf**
465K

📄 **motion for protective order.pdf**
625K

📄 **subpoena for agent propel.pdf**
516K

📄 **subpoena for chubb discover.pdf**
465K

📄 **subpoena for chubb propel.pdf**
520K

📄 **subpoena for federal discover.pdf**
512K

📄 **subpoena for federal propel.pdf**
560K

📄 **summons.pdf**
458K

39

# EXHIBIT B

**BUSINESS INFORMATION**
DIEGO MORALES
INDIANA SECRETARY OF STATE
08/26/2025 05:41 PM

## Business Details

| | |
|---|---|
| Business Name: **FEDERAL INSURANCE COMPANY** | Business ID: **1990030429** |
| Entity Type: **Domestic Insurance Corporation** | Business Status: **Active** |
| Creation Date: **03/07/1990** | Inactive Date: |
| Principal Office Address: **251 North Illinois Suite 1100, INDPLS, IN, 46204, USA** | Expiration Date: **Perpetual** |
| Jurisdiction of Formation: **Indiana** | Business Entity Report Due Date: |
| | Years Due: |

## Governing Person Information

| Title | Name | Address |
|---|---|---|
| President | Dean Raymond O' Hare | 15 Mountain View Road, WARREN, NJ, 07061, USA |
| Secretary | Henry G. Gulick | 15 Mountain View Road, WARREN, NJ, 07061, USA |

## Registered Agent Information

Type: **Business Commercial Registered Agent**

Name: **C T CORPORATION SYSTEM**

Address: **334 North Senate Avenue, Indianapolis, IN, 46204, USA**

41

# EXHIBIT C

AMERICAN
ARBITRATION
ASSOCIATION®
INTERNATIONAL CENTRE
FOR DISPUTE RESOLUTION®

**COMMERCIAL ARBITRATION RULES
DEMAND FOR ARBITRATION**

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

Name of Respondent:  Chubb Underwriting Office: Federal Insurance Company

Address:  202 Hall's Mill Road, PO Box 1600

| City:  Whitehouse Station | State:  New Jersey | Zip Code:  08889-1600 |
|---|---|---|
| Phone No.:  800-252-4670 | Fax No.: | |

Email Address:  bdiver@chubb.com

Name of Representative (if known):  Daphne B. Hall, Esq

Name of Firm (if applicable):  Clinton & Clinton

Representative's Address:  100 Oceangate Boulevard, Suite 1400

| City: | State:  California | Zip Code:  90802 |
|---|---|---|
| Phone No.:  562-216-5043 | Fax No.:  562-216-5001 | |

Email Address:  dbh@ClintonLaw.com

The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

Brief Description of the Dispute:

 Breach of contract with false reasons, and willful refuse to respond to appeal, which resulted pain and suffering.

Dollar Amount of Claim: $  101,000

Other Relief Sought: ☑ Attorneys Fees  ☑ Interest  ☑ Arbitration Costs  ☑ Punitive/Exemplary
☑ Other:  pain and suffering

Amount enclosed: $  0

In accordance with Fee Schedule: ☐ Flexible Fee Schedule ☑ Standard Fee Schedule

Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:

 They should not have any negative reviews, and upon showing bias, incompetence, misconduct, prejudice, and judicial disability should get immediately replaced.

Hearing locale:  South Lake Tahoe, CA

*(check one)* ☑ Requested by Claimant ☐ Locale provision included in the contract

| Estimated time needed for hearings overall:  24 | hours  or  7 | days |
|---|---|---|

*Please visit our website at www.adr.org/support to file this case online.*
*AAA Customer Service can be reached at 800-778-7879.*

**42**

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

| | |
|---|---|
| Type of Business:<br>Claimant: ▮▮▮▮▮▮▮ | Respondent: Chubb Underwriting Office: Federal Insurance Company |

| |
|---|
| Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other?<br> No |

| | |
|---|---|
| Signature (may be signed by a representative):<br>▮▮▮▮▮▮ | Date:<br>08/10/2021 |

| |
|---|
| Name of Claimant: ▮▮▮▮▮▮ |

| |
|---|
| Address (to be used in connection with this case): General Delivery |

| | | |
|---|---|---|
| City: ▮▮▮▮▮▮ | State: ▮▮▮▮ | Zip Code: ▮▮▮▮ |

| | |
|---|---|
| Phone No.: ▮▮▮▮▮ | Fax No.: |

| |
|---|
| Email Address: ▮▮▮▮▮▮▮▮ |

| |
|---|
| Name of Representative: |

| |
|---|
| Name of Firm (if applicable): |

| |
|---|
| Representative's Address: |

| | | |
|---|---|---|
| City: | State: Select... | Zip Code: |

| | |
|---|---|
| Phone No.: | Fax No.: |

| |
|---|
| Email Address: |

| |
|---|
| To begin proceedings, **please file online at www.adr.org/fileonline**. You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee. |

*Please visit our website at www.adr.org/support to file this case online.*
*AAA Customer Service can be reached at 800-778-7879.*

**AMERICAN ARBITRATION ASSOCIATION®** | **INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®**    **COMMERCIAL ARBITRATION RULES DEMAND FOR ARBITRATION**

| |
|---|
| You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement. |

| |
|---|
| Name of Respondent:  Federal Insurance Company, a member insurer of the Chubb Group of Insurance Companies |

| |
|---|
| Address:  P.O. Box 1615 |

| | | |
|---|---|---|
| City:  Whitehouse Station | State:  New Jersey | Zip Code:  08889 |

| | |
|---|---|
| Phone No.:  908-903-5442 | Fax No.: |

| |
|---|
| Email Address:  tlathan@chubb.com |

| |
|---|
| Name of Representative (if known): |

| |
|---|
| Name of Firm (if applicable): |

| |
|---|
| Representative's Address: |

| | | |
|---|---|---|
| City: | State:  Select... | Zip Code: |

| | |
|---|---|
| Phone No.: | Fax No.: |

| |
|---|
| Email Address: |

| |
|---|
| The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration. |

| |
|---|
| Brief Description of the Dispute:<br><br> Breach of contract with false reasons, and willful refuse to respond to appeal, which resulted pain and suffering. |

| |
|---|
| Dollar Amount of Claim: $  101,000 |

| |
|---|
| Other Relief Sought:  ☑ Attorneys Fees   ☑ Interest   ☑ Arbitration Costs   ☑ Punitive/Exemplary<br>☑ Other:  pain and suffering |

| |
|---|
| Amount enclosed: $  0<br><br>In accordance with Fee Schedule:  ☐ Flexible Fee Schedule  ☑ Standard Fee Schedule |

| |
|---|
| Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:<br><br> They should not have any negative reviews, and upon showing bias, incompetence, misconduct, prejudice, and judicial disability should get immediately replaced. |

| |
|---|
| Hearing locale:  South Lake Tahoe, CA<br><br>*(check one)* ☑ Requested by Claimant  ☐ Locale provision included in the contract |

| |
|---|
| Estimated time needed for hearings overall:  24         hours  or  7         days |

*Please visit our website at www.adr.org/support to file this case online.*
*AAA Customer Service can be reached at 800-778-7879.*

**44**



**COMMERCIAL ARBITRATION RULES
DEMAND FOR ARBITRATION**

45

| Type of Business: | | |
|---|---|---|
| Claimant: ███████ | Respondent:  Chubb Underwriting Office: Federal Insurance Company | |
| Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other?  No | | |
| Signature (may be signed by a representative):  ███████ | Date:  08/29/2021 | |
| Name of Claimant: ███████ | | |
| Address (to be used in connection with this case):  General Delivery | | |
| City: ███████ | State: ███████ | Zip Code: ███████ |
| Phone No.: ███████ | Fax No.: | |
| Email Address: ███████ | | |
| Name of Representative: | | |
| Name of Firm (if applicable): | | |
| Representative's Address: | | |
| City: | State: Select... | Zip Code: |
| Phone No.: | Fax No.: | |
| Email Address: | | |
| To begin proceedings, **please file online at www.adr.org/fileonline**. You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee. | | |

*Please visit our website at www.adr.org/support to file this case online.*
*AAA Customer Service can be reached at 800-778-7879.*

**45**

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

# COMMERCIAL ARBITRATION RULES
## DEMAND FOR ARBITRATION

| |
|---|
| You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement. |

| | | |
|---|---|---|
| Name of Respondent: Chubb Underwriting Office: Federal Insurance Company | | |
| Address: 202 Hall's Mill Road, PO Box 1600 | | |
| City: Whitehouse Station | State: New Jersey | Zip Code: 08889-1600 |
| Phone No.: 800-252-4670 | Fax No.: | |
| Email Address: bdiver@chubb.com | | |
| Name of Representative (if known): Daphne B. Hall, Esq | | |
| Name of Firm (if applicable): CLINTON & CLINTON | | |
| Representative's Address: 100 Oceangate Boulevard, Suite 1400 | | |
| City: | State: California | Zip Code: 90802 |
| Phone No.: (562) 216-5043 | Fax No.: (562) 216-5001 | |
| Email Address: dbh@ClintonLaw.com | | |

| |
|---|
| The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration. |
| Brief Description of the Dispute: <br><br> Breach of contract with the following consequences, such as medical bills, pain and suffering. |
| Dollar Amount of Claim: $ 123,456.78 |
| Other Relief Sought: ☑ Attorneys Fees  ☑ Interest  ☑ Arbitration Costs  ☑ Punitive/Exemplary <br> ☑ Other: medical bills, pain and suffering |
| Amount enclosed: $ 0 <br><br> In accordance with Fee Schedule: ☐ Flexible Fee Schedule  ☑ Standard Fee Schedule |
| Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute: <br><br> Should not ever be familiar with representatives of Clinton&Clinton, should not have any negative reviews online, if during hearing shows bias, incompetence, misconduct, prejudice and/or judicial disability should get immediately replaced. |
| Hearing locale: South Lake Tahoe, CA <br><br> *(check one)* ☑ Requested by Claimant  ☐ Locale provision included in the contract |
| Estimated time needed for hearings overall: 24　　　hours  or  7　　　days |

*Please visit our website at www.adr.org/support to file this case online.*
*AAA Customer Service can be reached at 800-778-7879.*



**AMERICAN ARBITRATION ASSOCIATION®**  INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

| | |
|---|---|
| Type of Business: | |
| Claimant: ▮▮▮▮▮▮▮▮ | Respondent: Chubb Underwriting Office: Federal Insurance Company |

| |
|---|
| Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other? No |

| | |
|---|---|
| Si▮▮▮▮▮▮▮▮▮▮▮y a representative): ▮▮▮▮▮▮▮▮ | Date: 05/14/2020 |

| |
|---|
| Name of Claimant: ▮▮▮▮▮▮ |

| |
|---|
| Address (to be used in connection with this case): 950 Emerald Bay Rd #10473 |

| | | |
|---|---|---|
| City: ▮▮▮▮▮▮ | State: ▮▮▮▮ | Zip Code: ▮▮ |

| | |
|---|---|
| Phone No.: ▮▮▮▮▮ | Fax No.: |

| |
|---|
| Email Address: ▮▮▮▮▮▮▮▮ |

| |
|---|
| Name of Representative: |

| |
|---|
| Name of Firm (if applicable): |

| |
|---|
| Representative's Address: |

| | | |
|---|---|---|
| City: | State: Select... | Zip Code: |

| | |
|---|---|
| Phone No.: | Fax No.: |

| |
|---|
| Email Address: |

| |
|---|
| To begin proceedings, **please file online at www.adr.org/fileonline**. You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee. |

*Please visit our website at www.adr.org/support to file this case online.*
*AAA Customer Service can be reached at 800-778-7879.*

AMERICAN ARBITRATION ASSOCIATION

**DEMAND FOR ARBITRATION**
**CONSUMER ARBITRATION RULES**

Complete this form to start arbitration under an arbitration agreement in a contract.

| |
|---|
| 1. Which party is sending in the filing documents? *(check one)* ☑ Consumer ☐ Business |
| 2. Briefly explain the dispute: <br><br> Breach of contract with false reasons, and willful refuse to respond to appeal, which resulted pain and suffering. <br><br><br> |
| 3. Specify the amount of money in dispute, if any: $ 101,000 |
| 4. State any other relief you are seeking: <br><br> ☑ Attorney Fees ☑ Interest ☑ Arbitration Costs ☑ Other; explain: pain and suffering |
| 5. Identify the requested city and state for the hearing if an in-person hearing is held: <br><br> City:  South Lake Tahoe                      State:  California |
| 6. Please provide contact information for both the Consumer and the Business. Attach additional sheets or forms as needed. |

**Consumer:**

| | | |
|---|---|---|
| Name: ███████ | | |
| Address:  General Delivery | | |
| City: ████████ | State: ██████ | Zip Code: ███████ |
| Telephone: ██████ | Fax: | |
| Email Address: ███████████████ | | |

**Consumer's Representative (if known):**

| | | |
|---|---|---|
| Name: | | |
| Firm: | | |
| Address: | | |
| City: | State:  Select... | Zip Code: |
| Telephone: | Fax: | |
| Email Address: | | |

**Business:**

| | | |
|---|---|---|
| Name:  Chubb Underwriting Office: Federal Insurance Company | | |
| Address:  202 Hall's Mill Road, PO Box 1600 | | |
| City:  Whitehouse Station | State:  New Jersey | Zip Code:  08889-1600 |
| Telephone:  800-252-4670 | Fax: | |
| Email Address:  bdiver@chubb.com | | |

**AMERICAN ARBITRATION ASSOCIATION**

**DEMAND FOR ARBITRATION
CONSUMER ARBITRATION RULES**

| | | |
|---|---|---|
| **Business' Representative (if known):** | | |
| Name:  Daphne B. Hall, Esq | | |
| Firm:  Clinton & Clinton | | |
| Address:  100 Oceangate Boulevard, Suite 1400 | | |
| City:  Long Beach | State:  California | Zip Code:  90802 |
| Telephone:  562-216-5043 | Fax:  562-216-5001 | |
| Email Address:  dbh@ClintonLaw.com | | |
| Date:  08/10/2021 | | |

**7. Send a copy of this completed form to the AAA together with:**

- A clear, legible copy of the contract containing the parties' agreement to arbitrate disputes;
- The proper filing fee (filing fee information can be found in the Costs of Arbitration section of the Consumer Arbitration Rules); and
- A copy of the court order, if arbitration is court-ordered.

**8. Send a copy of the completed form and any attachments to all parties and retain a copy of the form for your records.**

To file by mail, send the initial filing documents and the filing fee to: AAA Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043.

To file online, visit **www.adr.org** and click on **File or Access Your Case** and follow directions. To avoid the creation of duplicate filings, the AAA requests that the filing documents and payment be submitted together. When filing electronically, no hard copies are required.

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.

50

# EXHIBIT D

JAMES E. GIBBONS (SBN 130631)
jgibbons@londonfischer.com
MALLORY Y. SCHORR (SBN 317693)
mschorr@londonfischer.com
LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
T: (949) 252-0550 | F: (949) 252-0553

Attorneys for Defendant FEDERAL INSURANCE COMPANY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF YOLO**

| | |
|---|---|
| J. DOE, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>        Defendants. | **CASE NO. CV2025-2193**<br>Assigned for All Purposes To:<br>Hon. Timothy L. Fall<br>Dept. 11<br><br>**DEFENDANT FEDERAL INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Complaint Filed:    July 31, 2025<br>Trial Date:       None Set |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 5, 2025, Defendant Federal Insurance Company filed a Notice of Removal of this action in the United States District Court, for the Eastern District of California.

A copy of the Notice of Removal (without its exhibits) is attached as Exhibit 1.

Dated: September 5, 2025        LONDON FISCHER LLP

By:  _____
     James E. Gibbons
     Mallory Y. Schorr
     *Attorneys for Defendant*
     FEDERAL INSURANCE COMPANY

1

DEFENDANT FEDERAL INSURANCE COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

364732

51

**PROOF OF SERVICE**
*J. Doe v. Federal Insurance Company, et al.*
Yolo County Superior Court
Case No.: CV2025-2193

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

On **September 5, 2025**, the document(s) entitled:

**DEFENDANT FEDERAL INSURANCE COMPANY'S
NOTICE OF REMOVAL TO FEDERAL COURT**

was/were served on the interested parties in this action by placing: [  ] the original [X] a true copy thereof, to be delivered/addressed as follows:

| | |
|---|---|
| **J. Doe**<br>General Delivery<br>Woodland, CA 95695-9999<br>Email:  alsunstateline@gmail.com | PRO SE PLAINTIFF |

[**X**]   **(BY ELECTRONIC MAIL)**  By causing the above-listed documents to be e-mailed to the person(s) at the e-mail address(es) set forth above.

**Executed on September 5, 2025, at Irvine, California.**

[**X**]   **(STATE)**  I declare under penalty of perjury that the foregoing is true and correct.

Sue Dobrowolski

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

PROOF OF SERVICE

364732

**52**

**PROOF OF SERVICE**

*J. Doe v. Federal Insurance Company, et al.*
Yolo County Superior Court
Case No.: CV2025-2193

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

    On **September 5, 2025**, the document(s) entitled:

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332 AND § 1441 FILED BY DEFENDANT FEDERAL INSURANCE COMPANY; CIVIL COVER SHEET**

was/were served on the interested parties in this action by placing: [  ] the original [X] a true copy thereof, to be delivered/addressed as follows:

| | |
|---|---|
| **J. Doe**<br>General Delivery<br>Woodland, CA 95695-9999<br>Email:  alsunstateline@gmail.com | PRO SE PLAINTIFF |

[**X**]    **(BY ELECTRONIC MAIL)**  By causing the above-listed documents to be e-mailed to the person(s) at the e-mail address(es) set forth above.

    **Executed on September 5, 2025, at Irvine, California.**

[**X**]    **(STATE)**  I declare under penalty of perjury that the foregoing is true and correct.

Sue Dobrowolski

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

PROOF OF SERVICE

373953