JAMES E. GIBBONS (SBN 130631)
jgibbons@londonfischer.com
MALLORY Y. SCHORR (SBN 317693)
mschorr@londonfischer.com
LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
T: (949) 252-0550 | F: (949) 252-0553

Attorneys for Defendant FEDERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>and DOES 1 through 50, inclusive,<br><br>    Defendants. | **CASE NO. 2:25-cv-02553-DAD-CSK**<br><br>Assigned for All Purposes To:<br>U.S. District Judge Dale A. Drozd<br>Courtroom 4<br><br>**DEFENDANT FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF J. DOE'S MOTION FOR PROTECTIVE ORDER**<br><br>Hearing Date: To Be Determined |

DEFENDANT FEDERAL INSURANCE COMPANY'S OPPOSITION TO
PLAINTIFF J. DOE'S MOTION FOR PROTECTIVE ORDER

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373987

Defendant Federal Insurance Company ("Federal") opposes pro per Plaintiff J. Doe's Motion for Protective Order filed in the *J. Doe v. Federal Insurance Company, et al.* lawsuit in the Superior Court for the State of California, County of Yolo, Case No. CV2025-2193 (the "State Court Suit") prior to Federal's removal to this Court.  The Motion is procedurally and substantially lacking in merit because Plaintiff has failed to show good cause to litigate under a pseudonym, seal records, communicate with Federal exclusively by email, appear by telephone or audio only without video (including depositions), or a permanent restraining order and other injunction against Federal.  In sum, Plaintiff's entire motion is based on unsubstantial, outlandish, and conclusory "facts" with no details supporting the requested relief such as dates, people, or specific facts justifying the relief requested.

**I.     PROCEDURAL HISTORY**

Plaintiff filed the Motion for Protective Order on August 12, 2025—before Federal's removal of the State Court Suit to the United States District Court for the Eastern District of California.[1]

Pursuant to 28 U.S.C. § 1450, "[a]ll injunctions, orders, and other proceedings . . . in [the state] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court," and the court in the State Court Suit set the Motion for hearing on September 18, 2025.  Therefore, Federal is filing this Opposition in this Court in an abundance of caution.

/ / /

/ / /

---

[1]     Plaintiff did not meet and confer with Federal in advance of filing the Motion for Protective Order.  In fact, Plaintiff did not serve the Motion until August 20, 2025—more than a week after it was filed in State Court—when the Motion was served along with the summons and complaint in the State Court Suit being removed to this Court.

FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373987

## II.    PLAINTIFF FAILS TO MEET LEGAL STANDARDS FOR THE PROTECTIVE ORDER RELIEF SOUGHT

In this action, Plaintiff is suing Federal for allegedly breaching its insurance policy obligations to Plaintiff without facts and statements to identify the policy or policies at issue, the underlying claims for which coverage was allegedly not provided, or any details supporting the claim.[2]

### A.    Standard to Litigate Under a Pseudonym

#### 1.    Federal Law

The "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties . . . .'" (*Does I thru XXIII v. Advanced Textile Corp.* (9th Cir. 2000) 214 F.3d 1058, 1067 [citing *Nixon v. Warner Communications, Inc.* (1978) 435 U.S. 589, 598-99; *EEOC v. Erection Co.* (9th Cir. 1990) 900 F.2d 168, 169; Fed. R. Civ. P. 10(a)].)

"[F]ederal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Advanced Textile Corp.*, *supra*, 214 F.3d at p. 1067. A "party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." (*Id.* at p. 1068).

Generally, "courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm . . . (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature'. . . and (3) when the anonymous party is 'compelled to admit [his or her] intention

---

[2]    Federal will be filing in the immediate future a motion pursuant to FRCP 12(e) for a more definite statement because the manifest vagueness of Plaintiff's Complaint renders it impossible to understand the nature or basis of the Complaint against Federal.

FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373987

to engage in illegal conduct, thereby risking criminal prosecution . . . .'" (*Advanced Textile Corp.*, *supra*, 214 F.3d at p. 1068 [internal citations omitted].)

"To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." (*Doe v. Kamehameha Sch.* (9th Cir. 2010) 596 F.3d 1036, 1042.)

The Ninth Circuit has permitted "parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment'"—such as in a case where a prison inmate "faced a serious risk of bodily harm" if his role as a government witness were disclosed. *Advanced Textile Corp.*, *supra*, 214 F.3d at p. 1067-68 [quoting and citing to *United States v. Doe* (9th Cir. 1981) 655 F.2d 920, fn.1].) Plaintiff's present motion fails to establish any of the elements with competent non-conclusory evidence.

## 2. State Law

California Code of Civil Procedure section 422.40 requires that every complaint's "title of the action shall include the names of all the parties . . . ." "Unless confidentiality is required by law, court records are presumed to be open." (Cal. Rules of Court Rule 2.550(c).)

"Much like closing the courtroom or sealing a court record, allowing a party to litigate anonymously impacts the First Amendment public access right." (*Department of Fair Employment & Housing v. Superior Court* (2022) 82 Cal.App.5th 105, 111.) "Before a party to a civil action can be permitted to use a pseudonym, the trial court must conduct a hearing and apply the overriding interest test: A party's request for anonymity should be

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

4

FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

373987

granted only if the court finds that an overriding interest will likely be prejudiced without use of a pseudonym, and that it is not feasible to protect the interest with less impact on the constitutional right of access." (*Ibid.*)  "Outside of cases where anonymity is expressly permitted by statute, litigating by pseudonym should occur 'only in the rarest of circumstances.'" (*Id.* at pp. 111-12 [quoting *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1226].)

In determining whether to permit the use of pseudonym, California courts have considered where there is a "substantial risk" of "retaliatory physical harm" to the parties and their family members if anonymity is not granted.  (*Department of Fair Employment & Housing*, *supra*, 82 Cal.App.5th at p. 112.)  In *Department of Fair Employment & Housing*, the California Court of Appeal vacated an order denying use of a pseudonym because the trial court failed to consider evidence of a substantial risk of physical harm posed to an employee's family members.  (*Id.* at pp. 112-13.)  Again, other than Plaintiff's baseless conclusions (without any specifics), Plaintiff's motion fails to meet these threshold requirements.

**B.    Standard to Seal Records**

**1.    Federal Law**

The party seeking to seal records in the Ninth Circuit bears the burden of meeting the "compelling reasons" standard.  "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" (*Ctr. for Auto Safety v. Chrysler Group, LLC* (9th Cir. 2016) 809 F.3d 1092, 1096-97 [quoting *Kamakana v. City & County of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1179].)  "The court must then 'conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" (*Ibid.*)

FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373987

### 2. State Law

Any request to file records under seal must "be accompanied by a memorandum and a declaration containing facts sufficient to justify the sealing." (Cal. Rules of Court, Rule 2.551(b)(1).) Under California Rules of Court, Rule 2.550(d), "The court may order that a record be filed under seal only if it expressly finds facts that establish: (1) There exists an overriding interest that overcomes the right of public access to the record; (2) The overriding interest supports sealing the record; (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) The proposed sealing is narrowly tailored; and (5) No less restrictive means exist to achieve the overriding interest."

## III.  CONCLUSORY "FACTS" DO NOT JUSTIFY PROTECTIVE ORDERS

Plaintiff's Motion for Protective Order is woefully insufficient because it makes conclusory and incredulous allegations without any specific facts to justify the relief requested. Plaintiff does not identify any names and dates or circumstances in Plaintiff's application justifying proceeding under a pseudonym or sealing orders. Federal cannot reasonably respond to these conclusory allegations without more. This is an insurance coverage action and as such does not justify the extraordinary relief sought by Plaintiff.

Plaintiff identifies as a "non-binary, disabled, Jewish alien with very limited English proficiency." (Plaintiff Motion at p. 2.) Plaintiff's Declaration incredulously alleges, for example, that "Defendant systematically harassed, bullied, and discriminated against [Plaintiff]," "made numerous anti-Semitic statements . . . including denying the Holocaust," and "[o]n at least one prior occasion . . . maliciously reported [Plaintiff] to authorities for the sole purpose of causing [Plaintiff] harm and distress . . . ." (Plaintiff Decl. ¶¶ 5-6, 8.) Plaintiff refuses to provide any specificity for these preposterous allegations, the names of purported actors, dates, or contexts in which such statements were

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

373987

allegedly made.

Courts have granted motions to litigate under a pseudonym only where there is specific and significant evidence to support a contention that the party's privacy interests outweighs the public interest in open proceedings.  (See, e.g., *Doe v. Ayers* (9th Cir. 2015) 789 F.3d 944, 946 [granting motion where a party's "truly extreme history and the expert evidence he offered led [the court] to conclude that his particular circumstances represented the 'unusual case' in which the use of a pseudonym is appropriate"].)

In *Ayers*, *supra*, 789 F.3d 944 at p. 946, the Ninth Circuit permitted use of a pseudonym to an inmate who "(1) was granted penalty-phase habeas relief based on sealed, graphic evidence regarding repeated sexual assault in prison, and (2) submitted credible evidence that he would likely be subjected to more violence if his name was revealed . . . ."  The court found particularly compelling the "affidavit of a highly-qualified correctional expert with relevant experience in the California prison system" showing "both that (1) other inmates would learn of his past victimization if [the court] were to recount it in a published opinion captioned in his proper name, and (2) this notoriety would create a significant risk of severe harm at the hands of other inmates, a risk to which he would be quite vulnerable." (*Id*. at p. 945.)  Plaintiff here submits no such evidence.

Here, Plaintiff fails to provide any specific or significant evidence to justify use of a pseudonym.  Plaintiff's declaration supporting the Motion for Protective Order relies on vague, conclusory statements lacking any details.

Plaintiff also fails to provide specific, sufficient facts to justify the sealing of records.  (Cal. Rules of Court, Rule 2.551(b)(1) [request to seal records must include a declaration "containing facts sufficient to justify the sealing"]; *see also Ctr. for Auto Safety*, *supra*, 809 F.3d at pp. 1096-97 [a court ruling to seal records must "articulate the factual basis . . . without relying on hypothesis or conjecture"].)  Plaintiff does not identify why

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373987

any particular document in this insurance coverage action, much less all documents, should be filed under seal.  Plaintiff seeks going forward that all documents are filed under seal regardless of their content.

## IV.    PLAINTIFF'S MOTION FAILS UNDER FEDERAL AND STATE LAW

Even if this Court could consider Plaintiff's conclusory allegations, the Motion for Protective Order is deficient under both federal and California law.

### A.    Plaintiff's Cited Authority Is Insufficient

Plaintiff's Motion relies on authority that does not stand for the propositions claimed.

For instance, Plaintiff cites to California Rules of Court, Rule 2.550(d) to support the assertion that a "court may permit a party to use a pseudonym where necessary 'to protect a person from harassment, injury, ridicule, or personal embarrassment.'" (Plaintiff Motion at p. 2.)  But this purported quote does not come from Rule 2.550(d) that addresses the express factual findings required to seal records.  In the Motion, Plaintiff has failed to provide any applicable authority that pertains to litigation under a pseudonym or why it applies to Plaintiff's circumstances in this insurance coverage matter.

Plaintiff also cites to California Code of Civil Procedure sections 2017.020 and 2025.420(b) to support the claim that "upon a showing of 'good cause,' a court may make any order that justice requires to protect a party from 'unwarranted annoyance, embarrassment, or oppression, or from undue burden and expense." (Plaintiff Motion at p. 3.)  Section 2017.020 addresses discovery, which is not at issue in Plaintiff's Motion, and does not contain the quoted language.  Section 2025.420(b) pertains to protective orders before, during, or after a deposition—and no depositions have been noticed or taken at this time.

Plaintiff references *Doe v. Stegall* (5th Cir. 1981) 653 F.2d 180, 186 to support the

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

8
FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

373987

claim that the "court must balance the public's right to open proceedings against the plaintiff's interest in privacy and safety." (Plaintiff Motion at p. 3.)  However, Plaintiff's motion provides no factual (non-conclusory) basis upon which this extraordinary relief should be granted.  In fact, this insurance coverage matter presents none of the typical justifications for proceeding under a pseudonym.

**B.    Reasonable Fear or Substantial Risk of Harm Is Not Established**

Under federal law, to "proceed anonymously, a plaintiff must show both (1) a fear of severe harm, *and* (2) that the fear of severe harm is reasonable." (*Kamehameha Sch.*, *supra*, 596 F.3d at p. 1043 [emphasis in original].)  Similarly, the California Court of Appeal has considered whether there is a "substantial risk of harm" to the party if anonymity is not granted.  (*Department of Fair Employment & Housing*, *supra*, 82 Cal.App.5th at p. 112.)

Plaintiff claims that "reveal[ing] [Plaintiff's] identity would expose [Plaintiff] to a high risk of retaliatory harm from Defendant and potentially others" (Plaintiff Motion at p. 3), including "a credible threat [Defendant] will use investigators to find Plaintiff or use discovered information to report Plaintiff to immigration or other authorities" (*Id.* at p. 4).

But Federal already knows Plaintiff's true identity from prior arbitration demands that Plaintiff voluntarily sent to Federal's counsel, and from Federal's claims representative who were informed or knew of Plaintiff's identity from those prior claims.

Plaintiff fails to establish any reasonable fear of severe harm, or substantial risk of harm, that Federal will allegedly report Plaintiff to authorities if Plaintiff cannot litigate under a fictitious name—particularly when Federal is already aware of Plaintiff's identity.[3] Any purported value of Plaintiff's anonymity in this matter is greatly outweighed by the

---

[3]    And yet, despite that awareness, Plaintiff alleges no specific facts of retaliation and retribution by Federal.  Of course, it is Federal's position that no such claims can truthfully be made.

FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373987

public's interest in open judicial proceedings.

### C.    Plaintiff's Requests Are Unnecessary and Will Prejudice Federal

In addition to the request to litigate under a fictitious name and seal unspecified records (other than all filed litigant documents), Plaintiff asks for orders to appear in any proceedings in this matter solely by telephone or audio, to communicate with Federal exclusively by email, and to prohibit Defendant and its agents from "contacting, harassing, threatening, or coming within 500 yards of Plaintiff" or "attempting to discover Plaintiff's physical location or personal information" or to report Plaintiff to "any governmental agency (including immigration authorities), criminal entities, or any other third party for the purpose of malicious harassment or persecution." (Plaintiff Motion at p. 2.) Again, Plaintiff supports this requested relief with baseless conclusions and unsupported inflammatory allegations.

As addressed earlier, Federal is already aware of Plaintiff's identity. Federal has not in the past and has no plans to harass, threaten, or report Plaintiff to authorities.

Allowing Plaintiff to appear in all court proceedings by telephone or audio only, and communicate with Federal exclusively by email, would substantially prejudice Federal. Plaintiff's insurance coverage complaint in the State Court suit demands a jury trial. The inability to judge Plaintiff's credibility, observe Plaintiff's facial expressions, or to confirm it is actually Plaintiff testifying while examining or deposing Plaintiff would prevent Federal and any jurors from assessing Plaintiff's credibility. Communicating with Plaintiff exclusively over email has also been challenging for Federal's counsel so far, such as in their meet and confer communications. Specifically, Plaintiff refuses to respond to legitimate reasonable emails requesting information in an attempt to meet and confer without having to file a demurrer in the State Court Suit or a motion for a more definite statement in this proceeding.

FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373987

## V.    CONCLUSION

Federal respectfully requests that the Court deny Plaintiff's Motion for Protective Order in its entirety.


Dated:  September 9, 2025                LONDON FISCHER LLP


By: _____
James E. Gibbons
Mallory Y. Schorr
*Attorneys for Defendant*
FEDERAL INSURANCE COMPANY

FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

373987

## PROOF OF SERVICE
*J. Doe v. Federal Insurance Company, et al.*
U.S. District Court, Eastern District of California
Case No.: 2:25-cv-02553-DAD-CSK

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action. My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

    On **September 9, 2025**, the document(s) entitled:

**DEFENDANT FEDERAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF J. DOE'S MOTION FOR PROTECTIVE ORDER**

was/were served on the interested parties in this action by placing: [ ] the original [X] a true copy thereof, to be delivered/addressed as follows:

| **J. Doe**<br>General Delivery<br>Woodland, CA 95695-9999<br>Email: alsunstateline@gmail.com | PRO SE PLAINTIFF |
|---|---|

[X]    **(BY ELECTRONIC MAIL)** By causing the above-listed documents to be e-mailed to the person(s) at the e-mail address(es) set forth above.

[X]    **(BY UNITED STATES MAIL)** By causing the above-listed documents to be sent to the person(s) at the mailing address(es) set for above.

    **Executed on September 9, 2025, at Irvine, California.**

[X]    **(STATE)** I declare under penalty of perjury under federal and California law that the foregoing is true and correct.

Sue Dobrowolski

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

PROOF OF SERVICE

373987