JAMES E. GIBBONS (SBN 130631)
jgibbons@londonfischer.com
MALLORY Y. SCHORR (SBN 317693)
mschorr@londonfischer.com
LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
T: (949) 252-0550 | F: (949) 252-0553

Attorneys for Defendant FEDERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>and DOES 1 through 50, inclusive,<br><br>   Defendants. | **CASE NO. 2:25-cv-02553-DAD-CSK**<br><br>Assigned To:<br>U.S. Magistrate Judge Chi Soo Kim<br>Courtroom 25<br><br>**DEFENDANT FEDERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[F.R.C.P. Rules 12(e), 12(f), 12(b)(6)]<br><br>Hearing Date: November 18, 2025<br>Time:   10:00 a.m. |

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

374289

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 18, 2025, at 10:00 a.m., or as soon thereafter this matter may be heard, in Courtroom 25, 8th floor of the above captioned Court located at Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, California 95814, Defendant Federal Insurance Company ("Federal") will move: (1) Pursuant to Federal Rules of Civil Procedure, Rule (12)(e) for a more definite statement on the grounds that Plaintiff J. Doe's Complaint is so vague and ambiguous that Federal cannot reasonably prepare a response to the Complaint; (2) Pursuant to Federal Rules of Civil Procedure, Rule 12(f) striking Paragraphs 8 through 11 of Plaintiff's Prayer for Relief seeking protective orders; and alternatively (3) Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) dismissing Plaintiff's Complaint, without prejudice, for failure to state a claim upon which relief can be granted.

This Motion is based on this Notice and supporting Memorandum of Points and Authorities, Plaintiff's Complaint, the Court's files and records, and other matters that may be presented to the Court on this matter.

Dated: September 12, 2025          LONDON FISCHER LLP

By: _____
    James E. Gibbons
    Mallory Y. Schorr
    *Attorneys for Defendant*
    FEDERAL INSURANCE COMPANY

NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE OR
ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

374289

## MEMORANDUM OF POINTS AND AUTHORITIES

On July 31, 2025, Plaintiff J. Doe filed a Complaint titled *J. Doe v. Federal Insurance Company, et al.* in the Superior Court for the State of California, County of Yolo, Case No. CV2025-2193 (the "State Court Suit").  On September 5, 2025, Defendant Federal Insurance Company ("Federal") removed this matter to this Court.

Plaintiff's Complaint fails to apprise Federal of the specific nature or basis of Plaintiff's claims.  Federal respectfully requests that this Court order Plaintiff to file a more definite statement pursuant to Federal Rules of Civil Procedure, Rule 12(e).  Federal also requests this Court to strike Paragraphs 8 through 11 of Plaintiff's Prayer for Relief seeking protective orders pursuant to Federal Rules of Civil Procedure, Rule 12(f).  Alternatively, Federal requests this Court to dismiss Plaintiff's Complaint, without prejudice, for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

### I.    PROCEDURAL HISTORY

Plaintiff originally filed the State Court Suit on July 31, 2025.  It was served on Federal on August 20, 2025.  On September 5, 2025, Federal removed the State Court Suit to the United States District Court for the Eastern District of California.

### II.    THE COURT SHOULD ORDER PLAINTIFF TO FILE A MORE DEFINITE STATEMENT

#### A.    Rule 12(e)

Federal Rules of Civil Procedure, Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." (Fed. R. Civ. P. 12(e).)  A motion for a more definite statement is "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." (*Sagan v. Apple Computer* (C.D. Cal. 1994) 874 F. Supp. 1072, 1077.)  "A Rule

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

374289

12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." (*Ibid.*)

### B. Plaintiff's Complaint Is Vague and Ambiguous

An order that Plaintiff file a more definite statement is appropriate here, because the Complaint is so vague and ambiguous that Federal cannot reasonably prepare a response. This is a putative insurance coverage lawsuit where Plaintiff is suing Federal allegedly for breach of contract and bad faith. But Plaintiff does not identify the policy, to whom it was issued, the type of coverage, the policy period, how or why Plaintiff is entitled to benefits, or the nature of the underlying claim(s) for which coverage is allegedly being sought.

Notably missing from Plaintiff's Complaint is key information that would enable Federal to form a response and allege appropriate affirmative defenses. Such information includes, but is not limited to:

- Identification of Plaintiff's bank to which Federal allegedly provided insurance coverage for the bank's customers (See, Complaint at ¶ 7);
- Identification and description of the alleged insurance coverage's specific information (policy number, policy period, type of coverage, limits, etc.).[1]
- The dates and circumstances leading to the claim(s) for which Plaintiff sought coverage from Federal and that Federal allegedly denied.
- Details and description of how Federal allegedly intentionally concealed Plaintiff's insurance policy.
- The dates, names of individuals, and context in which Plaintiff incredulously alleges bad conduct including: repeated threats of arrest/deportation,

---

[1] Plaintiff apparently has a copy of the purported insurance policy (See, Complaint at ¶ 21—"In strict accordance with the Policy's Arbitration Clause," Plaintiff filed a demand for arbitration.) (*Id.*)

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

374289

harassment, misrepresentations, etc. (See, Complaint at ¶ 2), murder, threats, and an attempt on Plaintiff's life. (See, Complaint at ¶ 3).

- Facts regarding Federal's intentionally concealing Plaintiff's insurance coverage. (See, Complaint at ¶ 13).
- The "legitimate claim" Plaintiff allegedly submitted to Federal in July 2019.
- The date or dates of Federal's allegedly wrongful breach of contract. (See, Complaint at ¶ 15).
- The manner in which Plaintiff claims to have discovered fraudulent concealment. (See, Complaint at ¶ 16).[2]

Further, Plaintiff alleges the claim (which is not described in any level of detail) (See, Complaint at ¶16) was denied despite Plaintiff having fully complied with all policy requirements. (See, Complaint at ¶15).

From August 15, 2025 to August 21, 2025, Federal's counsel met and conferred with Plaintiff in an attempt to clarify the above details and advise Plaintiff of Federal's position that the Complaint is deficient, uncertain, and does not sufficiently allege facts to support the claims. To date, Plaintiff has not agreed to provide nor has Plaintiff provided the requested information so that Federal can adequately respond to the Complaint.

Plaintiff has not fulfilled the general pleading requirement of "a short and plain statement of the claim showing that the pleaders is entitled to relief" and "a demand for the relief sought." (Fed. R. Civ. P. 8(a)(2)-(3).) The vagueness and ambiguity in Plaintiff's Complaint prevents Federal from reasonably preparing a response to Plaintiff's Complaint. Accordingly, Federal respectfully asks this Court to direct Plaintiff to file a more definite

---

[2]     Of course, Plaintiff alleges submitting a "legitimate claim" to Defendant under its alleged policy to some unknown bank pursuant to the terms and conditions of the Policy in June, 2019 (See, Complaint at ¶ 14) and yet later claims Defendant concealed the existence of the Policy which was only discovered on or about December 16, 2021.

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

374289

statement pursuant to Federal Rules of Civil Procedure, Rule 12(e).)

## III. THE COURT SHOULD STRIKE PRAYERS FOR RELIEF SEEKING PROTECTIVE ORDER

In addition to ordering Plaintiff to file a more definite statement, Federal requests that the Court strike Paragraphs 8 through 11 of Plaintiff's Prayer for Relief pursuant to Federal Rules of Civil Procedure, Rule 12(f).

### A. Rule 12(f)

Under Federal Rules of Civil Procedure, Rule 12(f), this Court may strike from the Complaint "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Fed. R. Civ. P. 12(e).)  "A matter is immaterial if it 'has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *(Sliger v. Prospect Mortg.*, LLC (E.D. Cal. 2011) 789 F.Supp.2d 1212, 1216 [quoting *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524, 1527].)  "A matter is impertinent if it consists of statements that do not pertain to and are not necessary to the issues in question."  (*Ibid.*) A matter is "scandalous" if it "improperly casts a derogatory light on someone," "bears no possible relation to the controversy," or "may cause the objecting party prejudice." (*Wilkerson v. Butler* (E.D. Cal. 2005) 229 F.R.D. 166, 170.)

### B. Plaintiff's Request for Protective Order Relief Should Be Stricken

Paragraphs 8 through 11 of Plaintiff's Prayer for Relief are immaterial because they seek protective order relief that does not relate to the crux of this matter: insurance coverage.  In these paragraphs, Plaintiff seeks to proceed litigating under a fictitious name, file all court documents under seal, communicate with the Court electronically, and also seeks injunctive relief prohibiting Federal, its attorneys, and agents from making in-person contact with Plaintiff or attempting to locate Plaintiff and make any harassing or threatening conduct.  This relief pertains to orders that Plaintiff is seeking at the inception

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

374289

of this case, before any dispositive motion or trial.

Additionally, Plaintiff has already requested the above relief in Plaintiff's Motion for Protective Order that was filed in the State Court Suit on August 12, 2025. The Court should strike Paragraphs 8 through 11 of the Prayer for Relief to "make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." (*Sliger*, *supra*, 789 F.Supp.2d at p. 1216.)

The prayer for injunctive relief seeking to prohibit Federal and its agents from making in-person contact with Plaintiff, locating Plaintiff, or making any alleged harassing or threatening conduct is also impermissibly scandalous and should be stricken. This relief improperly casts a derogatory light on Federal and would prejudice Federal.

## IV. ALTERNATIVELY, THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

In the event the Court does not order Plaintiff to file a more definite statement and the Court does not strike Paragraphs 8 through 11 of Plaintiff's Prayer for Relief, Federal requests that the Court dismiss the Complaint, without prejudice, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

### A. Rule 12(b)(6)

To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (*Naffe v. Frey* (9th Cir. 2015) 789 F.3d 1030, 1035 [quoting *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678].) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*Iqbal*, *supra*, 556 U.S. at p. 679.) "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." (*Ibid.*)

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

374289

Pro se complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers . . . ." (*Erickson v. Pardus* (2007) 551 U.S. 89, 94 [quoting *Estelle v. Gamble* (1976) 429 U.S. 97, 106].)  However, pro se complaints must still meet the *Iqbal* plausibility standard.  (*Hebbe v. Pliler* (9th Cir. 2010) 627 F.3d 338, 342.)

### B.     Plaintiff Fails to State Any Plausible Claim

Plaintiff's Complaint fails to allege sufficient facts to adequately state any plausible claim for relief.  To properly state a claim, the Complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." (*Bell Atlantic Corporation v. Twombly* (2007) 550 U.S. 544, 555.)

Plaintiff alleges that Federal breached a "valid, enforceable insurance contract, the Policy provided by Plaintiff's bank" (Complaint at ¶ 37), but does not identify the policy, the type of coverage provided, or the insureds.  There are allegations that Defendant breached the policy by allegedly denying Plaintiff's claim, concealing the policy's existence and terms, and refusing to participate in arbitration (Complaint at ¶ 39).  Yet Plaintiff does not describe the policy's particular terms, the events or circumstances leading to Plaintiff's claims, or the basis for Federal's alleged denial.

To establish a breach of insurance contract or bad faith, Plaintiff must describe the contract with particularity.  Plaintiff has not pled sufficient facts to support the causes of action and instead relies on vague, conclusory allegations.  Federal's alternative motion requesting the Court to dismiss the Complaint, without prejudice, should be granted.

### V.     CONCLUSION

Federal respectfully requests that the Court grant this Motion and order Plaintiff to file a more definite statement pursuant to Federal Rules of Civil Procedure, Rule 12(e) and strike Paragraphs 8 through 11 of Plaintiff's Prayer for Relief pursuant to Federal Rules of

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

374289

Civil Procedure, Rule 12(f).  Alternatively, Federal asks the Court to dismiss Plaintiff's Complaint, without prejudice, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

Dated: September 12, 2025              LONDON FISCHER LLP

By: _____*Mallory Schorr*_____
    James E. Gibbons
    Mallory Y. Schorr
    *Attorneys for Defendant*
    FEDERAL INSURANCE COMPANY

MEMORANDUM OF POINTS AND AUTHORITIES

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

374289

**PROOF OF SERVICE**
*J. Doe v. Federal Insurance Company, et al.*
U.S. District Court, Eastern District of California
Case No.: 2:25-cv-02553-DAD-CSK

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action. My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

On **September 12, 2025**, the document(s) entitled:

**DEFENDANT FEDERAL INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE OR ALTERNATIVELY, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**

**INITIAL SCHEDULING ORDER, PRO SE CASES**

was/were served on the interested parties in this action by placing: [  ] the original [X] a true copy thereof, to be delivered/addressed as follows:

| | |
|---|---|
| **J. Doe**<br>General Delivery<br>Woodland, CA 95695-9999<br>Email:  alsunstateline@gmail.com | PRO SE PLAINTIFF |

**[X]    (BY UNITED STATES MAIL)**  I caused sealed envelope(s), with postage fully prepaid, to be placed in the U.S. Mail at Irvine, California. I am readily familiar with the firm's practice for collection and processing of mail. It is deposited with the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing set forth in this affidavit, addressed as listed above.

[X]    **(BY ELECTRONIC MAIL)**  By causing the above-listed documents to be e-mailed to the person(s) at the e-mail address(es) set forth above.

**Executed on September 12, 2025, at Irvine, California.**

[X]    **(STATE)**  I declare under penalty of perjury under federal and California law that the foregoing is true and correct.

Sue Dobrowolski

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

PROOF OF SERVICE

374289