FILED

SEP 15 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

J. Doe, Pro Se Plaintiff
General Delivery
Woodland, CA 95695-9999
alsunstateline@gmail.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02553-DAD-CSK<br><br>**PLAINTIFF J. DOE'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO YOLO COUNTY SUPERIOR COURT; AND REQUEST FOR SANCTIONS**<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>U.S. DISTRICT JUDGE DALE A. DROZD<br>COURTROOM 4<br><br>HEARING DATE: TO BE DETERMINED |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff J. Doe ("Plaintiff"), representing themselves in pro per, hereby moves this Court for an Order:

1.      **Remanding** this action to the Yolo County Superior Court pursuant to 28 U.S.C. § 1447(c) due to lack of subject matter jurisdiction and Defendant's bad-faith removal; and

2.      **Sanctioning** Defendant Federal Insurance Company ("Defendant") for its frivolous removal, misrepresentation of facts, and unclean hands, pursuant to 28 U.S.C. § 1927 and California Code of Civil Procedure § 128.7.

This motion is based upon this Notice, the following Memorandum of Points and Authorities, the Declaration of J. Doe, Plaintiff's Request for Judicial Notice, the complete files and records in this action, and upon such other evidence and argument as may be presented at the hearing.

Dated: September 11, 2025

J. Doe, Pro Se Plaintiff

- 1 -

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff J. Doe is a severely disabled, homeless, undocumented Jewish non-binary asylum-seeker who is physically and cognitively unable to litigate in this Court under its current procedures. Defendant improperly removed this action from the Yolo County Superior Court by misrepresenting facts and abusing the legal process. This removal was a bad-faith tactic designed to exploit Plaintiff's known vulnerabilities and prevent access to justice. These vulnerabilities include:

- **Physical Disabilities:** Plaintiff is unable to read or write standard paper court documents and is entirely reliant on computer-based text-reading software.
- **Cognitive Disorders:** Plaintiff's cognitive limitations prevent them from providing immediate verbal responses required in some court proceedings.
- **Homelessness:** Plaintiff lacks a stable mailing address, making compliance with this Court's mail-only procedures for pro se litigants impossible.
- **Asylum Status:** As an undocumented asylum-seeker, Plaintiff faces a credible threat of arrest and detention by U.S. Immigration and Customs Enforcement (ICE) if forced to appear in a federal building.

Defendant's removal denies Plaintiff their fundamental due process right to be heard. It violates the ADA, the Rehabilitation Act, and California laws protecting vulnerable litigants. The case must be remanded. Furthermore, Defendant's conduct constitutes unclean hands and warrants significant sanctions. As argued herein, no accommodation can cure the fundamental denial of access created by this removal, making remand the only just remedy.

### II. LEGAL STANDARDS

- **Remand:** 28 U.S.C. § 1447(c) requires a district court to remand a case if at any time it appears that the court lacks subject matter jurisdiction. The removal statute is strictly construed against removal, and the defendant bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).
- **ADA and Rehabilitation Act:** Title II of the ADA, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, require public entities, including federal courts, to provide reasonable accommodations to ensure persons with disabilities have meaningful access to their programs and activities.

PLAINTIFF J. DOE'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO YOLO COUNTY SUPERIOR COURT; AND REQUEST FOR SANCTIONS

- **California Law:** California Civil Code § 3339 and Government Code § 7285.1 protect noncitizen parties from discrimination and retaliation in civil actions and ensure their access to state courts.

- **Sanctions:** 28 U.S.C. § 1927 authorizes sanctions against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." California Code of Civil Procedure § 128.7 permits sanctions for filings intended to harass, cause unnecessary delay, or increase the cost of litigation.

## III. ARGUMENT

### A. Remand Is Required Due to Lack of Subject Matter Jurisdiction.

Defendant has failed to meet its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Plaintiff's complaint, filed in unlimited jurisdiction in state court, does not allege a specific amount of damages, as the final amount is to be determined by the court. Defendant's sole basis for removal is a speculative valuation based on documents from a prior, separate arbitration proceeding. Such documents are not determinative of the amount at issue in this lawsuit.

Crucially, Defendant admits in its own filings that Plaintiff directly communicated via email that "Plaintiff has not alleged damages exceeding $75,000." Any ambiguity must be resolved in favor of remand. As Defendant has failed to carry its burden, this Court lacks diversity jurisdiction, and the case must be remanded.

### B. Removal Violates Plaintiff's Rights Under the ADA and the Rehabilitation Act.

The Fifth Amendment guarantees the right to due process, which includes the fundamental "opportunity to be heard." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Defendant's removal strips Plaintiff of this right. Plaintiff's disabilities make it physically impossible to comply with this Court's requirement that pro se litigants file, serve, and receive all documents via physical mail. This procedural barrier is not a mere inconvenience; it is a complete denial of access to the courts, in direct violation of the ADA and the Rehabilitation Act.

### C. Homelessness and Asylum Status Create Insurmountable Barriers in Federal Court.

Plaintiff's homelessness and lack of a stable mailing address provide a standalone justification for remand, as they independently deny Plaintiff access to the Court. Furthermore, forcing Plaintiff, an undocumented asylum-seeker, into a federal forum creates a chilling effect and a credible risk of exposure to ICE enforcement, contrary to the protective intent of California law.

This violates due process and equal protection by creating a two-tiered system of justice where vulnerable individuals are effectively barred from seeking redress.

### D. Defendant's Bad-Faith Removal and Unclean Hands Warrant Sanctions.

Defendant removed this case knowing that federal court procedures would create insurmountable obstacles for Plaintiff. This was a vexatious and calculated litigation tactic designed to win by attrition, not on the merits. This conduct constitutes unclean hands and is precisely the type of behavior that warrants sanctions under 28 U.S.C. § 1927 and CCP § 128.7. The Court should sanction Defendant to deter such abusive practices.

### E. Accommodations are Futile; Remand is the Only Remedy to Ensure Due Process.

The constellation of barriers facing Plaintiff is so profound that no reasonable accommodation, or set of accommodations, can provide the "meaningful access" to the judicial process guaranteed by the ADA and the U.S. Constitution. *See Tennessee v. Lane*, 541 U.S. 509, 524 (2004). The requirement of access to the courts is not a formality; it is the bedrock of due process. Where a court's fundamental procedures make participation impossible for a litigant, remand to an accessible forum is a constitutional necessity.

Even accommodations like video appearances are unworkable. Due to homelessness, Plaintiff lacks access to a private, quiet space with the reliable internet connection and technical equipment necessary for a court hearing. Furthermore, the stress and cognitive load of a video conference would exacerbate Plaintiff's cognitive disorders, impeding their ability to effectively participate. The core procedural defect—this Court's reliance on physical mail for pro se litigants—remains an absolute bar to access for a Plaintiff who cannot read, write, or handle paper.

The state court from which this case was removed is, by contrast, fully accessible to Plaintiff through its electronic filing system. Remanding the case is not an accommodation; it is the only action that can restore Plaintiff's fundamental right to be heard. When a litigant is entirely excluded from participation, the court's only choice consistent with due process is to return the case to a forum where justice can be administered.

### IV. REQUEST FOR JUDICIAL NOTICE

Plaintiff respectfully requests the Court take judicial notice pursuant to **Federal Rule of Evidence 201(b)** of the following statutes, regulations, and publicly available reports, all of which are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

- 4 -

**A. Federal Statutes**

1.    **28 U.S.C. § 1447(c)** (authorizing remand of improperly removed cases).

2.    **28 U.S.C. § 1927** (authorizing sanctions for bad-faith litigation conduct).

3.    **42 U.S.C. § 12132** (Title II of the Americans with Disabilities Act, prohibiting disability-based exclusion from public services, including courts).

4.    **29 U.S.C. § 794** (Section 504 of the Rehabilitation Act, requiring accommodations by federally funded programs).

5.    **5th and 14th Amendments** to the U.S. Constitution (guaranteeing due process and equal protection).

**B. California Statutes**

1.    **Cal. Code Civ. Proc. § 128.7** (state sanctions for frivolous or bad-faith filings).

2.    **Cal. Gov. Code § 11135** (state disability nondiscrimination protections in programs receiving state funding).

3.    **Cal. Gov. Code § 7285.1** (California Values Act, limiting use of state resources for immigration enforcement).

4.    **Cal. Civ. Code § 3339** (prohibiting discrimination based on immigration status in civil actions).

**C. Publicly Available Reports on ICE Detention and Asylum-Seeker Risks**

1.    **U.S. Government Accountability Office (GAO) Report GAO-16-231 (2016)** documenting serious deficiencies in ICE detention facilities, including preventable deaths caused by lack of medical care.

2.    **DHS Office of Inspector General (OIG) Report (December 2017)** finding "egregious violations of detention standards" and inadequate medical care contributing to detainee deaths.

3.    **Human Rights Watch Report, "Code Red: The Fatal Consequences of Dangerously Substandard Medical Care in Immigration Detention" (2018)**, which identified multiple cases of asylum-seekers dying in ICE custody due to preventable conditions.

4.    **American Civil Liberties Union (ACLU) Report, "Fatal Neglect: How ICE Ignores Deaths in Detention" (2020)** documenting systemic failures in medical care leading to deaths of immigrant detainees.

5.    **Freedom for Immigrants Annual Report (2023)** detailing increased deaths in ICE detention and the heightened risks for medically vulnerable and disabled asylum-seekers.

**D. Relevance to This Motion**

These statutes and reports are relevant because they demonstrate:

1.    Federal and state laws require remand where jurisdiction is improper and litigants are denied access.

2.    Disabled litigants are entitled to reasonable accommodations under both federal and California law.

## V. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1.    **Remand this action to the Yolo County Superior Court** pursuant to 28 U.S.C. § 1447(c), both because removal was procedurally defective and because federal retention of jurisdiction would deny Plaintiff due process, equal protection, and disability rights guaranteed under 42 U.S.C. § 12132 and 29 U.S.C. § 794;

2.    **Impose sanctions against Defendant Federal Insurance Company** pursuant to 28 U.S.C. § 1927 and California Code of Civil Procedure § 128.7 for its bad-faith removal, misrepresentations, and harassment of a vulnerable litigant;

3.    **Acknowledge on the record the extraordinary risks to Plaintiff's life and safety** if forced into federal court, where appearance obligations create a substantial likelihood of ICE detention. As the U.S. Government Accountability Office, DHS Office of Inspector General, and Human Rights Watch have all documented, asylum-seekers with disabilities face disproportionate and often fatal outcomes in detention due to denial of medical care, substandard conditions, and lack of accommodations. For Plaintiff, whose disabilities already compromise their physical and cognitive functioning, federal court participation is indistinguishable from a death sentence.

4.    **Recognize Defendant's history of misconduct, including previously reporting Plaintiff to authorities.** Regardless of any subsequent assurances by Defendant that it will not do so again, Defendant has already destroyed its credibility by engaging in the past. The law recognizes that when a party comes before the court with "unclean hands" (*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814 (1945)*), it may not be permitted to profit from its own wrongdoing. Defendant's promise of good behavior won't erase its past misconduct.

Plaintiff therefore prays that the Court grant remand, sanctions, and such further relief as the Court deems just and proper in light of the extraordinary circumstances of this case, including but not limited to any equitable orders necessary to safeguard Plaintiff's health, safety, and constitutional rights as a disabled individual who relies on technology to access the courts.

- 6 -

## DECLARATION OF J. DOE

I, J. Doe, declare as follows:

1.      I am the Plaintiff in this action. I submit this declaration in support of my Motion to Remand. The following facts are of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.      I suffer from severe physical disabilities, including paralysis and chronic pain, which prevent me from being able to read or write on paper. I also have cognitive disorders that impair my memory, processing speed, and ability to keep up with rapid or complex legal procedures.

3.      I am entirely dependent on computer text-reading software to read, write, and access information. Without this technology, I cannot participate in litigation. Federal court's reliance on paper mailing and in-person procedures creates an insurmountable barrier for me.

4.      I am homeless and do not have a stable or reliable mailing address. I cannot send or receive court documents through traditional mail. This makes state court's accessible e-filing system essential for my ability to litigate.

5.      I am an undocumented asylum-seeker from a non-binary and Jewish background. My application for asylum is pending with USCIS. I live in constant fear of detention or deportation by ICE. Based on well-documented reports, including findings by the GAO, DHS Inspector General, and Human Rights Watch, I believe that being forced to appear in a federal courthouse would place me at an unacceptable risk of ICE arrest, detention, and even death due to the unsafe and discriminatory conditions in immigration detention.

6.      Defendant is fully aware of my disabilities, immigration status, and vulnerabilities. Defendant has previously reported me to authorities, an act that gravely endangered my safety. Regardless of its subsequent assurances that it will not do so again, Defendant has already shown that it cannot be trusted to respect my rights or protect my safety.

7.      Defendant's removal of this case to federal court, knowing that federal procedures would effectively bar my participation and expose me to extreme risks, is an act of harassment, unclean hands, and bad faith.

8.      I respectfully ask this Court to remand this case to the Yolo County Superior Court, where I can participate in proceedings with accessible procedures.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on September 11, 2025, in Yolo County, California.

J. Doe, Pro Se Plaintiff

-7-

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J. DOE, | ) **Case No.: 2:25-cv-02553-DAD-CSK** |
| | ) |
| Plaintiff, | ) **[PROPOSED] ORDER GRANTING** |
| vs. | ) **PLAINTIFF'S MOTION TO REMAND** |
| | ) **AND FOR SANCTIONS** |
| FEDERAL INSURANCE COMPANY, | )  ASSIGNED FOR ALL PURPOSES TO: |
| and DOES 1 through 50, inclusive, | )  U.S. DISTRICT JUDGE DALE A. DROZD |
| Defendant(s). | )  COURTROOM 4 |
| | ) |

Having considered Plaintiff J. Doe's Motion to Remand, the supporting Declaration, the Request for Judicial Notice, the arguments of the parties, and the complete record in this matter, the Court hereby finds that:

1.     Removal of this action was improper under 28 U.S.C. § 1441 and § 1446, and this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

2.     Even if jurisdiction were proper, remand is warranted under 28 U.S.C. § 1447(c) because federal court procedures would deny Plaintiff meaningful access to justice due to Plaintiff's severe disabilities, homelessness, and pending asylum status, in violation of the Americans with Disabilities Act (42 U.S.C. § 12132), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and the Due Process and Equal Protection Clauses of the Constitution.

3.     Defendant acted in bad faith and with unclean hands in seeking removal, including misrepresentations to the Superior Court and disregard of Plaintiff's vulnerabilities, thereby multiplying proceedings unreasonably and vexatiously in violation of 28 U.S.C. § 1927.

4.     Plaintiff is at extraordinary risk of irreparable harm, including the possibility of ICE detention and denial of essential medical care, if forced to litigate in federal court.

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's Motion to Remand is GRANTED.

2.     This action is REMANDED to the Superior Court of California, County of Yolo, Case No. CV2025-2193.

3.     Defendant Federal Insurance Company is ORDERED to pay sanctions in the amount of $                pursuant to 28 U.S.C. § 1927 and California Code of Civil Procedure § 128.7.

4.     Defendant shall bear all costs and expenses incurred as a result of removal pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED

Dated:                                                          United States District Judge

---

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS

**CERTIFICATE OF SERVICE BY EMAIL**

I, Alex Emer, declare as follows:

1.     I am over the age of eighteen and not a party to this action. I voluntarily assisted Plaintiff J. Doe in serving the documents listed below. My email address is alekemerald@gmail.com

2.     On September 11, 2025, I caused a true and correct copy of the following documents to be served via email on all counsel of record for the Defendant in this action:

- o     Motion to Remand to Yolo County Superior Court
- o     Declaration of J. Doe in Support of Motion to Remand
- o     Memorandum of Points and Authorities
- o     Request for Judicial Notice
- o     Proposed Order

3.     The email address used for service is:

- o     Mallory Y. Schorr, Esq. – MSchorr@londonfischer.com

4.     Service by email is made in accordance with Fed. R. Civ. P. 5(b)(2)(E) and any applicable Local Rules of the Eastern District of California.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct.

Executed on September 11, 2025 at Sacramento, California

*Alex Emer*

 Gmail

Alex <alekemerald@gmail.com>

---

## J. Doe v. Federal Insurance Company, et al. (Yolo Case No. CV2025-2193)

---

**Alex** <alekemerald@gmail.com>
To: mschorr@londonfischer.com
Cc: SDobrowolski@londonfischer.com, jgibbons@londonfischer.com

Thu, Sep 11, 2025 at 2:44 AM

### CERTIFICATE OF SERVICE BY EMAIL

I, Alex Emer, declare as follows:

1.      I am over the age of eighteen and not a party to this action. I voluntarily assisted Plaintiff J. Doe in serving the documents listed below. My email address is alekemerald@gmail.com

2.      On September 11, 2025, I caused a true and correct copy of the following documents to be served via email on all counsel of record for the Defendant in this action:

- o   Motion to Remand to Yolo County Superior Court
- o   Declaration of J. Doe in Support of Motion to Remand
- o   Memorandum of Points and Authorities
- o   Request for Judicial Notice
- o   Proposed Order

3.      The email address used for service is:

- o   Mallory Y. Schorr, Esq. – MSchorr@londonfischer.com

4.      Service by email is made in accordance with Fed. R. Civ. P. 5(b)(2)(E) and any applicable Local Rules of the Eastern District of California.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct.

Executed on September 11, 2025 at Sacramento, California

*Alex Emer*

---

On Thu, Sep 11, 2025 at 2:25 AM Alex <alekemerald@gmail.com> wrote:

J. Doe, Pro Se Plaintiff
General Delivery
Woodland, CA 95695-9999
alsunstateline@gmail.com

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE,<br><br>            Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY,<br>and DOES 1 through 50, inclusive,<br><br>            Defendants. | **Case No.: 2:25-cv-02553-DAD-CSK**<br><br>**PLAINTIFF J. DOE'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO YOLO COUNTY SUPERIOR COURT; AND REQUEST FOR SANCTIONS**<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>U.S. DISTRICT JUDGE DALE A. DROZD<br>COURTROOM 4<br><br>HEARING DATE: TO BE DETERMINED |

**2 attachments**

**MOTION TO REMAND CASE TO YOLO COUNTY 9-10-25.pdf**
**284K**

**proposed order 9-11-25.pdf**