J. Doe, Pro Se Plaintiff
General Delivery
Woodland, CA 95695-9999
alsunstateline@gmail.com

**FILED**

SEP 17 2025

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

J. DOE,

Plaintiff,

vs.

FEDERAL INSURANCE COMPANY,
and DOES 1 through 50, inclusive,

Defendants.

) Case No.: 2:25-cv-02553-DAD-CSK
)
) **PLAINTIFF'S OBJECTION AND OPPOSITION TO**
) **DEFENDANT'S MOTION FOR A MORE**
) **DEFINITE STATEMENT, TO STRIKE, AND TO**
) **DISMISS; AND COUNTER-MOTION FOR**
) **SANCTIONS PURSUANT TO FRCP 11;**
) **MEMORANDUM OF POINTS AND**
) **AUTHORITIES; DECLARATION OF J. DOE**
)
) **DATE:** November 18, 2025
) **TIME:** 10:00 a.m.
) **Courtroom:** 25

**TO DEFENDANT FEDERAL INSURANCE COMPANY AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 18, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, Plaintiff J. DOE will and hereby does move the Court for an Order imposing sanctions against Defendant Federal Insurance Company and its counsel pursuant to Federal Rule of Civil Procedure 11.

This Counter-Motion is made on the grounds that Defendant's pending Motion was filed for an improper purpose, namely to harass a vulnerable plaintiff and needlessly increase the cost and complexity of litigation, as part of a years-long pattern of bad-faith tactics.

This Counter-Motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of J. Doe, and the complete record and file of this action.

**NOTICE OF REQUEST FOR REMOTE PROCEEDINGS AND TO SUBMIT WITHOUT ORAL ARGUMENT**

**PLEASE TAKE FURTHER NOTICE** that Plaintiff is a disabled, homeless, and undocumented person who lives in constant and credible fear of arrest, detention, and deportation. The requirement to appear in person at a federal courthouse presents a severe and insurmountable

- 1 -

PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT, TO STRIKE, AND TO DISMISS; AND COUNTER-MOTION FOR SANCTIONS

hardship and poses a direct threat to Plaintiff's safety and liberty. Defendant and its agents are aware of Plaintiff's vulnerabilities and have engaged in a pattern of harassment for years.

Accordingly, in the interest of justice and for Plaintiff's personal safety, Plaintiff respectfully requests the following accommodations:

**1. Submission on the Pleadings:** Plaintiff requests that the Court decide both Defendant's Motion and Plaintiff's Counter-Motion based on the written papers submitted by both parties, without holding an oral argument.

**2. Written Responses:** Plaintiff is prepared to respond to all of Defendant's attacks and arguments in writing. Plaintiff will not avoid substantive engagement but must avoid physical proximity to Defendant and its agents, and the perilous environment of a federal building.

**3. Waiver of Appearance:** Plaintiff requests that the Court waive any requirement for Plaintiff to personally appear at the hearing on November 18, 2025.

**4. Disability Accommodation—Service by Email:** As a necessary disability accommodation, Plaintiff requests that the Court order all parties and the Clerk of the Court to serve all future documents, notices, orders, and correspondence in this case on Plaintiff exclusively via email. Plaintiff lacks a reliable mailing address, and service by mail is therefore ineffective. Plaintiff's email address for service is: alsunstateline@gmail.com

This request is made to ensure Plaintiff can continue to access the Court without risking their life and liberty. The accommodations sought are necessitated by the extreme circumstances and the history of harassment in this case.

Dated: September 14, 2025

Respectfully submitted,



**J. DOE** Plaintiff, *in pro per*

## I. INTRODUCTION

Plaintiff J. Doe ("Plaintiff"), a disabled, non-binary, undocumented individual representing themself *pro se*, respectfully objects to and opposes the Motion for a More Definite Statement, Motion to Strike, and Motion to Dismiss ("Motion") filed by Defendant Federal Insurance Company ("Defendant").

Defendant's Motion exemplifies a textbook case of bad-faith litigation tactics designed to harass a vulnerable litigant and obstruct access to justice by manufacturing procedural hurdles.

PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, TO STRIKE, AND TO DISMISS; AND COUNTER-MOTION FOR SANCTIONS

Defendant feigns confusion over allegations that are in fact straightforward: Defendant sold an insurance product to Plaintiff's bank, accepted premiums, and induced the bank to market the product by offering Plaintiff additional services free of charge, encouraging Plaintiff to use their account more frequently under the promise of coverage if anything went wrong. Yet when Plaintiff submitted a valid claim, Defendant not only refused to provide coverage but also pressured Plaintiff's bank to close Plaintiff's account without explanation—thereby depriving Plaintiff of both coverage and continued access to financial services.

This conduct is actionable under both **state and federal law**. Under California law, an insurer engages in bad faith when it unreasonably withholds benefits due under a policy. (*Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal.3d 566, 573). The duty of good faith and fair dealing inherent in every insurance contract forbids insurers from frustrating the insured's right to receive policy benefits. (*Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 818). By coercing Plaintiff's bank to terminate Plaintiff's account instead of honoring coverage, Defendant engaged in precisely the kind of oppressive conduct condemned by California courts.

At the federal level, Defendant's conduct also violates multiple statutes designed to protect consumers in the insurance and banking sectors:

1. **Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq.** — By tying insurance coverage to Plaintiff's bank card use and then undermining that arrangement without disclosure, Defendant engaged in unfair credit-related practices.

2. **Electronic Fund Transfer Act (EFTA), 15 U.S.C. §§ 1693 et seq.** — By forcing Plaintiff's bank to close the account without notice or justification, Defendant interfered with Plaintiff's right to access their account, directly violating consumer protections under EFTA.

3. **Consumer Financial Protection Act (CFPA), 12 U.S.C. §§ 5481 et seq.** — Defendant's concealment of policy terms, wrongful denial of coverage, and coercion of the bank to cut off Plaintiff's services constitute "unfair, deceptive, or abusive acts or practices" (UDAAP) prohibited under federal law.

4. **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968** — Defendant's coordinated acts of fraud and coercion—accepting premiums, promising coverage, concealing policy terms, and retaliating by forcing account closure—plausibly amount to a "pattern of racketeering activity" involving mail and wire fraud, actionable under civil RICO.

In addition, Defendant's concealment of material facts—the policy itself, the grounds for denying Plaintiff's claim, and the instructions it gave to Plaintiff's bank—constitutes **fraudulent**

- 3 -

**suppression** under both state and federal law. (*Civ. Code § 1709; 15 U.S.C. § 45 [FTC Act, prohibiting unfair or deceptive practices]*). Defendant's continued refusal to disclose information while simultaneously demanding dismissal of Plaintiff's complaint demonstrates that the Motion itself is an extension of the underlying scheme to defraud.

This Motion is not only meritless but also premature. Plaintiff has filed a **Motion to Remand** this case to Yolo County Superior Court, as Plaintiff's severe disabilities, undocumented status, and lack of a stable home prevent them from safely and meaningfully accessing justice in federal court. The state court provides necessary accommodations—such as robust electronic filing and support for cognitive disabilities—that are critical for Plaintiff. Defendant's aggressive motion practice in this Court, before the fundamental issue of jurisdiction is even settled, highlights the very prejudice Plaintiff faces here and underscores the need for remand.

For the reasons stated herein, Plaintiff respectfully requests that the Court **DENY** Defendant's Motion in its entirety.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Court Should Liberally Construe a *Pro Se* Plaintiff's Pleadings.

It is a long-standing principle that pleadings filed by a *pro se* litigant must be held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Courts must construe *pro se* complaints liberally to ensure that potentially valid claims from vulnerable litigants are not prematurely dismissed due to technical deficiencies. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Defendant's Motion improperly attempts to hold Plaintiff to the standard of an experienced attorney, ignoring both Plaintiff's *pro se* status and the severe disabilities detailed in the attached declaration.

### B. Defendant's Motion for a More Definite Statement Should Be Denied.

A motion for a more definite statement under Federal Rule of Civil Procedure 12(e) is "disfavored" and should only be granted if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." *Sagan v. Apple Computer*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). A Rule 12(e) motion is disfavored and should be denied because the Complaint gives fair notice. Defendant's feigned confusion is particularly disingenuous as the primary breach alleged is not an isolated event in 2019, but Defendant's explicit refusal to participate in the mandatory arbitration required by its own policy approximately four years ago. This ongoing refusal to follow

- 4 -

its contractual dispute resolution process is a central issue. Defendant's misconduct is continuous, and the resulting harm to Plaintiff continues to this day. Defendant has more than enough information to respond, and its motion is a transparent attempt to harass Plaintiff. Such a motion is not a substitute for discovery.

Defendant's argument fails for two reasons:

1. **The Complaint Gives Fair Notice:** The Complaint clearly alleges claims for breach of contract and bad faith arising from an insurance policy. It identifies the parties, the nature of the dispute (denial of an insurance claim), the general timeframe (claim submitted in 2019), and the alleged misconduct (wrongful denial, concealment, threats). This is more than sufficient to give Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendant can reasonably respond by admitting or denying these core allegations.

2. **Defendant Demands Information It Possesses and Has Concealed:** Defendant cynically demands that Plaintiff provide the policy number and other specific details, even though Plaintiff's Complaint explicitly alleges that Defendant has **fraudulently concealed** this very information. (Complaint at ¶ 13). It is fundamentally unjust to demand that a plaintiff plead facts that are exclusively within the defendant's control, especially when the defendant's own wrongdoing is the cause of the plaintiff's inability to access those facts. Plaintiff has a copy of what they believe to be the policy's arbitration clause (Complaint at ¶ 21), but has been denied the full policy document by Defendant.

Defendant's complaints about lacking details on alleged threats, murder, and harassment are a disingenuous attempt to use a pleading motion for discovery. The Complaint provides sufficient notice of this conduct; the specific names, dates, and places are matters for discovery. Defendant can simply deny these allegations in its answer. The motion under Rule 12(e) should be **denied**.

**C. Defendant's Motion to Strike Is Improper and Should Be Denied.**

Motions to strike under Rule 12(f) are also "generally disfavored." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011). A court should not strike material unless it has "no essential or important relationship to the claim for relief" and would cause prejudice to the moving party. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

Defendant seeks to strike Plaintiff's requests for protective orders (Prayer for Relief ¶¶ 8-11), calling them "immaterial" and "scandalous." This argument is baseless and offensive. For a

- 5 -

plaintiff who is undocumented, disabled, and facing threats and harassment, these protective measures are not "immaterial"—they are **essential** to Plaintiff's ability to pursue this litigation without risking their safety and well-being.

- The requests to proceed under a fictitious name, seal documents, and communicate electronically are directly related to protecting Plaintiff from deportation, harassment, and the logistical barriers created by their disabilities and housing instability.

- The request for injunctive relief to prohibit threats and harassment is not "scandalous"; it is a direct response to the "scandalous" conduct alleged in the Complaint. It is based on factual allegations of threats of deportation and violence. (Complaint at ¶¶ 2, 3). To strike this request would be to ignore the gravity of Plaintiff's allegations and the potential danger they face.

Defendant's argument that these requests are duplicative of a state court motion is moot. Defendant itself removed this case to federal court, and Plaintiff must now seek relief from *this* Court. The Motion to Strike should be **denied**.

### D. Defendant's Alternative Motion to Dismiss Fails.

Even under the *Iqbal* plausibility standard, Plaintiff's *pro se* Complaint states valid claims for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court must accept all factual allegations as true. Plaintiff's Complaint states plausible claims. To establish a breach of contract, Plaintiff alleges Defendant breached the policy by not only wrongfully denying the claim, but more significantly, by refusing to honor the policy's mandatory arbitration clause. This refusal is a clear, actionable breach. Furthermore, the Complaint alleges a continuous pattern of bad faith—including this refusal to arbitrate—that has directly caused Plaintiff ongoing harm and permanent disability, plausibly stating a claim for breach of the implied covenant of good faith and fair dealing.

1. **Breach of Contract:** Plaintiff has alleged the existence of a "valid, enforceable insurance contract" provided through their bank (Complaint at ¶ 37), their performance by submitting a claim, Defendant's breach by wrongfully denying the claim and concealing the policy (Complaint at ¶ 39), and resulting damages. The failure to attach the policy or list a policy number is directly explained by Defendant's alleged concealment. This is a plausible claim for relief.

2. **Bad Faith:** The Complaint is replete with allegations of Defendant's bad faith conduct, including threatening a vulnerable claimant with arrest and deportation, concealing the policy, and refusing to honor a legitimate claim. These allegations go far beyond a simple contract dispute and plausibly support a claim for breach of the implied covenant of good faith and fair dealing.

PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, TO STRIKE, AND TO DISMISS; AND COUNTER-MOTION FOR SANCTIONS

The Complaint contains far "more than labels and conclusions." It tells a plausible story of a powerful corporation exploiting a vulnerable individual. The Motion to Dismiss should be **denied**.

**E. The Court Should Impose Sanctions on Defendant for Its Bad-Faith Litigation Tactics.**

Pursuant to **Federal Rule of Civil Procedure 11**, this Court may impose sanctions on a party for presenting a motion for any **improper purpose**, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. FRCP 11(b)(1). Sanctions are also warranted when a motion's legal contentions are not warranted by existing law (i.e., are **frivolous**) or its factual contentions lack evidentiary support. FRCP 11(b)(2)-(3). Sanctions under FRCP 11 are warranted. Defendant's motion is filed for the improper purpose of harassment. Its arguments are frivolous, particularly its pretense of not understanding the claims when its own refusal to arbitrate is a central grievance. This Motion is a continuation of the same bad-faith strategy Defendant employed when it refused to resolve this dispute years ago. This pattern of abuse, designed to exploit Plaintiff's vulnerabilities, warrants significant sanctions to deter future misconduct.

Defendant's conduct warrants sanctions for several reasons:

1. **Improper Purpose of Harassment:** Defendant is aware of Plaintiff's extreme vulnerabilities, including their disability, undocumented status, and homelessness, which are detailed in Plaintiff's Motion to Remand and the declaration herein. Filing a motion full of technical procedural arguments—such as demanding a policy number that Defendant itself is alleged to have concealed—is not a good-faith effort to clarify the pleadings. It is a calculated tactic to exploit Plaintiff's lack of legal training and resources, designed to intimidate and exhaust them into abandoning the case.

2. **Frivolous Legal Arguments:** It is a frivolous and disingenuous legal argument for Defendant to claim the Complaint is too vague for them to understand. The Complaint clearly outlines a case for breach of an insurance contract and bad faith. Defendant's assertion that it cannot respond without information that is exclusively within its own possession is absurd and made in bad faith.

3. **Pattern of Misconduct:** This Motion is the latest step in a pattern of abusive conduct. Defendant improperly removed this case to federal court knowing this forum would create insurmountable barriers for a disabled, unhoused plaintiff. This "remov[al] in bad faith" is, in itself,

a sanctionable abuse of the judicial process. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

This Court has the inherent power to sanction conduct that abuses the judicial process. Plaintiff respectfully requests that the Court issue an order to show cause why Defendant and its counsel should not be sanctioned for their conduct.

## III. CONCLUSION

Defendant's Motion is a meritless procedural attack designed to exhaust and intimidate a vulnerable *pro se* Plaintiff. It should be seen for what it is: an extension of the bad-faith conduct alleged in the Complaint. Plaintiff respectfully urges the Court to first rule on the pending Motion to Remand. In the alternative, Plaintiff requests that the Court **DENY** Defendant's Motion in its entirety. If the Court finds any part of the Complaint deficient, Plaintiff requests leave to amend, as is freely given to *pro se* litigants. Furthermore, Plaintiff respectfully requests the Court **GRANT** Plaintiff's Counter-Motion for Sanctions and order Defendant to pay monetary sanctions sufficient to deter such malicious conduct in the future.

Dated: September 14, 2025

Respectfully submitted,

**J. DOE** Plaintiff, *in pro per*

## IV. DECLARATION OF J. DOE

I, J. Doe, declare as follows:

1. I am the Plaintiff in this action, *J. Doe v. Federal Insurance Company, et al.*, and I am proceeding *pro se*. I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would competently testify thereto.

2. I am a person with multiple severe disabilities, including cognitive disorders that affect my memory, comprehension, and ability to process complex information. To read and understand legal documents, I must use computer software that reads text aloud and provides translation assistance. My disabilities also prevent me from being able to meaningfully participate in live, oral arguments in a courtroom setting.

3. I am also an undocumented person and am non-binary. My undocumented status makes me extremely vulnerable. Agents I believe are connected to the Defendant have used my status to

- 8 -

threaten me with arrest and deportation in an effort to get me to drop my insurance claim. This is why I fear for my safety and must proceed in this litigation under a pseudonym.

4. I do not have a reliable permanent mailing address, which makes litigating in a court that relies heavily on paper filings and mail service, like this federal court, nearly impossible for me. I depend on email and electronic systems to communicate and manage my case.

5. Because of these challenges, I have filed a Motion to Remand this case back to the Yolo County Superior Court. The state court system provides crucial accommodations that I need to have a fair chance at justice, including a user-friendly e-filing system and established procedures for litigants with disabilities like mine.

6. My lawsuit is based on an insurance policy provided to me through my bank, which was underwritten by Defendant Federal Insurance Company. In or around July 2019, I submitted a legitimate claim under that policy.

7. My lawsuit is based on Defendant's continuous misconduct that began after I submitted a legitimate claim in 2019. More importantly, the central breach of contract occurred less than four years ago when Defendant refused to participate in the mandatory arbitration that was required by the insurance policy. They simply refused to follow their own rules to resolve the dispute.

8. Defendant's bad-faith conduct has not been a single event; it has been a continuous and ongoing pattern of behavior since 2016. The severe stress and relentless difficulty caused by this years-long refusal to act in good faith have directly caused my now-permanent disability and severe, ongoing emotional distress.

9. Defendant's current motion, focusing only on 2019, feels like a deliberate attempt to mislead the Court and ignore the main reason we are here: their refusal to arbitrate years ago and their continuous misconduct ever since. This is just another tactic to cause delay and harm me further.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 14, 2025, in Woodland, California.

J. DOE Plaintiff, *in pro per*

- 9 -

PLAINTIFF'S OBJECTION AND OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, TO STRIKE, AND TO DISMISS; AND COUNTER-MOTION FOR SANCTIONS

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

J. DOE,

                      Plaintiff,

        vs.

FEDERAL INSURANCE COMPANY,
and DOES 1 through 50, inclusive,

                  Defendants.

) **Case No.: 2:25-cv-02553-DAD-CSK**
) **[PROPOSED] ORDER DENYING**
) **DEFENDANT'S MOTION FOR A MORE**
) **DEFINITE STATEMENT, TO STRIKE,**
) **AND TO DISMISS; AND GRANTING**
) **PLAINTIFF'S COUNTER-MOTION**
) **FOR SANCTIONS**
) **DATE:** November 18, 2025
) **TIME:** 10:00 a.m.
) **Courtroom:** 25
)

This matter came before the Court on November 18, 2025, for a hearing on the Motion filed by Defendant Federal Insurance Company ("Defendant") and Plaintiff J. Doe's Counter-Motion for Sanctions.

Having considered the pleadings, declarations, and the arguments presented, the Court finds that Defendant's Motion is not only without merit but was also filed for an improper purpose, in violation of **Federal Rule of Civil Procedure 11**. The Motion is part of a pattern of conduct designed to harass a vulnerable *pro se* litigant and leverage their disability and homelessness to gain an unfair advantage in this litigation. Such conduct abuses the judicial process and will not be tolerated.

Accordingly, **IT IS HEREBY ORDERED** that:

1.    Defendant Federal Insurance Company's Motion for a More Definite Statement, to Strike, and to Dismiss is **DENIED** in its entirety.

2.    Plaintiff J. Doe's Counter-Motion for Sanctions is **GRANTED**.

3.    As a sanction for its bad-faith litigation conduct, Defendant and its counsel of record are ordered to pay a penalty of **$2,500.00** to the Clerk of the Court within **21 days** of this Order to deter future misconduct.

4.    Defendant is further ordered to reimburse Plaintiff for the costs and time spent responding to this frivolous motion. Plaintiff shall submit an accounting of these costs to the Court.

5.    Defendant shall file an Answer to Plaintiff's Complaint within **14 days** of the date of this Order.

**IT IS SO ORDERED.**

Dated:

                                                United States District Judge

**Case No.: 2:25-cv-02553-DAD-CSK**

*J. Doe vs Federal Insurance Company, et al*

### CERTIFICATE OF SERVICE BY EMAIL

I, Alex Emer, declare as follows:

1. I am over the age of eighteen and not a party to this action. I voluntarily assisted Plaintiff J. Doe in serving the documents listed below. My email address is alekemerald@gmail.com

2. On September 14, 2025, I caused a true and correct copy of the following documents to be served via email on all counsel of record for the Defendant in this action:

- Plaintiff's Objection and Opposition to Defendant's Motion for a More Definite Statement, to Strike, and to Dismiss;
- Counter-Motion for Sanctions Pursuant to Frcp 11;
- Memorandum of Points And Authorities;
- Declaration of J. Doe;
- Proposed Order.

3. The email address used for service is:

- Mallory Y. Schorr, Esq. – MSchorr@londonfischer.com

4. Service by email is made in accordance with Fed. R. Civ. P. 5(b)(2)(E) and any applicable Local Rules of the Eastern District of California.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct.

Executed on September 14, 2025 at Sacramento, California

*Alex Emer*

**Case No.: 2:25-cv-02553-DAD-CSK**
*J. Doe vs Federal Insurance Company, et al*

## CERTIFICATE OF SERVICE BY EMAIL

I, Alex Emer, declare as follows:

1.      I am over the age of eighteen and not a party to this action. I voluntarily assisted Plaintiff J. Doe in serving the documents listed below. My email address is alekemerald@gmail.com

2.      On September 11, 2025, I caused a true and correct copy of the following documents to be served via email on all counsel of record for the Defendant in this action:

   o      Motion to Remand to Yolo County Superior Court

   o      Declaration of J. Doe in Support of Motion to Remand

   o      Memorandum of Points and Authorities

   o      Request for Judicial Notice

   o      Proposed Order

3.      The email address used for service is:

   o      Mallory Y. Schorr, Esq. – MSchorr@londonfischer.com

4.      Service by email is made in accordance with Fed. R. Civ. P. 5(b)(2)(E) and any applicable Local Rules of the Eastern District of California.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct.

Executed on September 11, 2025 at Sacramento, California

*Alex Emer*

*Emer*