J. Doe, Plaintiff Pro Se
General Delivery
Woodland, CA 95695-9999

**FILED**

**Sep 5, 2025**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 8/2025 8:25 AM
By A. Sagan Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF YOLO

| | |
|---|---|
| J. DOE,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY (PART OF THE CHUBB GROUP OF INSURANCE COMPANIES), and DOES 1-50<br><br>Defendant(s). | **Case No.:  CV2025-2193**<br><br>**NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOE PLAINTIFF**<br><br>**Hearing Date:**  9/1 8/2025<br><br>**Place:**  1 1<br><br>**Time:**  9:00AM |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on Date above at time above or as soon thereafter as the matter may be heard, in Department above of the above-entitled Court, "Doe," will and does hereby move this Court for a Protective Order pursuant to California Code of Civil Procedure §§ 128(a), 527.6, 2017.020, 2025.420, and California Rules of Court, Rules 2.550 and 2.551.

Plaintiff specifically requests the following orders:

1.     An order granting Plaintiff leave to proceed in this action under the pseudonym **"Doe"** and to redact all personally identifying information from all filings, past and future.

2.     An order to **seal the records** in this case to protect Plaintiff from further harassment, intimidation, and malicious persecution.

3.     An order permitting Plaintiff to appear at all court proceedings, including hearings and depositions, **by telephonic or other audio-only means, without the use of video**.

4.     An order requiring all communications, notices, and service of documents between the parties to be conducted **exclusively by electronic means (email)**, with no requirement for physical service or personal appearance.

- 1 -

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF DOE PLAINTIFF

5.     A permanent **restraining order** prohibiting Defendant, and any of their agents, investigators, or accomplices, from contacting, harassing, threatening, or coming within 500 yards of Plaintiff.

6.     An order specifically prohibiting Defendant and their agents from attempting to discover Plaintiff's physical location or personal information, and from using any such information to report Plaintiff to any governmental agency (including immigration authorities), criminal entities, or any other third party for the purpose of malicious harassment or persecution.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Doe Plaintiff, the pleadings and records on file in this action, and upon such other evidence and argument as may be presented to the Court at the time of the hearing.

Dated: August 12, 2025



Doe Plaintiff, Pro Se

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff ("Doe") is a non-binary, disabled, Jewish alien with very limited English proficiency. Plaintiff has been the victim of a relentless campaign of harassment, discrimination, and intentional infliction of emotional distress by the Defendant. This campaign has included vile anti-Semitic statements, Holocaust denial, threats of violence, and the exploitation of Plaintiff's significant vulnerabilities. Defendant has a history of maliciously reporting Plaintiff to authorities to cause further harm. Due to the extreme and credible threat of severe emotional distress, re-traumatization, and physical danger—including potential immigration consequences—Plaintiff respectfully requests this Court issue a comprehensive protective order. This order is necessary not only to protect Plaintiff but also to ensure the integrity of the judicial process by allowing a vulnerable party to seek justice without fear of retaliation.

**II. LEGAL ARGUMENT**

**A. The Court Should Permit Plaintiff to Proceed Under a Pseudonym.**

A court may permit a party to use a pseudonym where necessary "to protect a person from harassment, injury, ridicule, or personal embarrassment." Cal. Rules of Court, Rule 2.550(d). The

- 2 -

court must balance the public's right to open proceedings against the plaintiff's interest in privacy and safety. See *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

Here, the balance overwhelmingly favors anonymity. Plaintiff is a member of multiple protected and vulnerable groups. Defendant's conduct has been explicitly targeted at Plaintiff's Jewish identity (anti-Semitism, Holocaust denial) and has included threats. Forcing Plaintiff to reveal their identity would expose them to a high risk of retaliatory harm from Defendant and potentially others, and would subject them to intense public stigma and fear, particularly given their precarious immigration status. The fear of having their name and location reported to immigration authorities is a potent tool of intimidation that proceeding under a pseudonym would help mitigate.

**B. Good Cause Exists to Seal the Records in this Matter.**

Under California Rules of Court, Rule 2.550, a court may order a record sealed if it finds an "overriding interest that overcomes the right of public access to the record," that the interest "supports sealing," and that a "substantial probability exists that the overriding interest will be prejudiced if the record is not sealed."

Here, the overriding interest is the protection of Plaintiff's physical safety, mental health, and right to be free from malicious persecution based on their disability, religion, and immigration status. The record contains highly sensitive details about Plaintiff's past trauma, including enslavement and forced labor, as well as their current vulnerabilities. Public access to this information would create a substantial probability of prejudice, as Defendant has already demonstrated a willingness to use personal information to maliciously report Plaintiff to authorities. Sealing the record is the only way to prevent this weaponization of the judicial process.

**C. The Court May Fashion a Protective Order to Prevent Undue Burden and Harassment During Discovery and Court Proceedings.**

A court has inherent power to control the proceedings before it. Cal. Code Civ. Proc. § 128(a). More specifically, upon a showing of "good cause," a court may make any order that justice requires to protect a party from "unwarranted annoyance, embarrassment, or oppression, or from undue burden and expense." Cal. Code Civ. Proc. §§ 2017.020, 2025.420(b).

1.   **Appearance Without Video:** Plaintiff is a disabled individual who has suffered immense trauma. Forcing Plaintiff to appear on video during depositions or hearings would be intensely re-traumatizing, causing severe emotional distress that would impede their ability to participate meaningfully in the proceedings. This is a reasonable accommodation for Plaintiff's disability and a necessary measure to prevent "unwarranted annoyance...or oppression."

2.    **Electronic Communication Only:** Requiring all service and communication to be conducted via email serves two purposes. First, it protects Plaintiff's physical location from being discovered by Defendant or their agents through the use of process servers. Second, it reduces the burden on a disabled person with limited English to manage physical mail and travel. This is a just and reasonable modification under the circumstances.

### D. The Court Should Issue a Comprehensive Restraining Order.

California Code of Civil Procedure § 527.6 provides for the issuance of a restraining order to prevent harassment. Harassment is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose."

Defendant's conduct—including threats, anti-Semitic slurs, and past malicious reporting—constitutes a clear and willful course of conduct that has seriously alarmed and harassed Plaintiff. A restraining order is necessary to prevent future harm. This order must explicitly prohibit Defendant and their agents from searching for Plaintiff's location or personal information. Given Defendant's past behavior, there is a credible threat they will use investigators to find Plaintiff or use discovered information to report Plaintiff to immigration or other authorities. Such an act would serve no legitimate purpose and would be the ultimate form of harassment and intimidation.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for a Protective Order in its entirety.

Dated: August 12, 2025



Doe Plaintiff, Pro Se

### DECLARATION OF DOE PLAINTIFF

I, Doe, declare as follows:

1.    I am the Plaintiff in this action. I have personal knowledge of the facts stated in this declaration, and if called as a witness, I could and would competently testify thereto.

2.    I submit this declaration in support of my Motion for a Protective Order.

3.    I am a non-binary, disabled, Jewish alien. I am not a US-born citizen and my English proficiency is very limited. I am deeply terrified of all authorities.

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOE PLAINTIFF

4. For two decades in the United States, I was subjected to conditions of enslavement, where I was forced to perform labor for only food and shelter, was constantly humiliated, and was denied basic human rights. This experience has left me with severe and lasting psychological trauma and a profound fear for my safety and well-being.

5. Defendant was aware of my history and my vulnerable mental and emotional state. Instead of showing compassion, Defendant systematically harassed, bullied, and discriminated against me.

6. Defendant took advantage of my hospitality and trust, and then began a campaign of abuse. Defendant has made numerous anti-Semitic statements to me, including denying the Holocaust, which is deeply painful and frightening to me as a Jewish person.

7. Defendant has made threats against me which have caused me to fear for my physical safety. Defendant has also intentionally and repeatedly mocked and denied the reality of my past enslavement, which has caused me extreme emotional distress.

8. On at least one prior occasion, Defendant maliciously reported me to authorities for the sole purpose of causing me harm and distress. I live in constant fear that Defendant will do this again, specifically by reporting me to immigration authorities or by giving my information to criminals.

9. Because of Defendant's actions, I suffer from severe anxiety, depression, and post-traumatic stress. The thought of appearing on video in any court proceeding where Defendant can see me is unbearable and would cause a severe psychological reaction. It would make it impossible for me to focus and participate in my own case.

10. If my name and personal information are made public, I am certain that Defendant will use it to find my location and continue the harassment, or will report me to immigration authorities to have me deported. I believe this is Defendant's goal.

11. For these reasons, I respectfully request that the Court grant my requests to proceed as "Doe," seal the case file, allow me to appear without video, mandate all communication be by email, and issue a permanent restraining order prohibiting Defendant and their agents from trying to find me or report me to any authorities.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 12, 2025 at Woodland, California.

*Doe*

Doe Plaintiff, Pro Se

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DOE PLAINTIFF

RECEIVED
YOLO SUPERIOR COURT
8/2025 8:25 AM
By: A. Sagara, Deputy

J. Doe, Plaintiff Pro Se
General Delivery
Woodland, CA 95695-9999

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF YOLO**

| | |
|---|---|
| J. DOE, ) | Case No.: CV2025-2193 |
| ) | |
| Plaintiff, ) | **[PROPOSED] ORDER** |
| ) | |
| vs. ) | **GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| ) | |
| FEDERAL INSURANCE COMPANY ) | |
| ) | |
| (PART OF THE CHUBB GROUP OF ) | **DATE:**    9 /18/20 25 |
| ) | |
| INSURANCE COMPANIES), ) | **TIME:**    9 :0 0 A M |
| ) | |
| and DOES 1-50, ) | **DEPT:**    11 |
| ) | |
| Defendant(s). ) | |
| ) | |

The motion of Plaintiff for a Protective Order came on for hearing on date above in Department above of this Court.

The Court, having considered the motion, the memorandum of points and authorities, the declaration of Doe Plaintiff, the pleadings on file, and the arguments presented, and finding good cause appearing,

IT IS HEREBY ORDERED THAT:

1.      Plaintiff's motion is GRANTED.

2.      Plaintiff is granted leave to proceed in this action under the pseudonym "Doe". All current and future filings shall refer to Plaintiff as such.

3.      The Clerk of the Court is directed to SEAL THE RECORD in this case in its entirety. Access to the record shall be available only to the parties, their counsel of record, and court personnel.

4.      Plaintiff is permitted to appear at all court proceedings, including but not limited to hearings, conferences, and depositions, by telephonic or other audio-only means, without the use of video.

- 1 -

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

5.     All communications, notices, and service of documents between the parties shall be conducted exclusively by electronic mail (email). No party shall be required to accept or effectuate physical service.

6.     Defendant(s) and their attorneys, agents, employees, investigators, and any person acting in concert or at their direction, are hereby PERMANENTLY RESTRAINED AND ENJOINED from doing any of the following to Doe Plaintiff:

a. Harassing, intimidating, molesting, attacking, striking, threatening, assaulting (sexually or otherwise), hitting, abusing, or destroying the personal property of Plaintiff.

b. Contacting Plaintiff, either directly or indirectly, in any way, including but not limited to, by telephone, mail, or e-mail (except as permitted for service of legal documents under paragraph 5).

c. Coming within 500 yards of Plaintiff's residence, vehicle, or person.

d. Attempting to learn or discover the location of Plaintiff's residence or whereabouts.

7.     Defendant, and their agents as described in paragraph 6, are further specifically prohibited from using or attempting to use any personal information of Plaintiff, or hiring or directing any third party to do so, for the purpose of reporting Plaintiff to any governmental agency (including U.S. Immigration and Customs Enforcement, Customs and Border Protection, or any other government authority), or any criminal or private entity for any malicious purpose.

8.     This Order shall take effect immediately and shall remain in full force and effect until further order of this Court.


IT IS SO ORDERED.


DATED:


_____
Judge of the Superior Court

- 2 -

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

32