UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE., | Case No. 2:25-cv-02553-DAD-CSK |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATIONS |
| v. | |
| FEDERAL INSURANCE COMPANY, et al., | (ECF Nos. 5, 13, 26, 32, 33, 34) |
| Defendants. | |

Plaintiff J. Doe is proceeding in this action pro se.[1] Pending before the Court are the following motions: (1) a motion for a more definite statement and motion to strike, or in the alternative, motion to dismiss filed by Defendant Federal Insurance Company (ECF No. 5); (2) motions to remand filed by Plaintiff (ECF Nos. 13, 26); (3) a motion to proceed under a pseudonym and for a protective order filed by Plaintiff (ECF No. 32); (4) a renewed request for reasonable accommodations and e-filing access filed by Plaintiff (ECF No. 33); and (5) a motion to proceed in forma pauperis ("IFP") filed by Plaintiff (ECF No. 34). Briefing is closed for all motions. On September 24, 2025, the Court vacated the hearings on Defendant's motion for a more definite statement (ECF

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

No. 5) and Plaintiff's motion to remand (ECF No. 13), and submitted them without appearance and without argument upon the completion of briefing. (ECF Nos. 16, 17.) Pursuant to Local Rule 230(g), the Court also submits Plaintiff's miscellaneous motions (ECF Nos. 26, 32, 33, 34) upon the record and briefs.

For the reasons that follow, the Court recommends GRANTING Defendant's motion to dismiss the Complaint with leave to amend (ECF No. 5). Furthermore, the Court ORDERS the following: (1) Plaintiff's motions to remand (ECF No. 13, 26) are DENIED as moot; (2) Plaintiff's motion to proceed under a pseudonym (ECF No. 32) is GRANTED: (3) Plaintiff's motion for a protective order (ECF No. 32) is DENIED; (4) Plaintiff's renewed request for reasonable accommodations and e-filing access (ECF No. 33) is DENIED; and (5) Plaintiff's requests to proceed IFP (ECF Nos. 33, 34) is DENIED as unnecessary.

## I.      BACKGROUND

### A.      Factual Allegations[2]

Plaintiff alleges they were "a customer and an insured" of Defendant under a "policy provided to Plaintiff for free by Plaintiff's bank" with Plaintiff's "bank paying all premiums on Plaintiff's behalf." Compl. ¶ 11 (ECF No. 1, Exh. A). Plaintiff alleges the policy was a valid and enforceable contract between the parties, where Defendant agreed to provide insurance coverage under specific terms and conditions. *Id*. ¶ 12. Plaintiff alleges Defendant intentionally concealed Plaintiff's insurance policy to prevent Plaintiff from exercising their contractual rights. *Id*. ¶¶ 13, 16.

On or about June 2019, Plaintiff submitted a claim to Defendant under the policy, which was denied by Defendant. Compl. ¶¶ 14-15. Plaintiff alleges Defendant's denial was baseless and fraudulent. *Id*. ¶¶ 15-16. On or about August 10, 2021, Plaintiff filed a

---

[2]  These facts primarily derive from the Complaint (ECF No. 1, Exh. A), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Demand for Arbitration consistent with the policy's arbitration clause to resolve the denial of Plaintiff's claim. Id. ¶¶ 17, 21-22. Plaintiff alleges Defendants prejudiced and biased the arbitration proceedings by harassing Plaintiff with meaningless and burdensome procedural demands, leading to a dismissal of Plaintiff's arbitration proceedings. *Id*. ¶¶ 18-20. Plaintiff alleges Defendant has now refused to participate in arbitration proceedings and that Defendant has provided false information to California Department of Insurance and the New York State Department of Financial Services concerning complaints filed by Plaintiff regarding Defendant's refusal to arbitrate. *Id*. ¶¶ 22-25. Plaintiff further alleges Defendant has engaged in a pervasive pattern of harassing, abusive, and discriminatory conduct against Plaintiff by misgendering Plaintiff; threatening Plaintiff with arrest, detention, and deportation; making overt anti-Semitic and xenophobic remarks to Plaintiff; and murder threats. *Id*. ¶¶ 27-30, 32. As a result of Defendant's conduct, Plaintiff alleges they have suffered emotional distress that has led to permanent disability, pain and suffering, and has resulted in multiple hospitalizations. *Id*. ¶ 31-32.

### B. Procedural Posture

Plaintiff initiated this action in Yolo County Superior Court against Defendant on August 1, 2025. *See* Compl. Plaintiff brings the following five causes of actions: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) intentional infliction of emotional distress; (4) discrimination in violation of Cal. Civ. Code §§ 51, et seq.; and (5) unlawful, unfair and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. *Id*. ¶¶ 36-62. For relief, Plaintiff seeks monetary damages and other forms of relief. *Id*. at 14-15.

On September 5, 2025, Defendant removed this action on the basis of diversity jurisdiction. Removal (ECF No.1). On September 12, 2025, Defendant filed the pending motion for a more definite statement and motion to strike, or in the alternative, motion to dismiss, and set it for a hearing on November 18, 2025 before the undersigned. Def. Mot. (ECF No. 5). On September 17, 2025, Plaintiff filed their opposition, and Defendant

filed its reply on September 29, 2025. (ECF Nos. 9, 20.) On October 8, 2025, Plaintiff filed a sur-reply to Defendant's reply, which Defendant objects to as it was filed without court approval. (ECF Nos. 24, 28.)

## II.    LEGAL STANDARDS

### A.    Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.    Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 171.

/ / /

/ / /

### III.    DISCUSSION

Prior to addressing Defendant's motion, the Court addresses preliminary issues relating to Plaintiff's motion to proceed under pseudonym and filing of an unauthorized sur-reply.

### A.    Plaintiff's Motion to Proceed Under Pseudonym

Plaintiff seeks to proceed under a pseudonym because Plaintiff argues they have been targeted by Defendant due to their Jewish identity and therefore seek to proceed with anonymity in this action to protect them from retaliation and public stigma, especially in light of their immigration status. (ECF No. 32 at 2-3.) Defendant opposes Plaintiff's motion arguing that Plaintiff fails to establish any of the elements with competent non-conclusory evidence. (ECF No. 4 at 3-4.)

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, the court may "conceal[ ] parties' identities in order to protect them from retaliation by third parties and also to protect nonparties from reprisals." *Does I thru XXIII v. Advanced Textile*, 214 F.3d 1058, 1067 (9th Cir. 2000). When a party opposes a party proceeding under a pseudonym, a district court must balance five factors: "'(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears,… (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Doe*, 596 F.3d at 1042 (citing *Does I thru XXIII*, 214 F.3d at 1068). The Ninth Circuit has identified three situations where courts have permitted plaintiffs to use pseudonyms: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature[;]' and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]'" *Does I thru XXIII*, 214 F.3d at 1068 (internal citations omitted).

The Court finds that Plaintiff has sufficiently made a showing, at least at this stage

in the proceedings, of the need for Plaintiff to proceed under a pseudonym. In light of Plaintiff's fear of retaliatory harm due to their identity and immigration status by Defendant and others, Plaintiff has sufficiently shown that their circumstances establish a privacy interest in maintaining anonymity. Accordingly, the Court grants Plaintiff's motion to proceed under a pseudonym. *See* ECF No. 32. Plaintiff is permitted to proceed under a pseudonym through pre-trial proceedings. If this case proceeds to trial, the parties shall raise the pseudonym issue with the court to address how to proceed.

### B.   Plaintiff's Sur-Reply

On October 8, 2025, Plaintiff filed objections to Defendant's reply, which the Court construes as a sur-reply. (ECF No.24.) Plaintiff did not seek or receive leave of court to do so. Plaintiff did not have a right to file a sur-reply under the Local Rules or the Federal Rules of Civil Procedure. *See* E.D. Cal. Local Rule 230(m). In addition, Defendant's reply did not raise any new arguments or evidence that would justify granting a request to file a sur-reply. The Court therefore declines to consider Plaintiff's sur-reply.

### C.   Motions to Dismiss

Defendant moves for a more definite statement and to strike portions of the Complaint, or in the alternative to dismiss the entire Complaint for failure to state a claim. Def. Mot. Because the Court finds Plaintiff fails to state a claim, the Court will not address Defendant's alternative grounds.

Defendant argues Plaintiff has failed to plead sufficient facts to support each cause of action and instead relies on vague and conclusory allegations. Def. Mot. at 8. Defendant further argues Plaintiff does not identify the policy at issue, the events or circumstances leading to Plaintiff's claims, or the basis for Defendant's denial of Plaintiff's policy claim. *Id.* Plaintiff opposes Defendant's motion arguing "Defendant sold an insurance product to Plaintiff's bank, accepted premiums, and induced the bank to market the product by offering Plaintiff additional services free of charge" and encouraged Plaintiff to use their account more frequently. Pl. Opp'n. at 3 (ECF No. 9). Plaintiff further alleges Defendant refused to provide coverage after Plaintiff submitted a

6

valid claim and pressured Plaintiff's bank to close Plaintiff's account without explanation. *Id.* Plaintiff argues their failure to attach or identify the policy is due to Defendant's concealment. *Id*. at 6. Based on this conduct, Plaintiff alleges for the first time that Defendant violates the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq.; the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693, et seq.; the Consumer Financial Protection Act, 12 U.S.C. §§ 5481, et seq.; and Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968. *Id*. at 3-4.

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry*, 84 F.3d at 1177. Although Plaintiff raises specific causes of action, Plaintiff fails to provide the factual basis for each claim and specifically, does not identify the specific policy at issue and the particular acts by Defendant related to the issues raised by Plaintiff. In its current form, the Complaint fails to provide Defendant with fair notice of the grounds on which each claim rests. The allegations in the Complaint are vague, conclusory and fail to provide sufficient specificity to provide Defendant with notice of Plaintiff's allegations. *See Bautista v. Los Angeles Cnty*., 216 F.3d 837, 840 (9th Cir. 2000) ("To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of [their] claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case."). In addition, Plaintiff also seeks to raise additional federal claims not originally raised in the Complaint, thereby making it unclear which claims Plaintiff is seeking to proceed on.

*Compare* Compl., *with* Pl. Opp'n. at 3-4. Because it is not clear whether Plaintiff can allege additional facts to state a viable claim, and which claims Plaintiff is seeking to raise, the Court will recommend granting Plaintiff leave to amend.

### D.    Leave to Amend

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Leave to amend should be "freely given when justice so requires" absent any declared or apparent reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2).

The Court finds it appropriate to grant Plaintiff an opportunity to amend the Complaint. Plaintiff will be provided an opportunity to amend their Complaint to the extent they can allege facts that sufficiently plead their claims. Plaintiff is warned that conclusory and broad allegations are insufficient to meet Rule 8. Therefore, the Court recommends the Complaint be dismissed with leave to amend.

The allegations of the amended complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. *See* Fed. R. Civ. P. 10(b). Forms are available to help Plaintiff organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms. The amended complaint filed should be titled "First Amended Complaint." **Plaintiff should not file a First Amended Complaint until after the district judge rules on these findings and recommendations. The district**

8

**judge's order will address whether Plaintiff has permission to file a First Amended Complaint and if leave to amend is granted, the deadline for filing.**

The amended complaint must not require the Court and the defendant to guess at what is being alleged against whom. *See McHenry*, 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff[] to submit." *Id*. at 1180. The amended complaint must not require the Court and defendant to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012).

**E.    Plaintiff's Miscellaneous Motions**

Plaintiff has also filed multiple miscellaneous motions. (ECF Nos. 13, 26, 32, 33, 34.) The Court addresses each in turn.

Plaintiff has filed two motions to remand this action to state court. (ECF No. 13, 26.) In light of the Court's recommendation that the Complaint be dismissed with leave to amend, Plaintiff's motions to remand are denied as moot. *See* ECF Nos. 13, 26.

Plaintiff has also filed a "motion for a protective order" which includes multiple requests in a single filing. (ECF No. 32.) Plaintiff seeks the following relief: (1) an order to seal this action to protect Plaintiff from "further harassment, intimidation, and malicious persecution;" (2) an order permitting Plaintiff to appear at all court proceedings, including hearings and depositions, by audio only; (3) an order requiring all communications, notices, and service of documents between parties to be conducted by electronic means

only with no requirement for physical service or personal appearance; (4) an order prohibiting Defendant from attempting to discover Plaintiff's physical or personal information and from using such information to report Plaintiff to any governmental agency, including immigration authorities; and (5) a permanent restraining order against Defendant. (*Id.* at 1-2.) In light of the recommended dismissal of the Complaint, Plaintiff's multiple filings will be denied as there is no operative complaint in this action. Moreover, Plaintiff's requests for a protective order and to seal the action are denied as Plaintiff has failed to make the requisite showing under applicable law. *See* E.D. Cal. Local Rules 141; 141.1.

Plaintiff also seeks to proceed IFP in this action due to inability to pay fees and costs. (ECF Nos. 33, 34.) Defendant removed this action to this Court and paid the filing fee. *(*ECF No. 1.) Plaintiff is therefore not required to pay the filing fee. Accordingly, Plaintiff's requests to proceed IFP are denied as moot. *See* ECF Nos. 33, 34.

Finally, Plaintiff renews their request for e-filing access to file documents in CM/ECF in light of Plaintiff's disabilities and immigration status. (ECF No. 33 at 2-4.) In the alternative, Plaintiff requests an order directing the Clerk of the Court to accept Plaintiff's filings by email, waive the original signature requirement, and provide a standing 14-day extension to respond to any filing. (*Id*. at 4.) The Court previously addressed plaintiff's motion for e-filing access on September 24, 2025 and denied the motion with respect to utilizing the CM/ECF system to file documents but granted Plaintiff electronic service of documents. 9/24/2025 Order (ECF No. 15.) The Clerk of the Court also previously configured Plaintiff's account so that Plaintiff would receive immediate email notifications when documents are filed. 9/17/2025 Order (ECF No. 7.) Plaintiff's renewed request does not demonstrate good cause to depart from the normal filing procedure for unrepresented litigants. Plaintiff's requests for filing by email, waiver of original signature, and a standing extension to respond, are also denied. Plaintiff is reminded of the requirement to follow the Local Rules, the Federal Rules of Civil Procedure, and court orders. Accordingly, Plaintiff's renewed request for e-filing access

is denied. *See* ECF No. 33.

**Plaintiff is further cautioned to carefully review the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of California,[3] and Judge Kim's Civil Standing Orders.[4] Pro se litigants are expected to know and comply with the rules of civil procedure. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Plaintiff has previously been expressly warned that failure to follow the Local Rules, the Federal Rules of Civil Procedure, and court orders may result in sanctions. *See* 10/17/2025 Order (ECF No. 30.)**

## IV.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.    Plaintiff's motions to remand (ECF Nos. 13, 26) are DENIED as moot;

2.    Plaintiff's motion to proceed under a pseudonym (ECF No. 32) is GRANTED;

3.    Plaintiff's motion for protective order (ECF No. 32) is DENIED;

4.    Plaintiff's renewed request for reasonable accommodations and e-filing access (ECF No. 33) is DENIED; and

5.    Plaintiff's requests to proceed IFP (ECF Nos. 33, 34) are DENIED as unnecessary.

Further, based upon the findings above, it is HEREBY RECOMMENDED that:

1.    Defendant's motion to dismiss (ECF No. 5) be GRANTED with leave to amend; and

---

[3]  The Local Rules of the United States District Court for the Eastern District of California are available on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

[4]   Judge Kim's Civil Standing Orders are available on Judge Kim's webpage on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-chi-soo-kim-csk/.

11

2.    Plaintiff be granted thirty (30) days from any order adopting these findings and recommendations to file a First Amended Complaint consistent with the Court's order. Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, doe2553.25