UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE.,<br><br>              Plaintiff,<br><br>    v.<br><br>FEDERAL INSURANCE COMPANY, et al.,<br><br>              Defendants. | Case No. 2:25-cv-02553-DAD-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 5, 13, 26, 32) |

Plaintiff J. Doe is proceeding in this action pro se.[1] Pending before the Court are the following motions: (1) a motion for a more definite statement and motion to strike, or in the alternative, motion to dismiss filed by Defendant Federal Insurance Company (ECF No. 5); (2) motions to remand filed by Plaintiff (ECF Nos. 13, 26); and (3) a motion to proceed under a pseudonym and for a protective order filed by Plaintiff (ECF No. 32). Briefing is closed for all motions. On September 24, 2025, the Court vacated the hearings on Defendant's motion for a more definite statement (ECF No. 5) and Plaintiff's motion to remand (ECF No. 13), and submitted them without appearance and without argument upon the completion of briefing. (ECF Nos. 16, 17.)  Pursuant to Local Rule

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

230(g), the Court also submits Plaintiff's miscellaneous motions (ECF Nos. 26, 32) upon the record and briefs.

The Court GRANTS Plaintiff's motion to proceed under a pseudonym and DENIES Plaintiff's motion for a protective order (ECF No. 32). Further, for the reasons that follow, the Court recommends GRANTING Plaintiff's motion to remand (ECF No. 13), remanding this action to the Superior Court of California, County of Yolo, and denying Defendant's motion to dismiss (ECF No. 5) as moot.

## I.   BACKGROUND

### A.   Factual Allegations

Plaintiff alleges they were "a customer and an insured" of Defendant under a "policy provided to Plaintiff for free by Plaintiff's bank" with Plaintiff's "bank paying all premiums on Plaintiff's behalf." Compl. ¶ 11 (ECF No. 1, Exh. A). Plaintiff alleges the policy was a valid and enforceable contract between the parties, where Defendant agreed to provide insurance coverage under specific terms and conditions. *Id*. ¶ 12. Plaintiff alleges Defendant intentionally concealed Plaintiff's insurance policy to prevent Plaintiff from exercising their contractual rights. *Id*. ¶¶ 13, 16.

On or about June 2019, Plaintiff submitted a claim to Defendant under the policy, which was denied by Defendant. *Id.* ¶¶ 14-15. Plaintiff alleges Defendant's denial was baseless and fraudulent. *Id*. ¶¶ 15-16. On or about August 10, 2021, Plaintiff filed a Demand for Arbitration consistent with the policy's arbitration clause to resolve the denial of Plaintiff's claim. *Id*. ¶¶ 17, 21-22. Plaintiff alleges Defendants prejudiced and biased the arbitration proceedings by harassing Plaintiff with meaningless and burdensome procedural demands, leading to a dismissal of Plaintiff's arbitration proceedings. *Id*. ¶¶ 18-20. Plaintiff alleges Defendant has now refused to participate in arbitration proceedings and that Defendant has provided false information to California Department of Insurance and the New York State Department of Financial Services concerning complaints filed by Plaintiff regarding Defendant's refusal to arbitrate. *Id*. ¶¶ 22-25. Plaintiff further alleges Defendant has engaged in a pervasive pattern of harassing,

2

abusive, and discriminatory conduct against Plaintiff by misgendering Plaintiff; threatening Plaintiff with arrest, detention, and deportation; making overt anti-Semitic and xenophobic remarks to Plaintiff; and murder threats. *Id*. ¶¶ 27-30, 32. As a result of Defendant's conduct, Plaintiff alleges they have suffered emotional distress that has led to permanent disability, pain and suffering, and has resulted in multiple hospitalizations. *Id*. ¶¶ 31-32.

      **B.**     **Procedural Posture**

      Plaintiff initiated this action in Yolo County Superior Court against Defendant on August 1, 2025. *See* Compl. Plaintiff brings the following five causes of action: (1) breach of contract; (2) breach of covenant of good faith and fair dealing; (3) intentional infliction of emotional distress; (4) discrimination in violation of Cal. Civ. Code §§ 51, *et seq.*; and (5) unlawful, unfair and fraudulent business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq. Id*. ¶¶ 36-62. For relief, Plaintiff seeks monetary damages and other forms of relief. *Id*. at 14-15.

      On September 5, 2025, Defendant removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal at 2-4 (ECF No. 1).

      On September 15, 2025, Plaintiff filed a motion to remand the case to Yolo County Superior Court. (ECF No. 6.) Plaintiff then filed an amended motion to remand on September 22, 2025, which is now pending. Pl. Mot. Remand (ECF No. 13). Defendant filed an opposition on September 29, 2025. Def. Opp'n (ECF No. 21). Plaintiff did not file a reply, but on October 8, 2025, Plaintiff filed a second motion to remand, which Defendant objects to as duplicative and introducing new evidence. (ECF Nos. 26, 27.)

      Defendant filed its motion for a more definite statement and motion to strike, and motion to dismiss in the alternative on September 12, 2025. (ECF No. 5.) On September 17, 2025, Plaintiff filed an opposition to Defendant's motion to dismiss, and Defendant filed its reply on September 29, 2025. (ECF Nos. 9, 20.) On October 8, 2025, Plaintiff filed a sur-reply, which Defendant objects to as having been filed without court approval. (ECF Nos. 24, 28.)

On March 20, 2026, the Court issued an Order and Findings and Recommendations denying Plaintiff's motions to remand (ECF Nos. 13, 26), granting Plaintiff's motion to proceed under a pseudonym (ECF No. 32), denying Plaintiff's motion for protective order (ECF No. 32), denying Plaintiff's request for reasonable accommodations and e-filing access (ECF No. 33), denying Plaintiff's requests to proceed in forma pauperis ("IFP") (ECF Nos. 33, 34), and recommending Defendant's motion to dismiss (ECF No. 5) be granted with leave to amend. 3/20/2026 Order and Findings and Recommendations (ECF No. 36). On March 30, 2026 and April 13, 2026, Plaintiff filed objections to the findings and recommendations and a supplement to Plaintiff's objections. (ECF Nos. 37, 40.) Defendant filed objections and responses to Plaintiff's objections on April 3, 2026. (ECF No. 39.) In light of the parties' objections, on May 6, 2026 the Court vacated the March 20, 2026 Order and Findings and Recommendations. 5/6/2026 Order (ECF No. 41). In the May 6, 2026 order, the Court addressed Plaintiff's renewed request for reasonable accommodations and e-filing access (ECF No. 33) and Plaintiff's requests to proceed IFP (ECF Nos. 33, 34). Defendant's motion to dismiss (ECF No. 5), Plaintiff's motions to remand (ECF No. 13, 26), and Plaintiff's motion to proceed under a pseudonym and for a protective order (ECF No. 32) are now again before the Court.

## II.    LEGAL STANDARDS

### A.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d

4

at 1380. A federal court's jurisdiction may be established in one of two ways:  (1) actions arising under federal law or (2) actions between citizens of different states in which the alleged damages exceed $75,000 (a.k.a. diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). For a case removed without federal jurisdiction, the district court must remand the case back to state court. 28 U.S.C. § 1447(c).

### B.   Removal and Remand

28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

Courts strictly construe the removal statute against removal jurisdiction "and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." *GranCare, LLC v. Thrower*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The strong presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

### III.   DISCUSSION

### A.   Motion to Remand

The parties do not dispute that subject matter jurisdiction in this case relies on

diversity jurisdiction and that complete diversity of citizenship is established. *See* Notice of Removal at 3. Accordingly, the Court addresses only whether the amount in controversy in this action exceeds $75,000 for purposes of diversity jurisdiction.

Although the Complaint does not specify the amount Plaintiff seeks in damages, Defendant's Notice of Removal asserts that the amount-in-controversy requirement is satisfied because Plaintiff's prior arbitration demands to Defendant separately claimed $101,000 and $123,456.78 as the amounts in dispute. Notice of Removal at 4, Exh. C. Plaintiff argues that Defendant fails to meet its burden because the arbitration demands constitute "a speculative valuation" and "[s]uch documents are not determinative of the amount at issue in this lawsuit." Pl. Mot. Remand at 3 (ECF No. 13).

"Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013)). The defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996)). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint," and courts may consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Valdez*, 372 F.3d at 1117 (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

Here, the Court finds that Defendant has not met its burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. The prior arbitration demands that Defendant presents in support of the amount in controversy are insufficient because they do not indicate the basis for Plaintiff's claimed

damages of $101,000 and $123,456.78. *See* Notice of Removal, Exh. C; *see also Estrada v. Tesla, Inc.*, 2024 WL 4893939, at *2 (C.D. Cal. Nov. 25, 2024) (holding that plaintiff's original arbitration demand for $124,152.33 made prior to filing complaint, standing alone, failed to shift defendant's burden to prove amount in controversy on removal); *cf. Woolsey v. State Farm Gen. Ins. Co.*, 672 F. Supp. 3d 1018, 1025-26 (C.D. Cal. 2023) (considering prior demand letter to determine amount in controversy where "[t]he Demand Letter provides detailed calculations that support [plaintiffs'] alleged damages"). Further, Plaintiff states that the amounts claimed in prior arbitration demands are "speculative valuation." Pl. Mot. Remand at 3. Thus, the arbitration demands fail to establish the amount in controversy in this case exceeds $75,000 by a preponderance of the evidence.

In its opposition, Defendant responds that it believed the amount in controversy exceeds $75,000 because "Plaintiff was asked numerous times whether Plaintiff's claims in this action exceeded the jurisdictional threshold," but Plaintiff "refused to directly address Federal's inquiry." Def. Opp'n at 2, 4. Instead, in response to questions about Plaintiff's prior settlement offers, Plaintiff sent their prior arbitration demands. *See* Declaration of Mallory Y. Schorr ¶¶ 4-5, Exh. A-10 (ECF No. 21-1). Though it appears that Plaintiff's refusal to directly respond to Defendant's inquiries has led to unnecessary litigation and delay, an argument based on Plaintiff's non-confirmation of the amount in controversy is unavailing. Courts routinely hold that "Plaintiff's refusal to stipulate to the amount in controversy has no effect in determining the actual amount in controversy at the time of removal." *MIC Philberts Invs. v. Am. Cas. Co. of Reading, Pa.*, 2012 WL 2118239, at *7 (E.D. Cal. June 11, 2012); *see also Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *4 (E.D. Cal. July 14, 2010) ("The opponent of [removal jurisdiction] . . . has no obligation to stipulate to damages or assist the other party in establishing the amount in controversy. [Otherwise,] a defendant could force the plaintiff to choose between stipulating . . . to a limitation of damages[] or litigating in a forum that he did not choose.") (collecting cases); *Buell v. PepsiCo, Inc.*, 2024 WL 2186854 (C.D. Cal. May

15, 2024) (same).[2] Accordingly, the Court finds that Defendant has failed to meet its burden on removal to establish that the amount in controversy in this case exceeds $75,000, and the Court recommends granting Plaintiff's motion to remand.[3]

### B.    Sanctions

Plaintiff requests sanctions against Defendant "under 28 U.S.C. § 1927 and CCP § 128.7"[4] for allegedly removing this case in bad faith. Pl. Mot. Remand at 4. Defendant argues that it sought removal in good faith based on its multiple communications with Plaintiff seeking to determine the amount in controversy. Def. Opp'n at 3-4. The Court recommends denying Plaintiff's request for sanctions as meritless.

Courts may sanction attorneys for "excess costs, expenses, and attorneys' fees" if they "unreasonably and vexatiously" multiply the proceedings in a case. 28 U.S.C. § 1927. Sanctions under Section 1927 "must be supported by a finding of subjective bad faith." *Lake v. Gates*, 130 F.4th 1064, 1070 (9th Cir. 2025) (quoting *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015)). "[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument." *Lake*, 130 F.4th at 1070 (citation omitted). Likewise, under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Courts may also issue sanctions under their inherent authority when attorneys or parties act "in bad faith, vexatiously, wantonly, or for oppressive reasons . . . [or] willfully abuse judicial processes." *Fink v. Gomez*, 239 F.3d

---

[2]   The Court declines to address Defendant's judicial estoppel argument because such an issue is not ripe. *See* Def. Opp'n at 2, 4.

[3]   Because the Court determines that remand is appropriate based on a lack of subject matter jurisdiction, the Court declines to address Plaintiff's remaining arguments for remand based on Plaintiff's disability and purportedly restricted access to federal court. *See* Pl. Mot. Remand at 3-4. The Court likewise declines to address Plaintiff's request for judicial notice as irrelevant to the amount-in-controversy issue. *See id.* at 4-6.

[4]   California Code of Civil Procedure § 128.7 is the state analogue to Federal Rule of Civil Procedure 11, but does not appear to apply in federal court. *See Twin City Fire Ins. Co. v. Spry*, 2014 WL 12564022, at *2 (C.D. Cal. May 12, 2014).

989, 991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

Defendant's notice of removal does not indicate bad faith. Defendant made repeated efforts to discuss Plaintiff's claims and the amount in controversy with Plaintiff. *See* Schorr Decl. ¶¶ 3-8. If anything, it appears that Plaintiff declined Defendant's repeated requests for more information as to the amount in controversy and had Plaintiff provided the additional requested information, removal would not have occurred. Accordingly, the Court recommends denying Plaintiff's request for sanctions. *See McGill v. Pac. Bell Tel. Co.*, 139 F. Supp. 3d 1109, 1121 (C.D. Cal. 2015) (declining to issue Rule 11 sanctions despite agreeing that Defendant's removal "ultimately lacked merit"). The Court also cautions Plaintiff against seeking sanctions that appear to be meritless.

### C.    Motion to Dismiss

Because this action should be remanded to state court, the Court recommends denying as moot Defendant's motion for a more definite statement and to strike portions of the Complaint, or in the alternative to dismiss the Complaint for failure to state a claim. *See*, *e.g.*, *Greathouse v. Long Beach Mortgage Co.*, 2017 WL 5897380, at *1 (C.D. Cal. Nov. 28, 2017).

### D.    Plaintiff's Miscellaneous Motions

Plaintiff has also filed several miscellaneous motions. (ECF Nos. 26, 32.) The Court addresses each in turn.

On October 8, 2025, Plaintiff filed a second motion to remand this action to state court. (ECF No. 26.) In light of the Court's recommendation that Plaintiff's September 22, 2025 motion to remand be granted, Plaintiff's October 8, 2025 motion should be denied as duplicative. (*See* ECF Nos. 13, 26.)

Plaintiff seeks to proceed under a pseudonym because Plaintiff argues they have been targeted by Defendant due to their Jewish identity and therefore seek to proceed with anonymity in this action to protect them from retaliation and public stigma, especially in light of their immigration status. (ECF No. 32 at 2-3.) Defendant opposes Plaintiff's

9

motion arguing that Plaintiff fails to establish any of the elements with competent non-conclusory evidence. (ECF No. 4 at 3-4.) In an abundance of caution, the Court grants Plaintiff's request to proceed by pseudonym in this federal action without prejudice to the issue being revisited after remand.

Plaintiff has also filed a "motion for a protective order" which includes multiple requests in a single filing. (ECF No. 32.) Plaintiff seeks the following relief: (1) an order to seal this action to protect Plaintiff from "further harassment, intimidation, and malicious persecution;" (2) an order permitting Plaintiff to appear at all court proceedings, including hearings and depositions, by audio only; (3) an order requiring all communications, notices, and service of documents between parties to be conducted by electronic means only with no requirement for physical service or personal appearance; (4) an order prohibiting Defendant from attempting to discover Plaintiff's physical or personal information and from using such information to report Plaintiff to any governmental agency, including immigration authorities; and (5) a permanent restraining order against Defendant. (*Id.* at 1-2.) Plaintiff's requests for a protective order and to seal the action are denied as Plaintiff has failed to make the requisite showing under applicable law. *See* E.D. Cal. Local Rules 141, 141.1. In light of the recommendation to remand this action, Plaintiff's remaining other requests filed in ECF No. 32 are denied as moot.

## IV.    CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.    Plaintiff's motion to proceed under a pseudonym (ECF No. 32) is GRANTED; and

2.    Plaintiff's motion for protective order and other requests (ECF No. 32) is DENIED.

Further, based upon the findings above, it is HEREBY RECOMMENDED that:

1.    Plaintiff's motion to remand (ECF No. 13) be GRANTED;

2.    Plaintiff's second motion to remand (ECF No. 26) be DENIED as duplicative;

3.    Defendant's motion for a more definite statement and motion to strike, or in the alternative, motion to dismiss (ECF No. 5) be DENIED;

4.    Plaintiff's request for sanctions (ECF No. 13) be DENIED;

5.    This case be remanded to the Yolo County Superior Court; and

6.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  May 18, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, doe.2553.25

11