**FILED**

J. Doe, Pro Se
General Delivery
Woodland, CA 95695

JUN 01 2026

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE,<br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>et al.,<br><br>Defendants. | **Case No:** 2:25-cv-02553-DAD-CSK (PS)<br><br>**PLAINTIFF'S LIMITED OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS FEDERAL INSURANCE COMPANY, AND RECOMMENDATIONS (ECF No. 43)** |

**TO THE HONORABLE DALE A. DROZD, UNITED STATES DISTRICT JUDGE:**

Plaintiff J. DOE, proceeding pro se and under pseudonym with the Court's permission, respectfully files these limited objections to Magistrate Judge Chi Soo Kim's Findings and Recommendations (ECF No. 43).

Plaintiff agrees with the recommendation to remand this case to Yolo County Superior Court. However, Plaintiff objects to the denial of reasonable accommodations, the denial of the protective order, and the Magistrate Judge's conduct throughout this case. Plaintiff also renews his request that Magistrate Judge Kim be removed from this case.

Under E.D. Cal. Local Rule 304(b), Plaintiff files these objections to the Magistrate Judge's Findings and Recommendations. Plaintiff also preserves objections to the Magistrate Judge's prior non-dispositive orders (ECF Nos. 15, 18, 19, 30) under Local Rule 303.

## I. NO OBJECTION TO REMAND – PLAINTIFF AGREES

Plaintiff does not object to the recommendation that this case be remanded to Yolo County Superior Court. Plaintiff has consistently sought remand since September 2025, filing motions to remand on September 15, 2025 (ECF No. 6), September 22, 2025 (ECF No. 13), and October 8,

- 1 -

2025 (ECF No. 26). Plaintiff agrees that federal jurisdiction is lacking because the amount in controversy does not exceed $75,000. The Magistrate Judge correctly found that Defendant failed to meet its burden of proof on removal.

The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls on the party invoking the statute. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Defendant failed to meet that burden.

Plaintiff requests that the District Court adopt the remand recommendation and order the Clerk to close this federal case promptly. However, Plaintiff objects to the remainder of ECF No. 43 and to the Magistrate Judge's conduct throughout this case, as set forth below.

## II. OBJECTION TO DENIAL OF ALL REASONABLE ACCOMMODATIONS

The Magistrate Judge has denied every disability accommodation Plaintiff requested. Plaintiff objects to these denials and incorporates by reference the detailed arguments made in Plaintiff's Emergency Motion for Reconsideration (filed May 8, 2026, ECF No. 42), Objections to ECF No. 36 (ECF No. 37), and Supplement to Objections (ECF No. 40).

### A. The Accommodations Plaintiff Requested

**Beginning on September 13, 2025, Plaintiff requested the following reasonable accommodations under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794:**

- CM/ECF e-filing access – denied in ECF No. 15 (September 24, 2025), denied again in ECF No. 36 at page 10 (March 20, 2026), denied again in ECF No. 41 at pages 2-3 (May 6, 2026), and effectively denied again in ECF No. 43 (May 18, 2026).

- Audio-only appearances – denied in ECF No. 18 (September 24, 2025) and ECF No. 36 (March 20, 2026).

- Email filing as alternative to paper filing – denied in ECF No. 36 at page 10 (March 20, 2026).

- Waiver of original signature requirement – denied in ECF No. 36 at page 10 (March

- 2 -

20, 2026).

• Standing 14-day extension to respond to filings – denied in ECF No. 36 at page 10 (March 20, 2026).

• PDF attachments to all NEF notifications – implicitly denied; Court never responded.

• Confirmation that no physical mail will be sent to General Delivery – implicitly denied; Court never responded.

**B. The Magistrate Judge Never Conducted an Individualized Assessment**

**Plaintiff disclosed the following to the Court under penalty of perjury in ECF No. 37 at pages 18-20, ECF No. 40, and the April 2, 2026 email to the Court's Access Coordinator:**

• Plaintiff is homeless and has no permanent mailing address.

• Plaintiff cannot retrieve mail from General Delivery because the United States Postal Service requires government-issued identification to pick up mail at General Delivery, and Plaintiff does not possess such identification.

• Plaintiff has severe physical disabilities, including paralysis and chronic pain, which prevent reading or writing on paper.

• Plaintiff has cognitive processing disorders and dyslexia, which make real-time verbal communication, including video appearances, functionally impossible.

• Video causes cognitive overload that prevents Plaintiff from processing information, understanding questions, recalling facts, or articulating responses.

• Plaintiff does not have a phone and uses Google Voice, which requires internet access and is unreliable.

• Plaintiff does not have consistent access to a computer or reliable internet and uses public library computers with limited time.

PLAINTIFF'S LIMITED OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS FEDERAL INSURANCE COMPANY, AND RECOMMENDATIONS (ECF No. 43)

- Plaintiff is an undocumented asylum-seeker with a pending asylum application and lives in constant fear of detention by U.S. Immigration and Customs Enforcement (ICE).

- This Court granted Plaintiff pseudonym status based on these fears in ECF No. 36 at pages 5-6.

The Magistrate Judge never asked Plaintiff a single question about these disabilities or barriers, never requested any additional documentation, never offered any alternative accommodation, and never explained why e-filing could not be granted, why audio-only appearances could not be granted, or why PDF attachments could not be provided – even though Defendant has already demonstrated that emailing PDF attachments is possible (ECF No. 21).

## C. The Magistrate Judge's Denials Lack Individualized Consideration

The Magistrate Judge's denials demonstrate a complete lack of individualized consideration of Plaintiff's circumstances. In ECF No. 15, she denied e-filing access with no reason whatsoever. In ECF No. 18, she denied audio-only appearances with the single sentence: "Telephone appearances are not permitted." She made no mention of Plaintiff's cognitive disabilities that make video participation impossible. In ECF No. 36 at page 10, she denied Plaintiff's renewed request for e-filing access by stating that Plaintiff "does not demonstrate good cause" without any analysis of Plaintiff's homelessness, disabilities, inability to receive mail, lack of transportation, or immigration status. In ECF No. 41 at pages 2-3, she again denied e-filing access with no individualized assessment. In ECF No. 43, she again failed to address or grant any accommodations.

## D. Plaintiff Is Low-Income and Homeless – Making Paper Filing Impossible

Plaintiff has no money. Plaintiff cannot afford transportation, printing, mailing costs, or PACER fees. Plaintiff has no stamps, no envelopes, and no reliable way to access a mailbox. Plaintiff cannot file documents in person at the Sacramento courthouse because Plaintiff is in Yolo County, has no transportation, and appearing at a federal courthouse would expose Plaintiff to ICE

- 4 -

detention. The Court's requirement that pro se parties file in paper – absent a judge's order – effectively excludes Plaintiff from this case entirely.

**E. The Requested Accommodations Are Reasonable**

CM/ECF e-filing access is reasonable because paper filing is impossible for Plaintiff. Plaintiff is homeless, cannot retrieve mail, cannot print documents, cannot afford mailing costs, and cannot appear in person at the courthouse. E-filing is the only possible means for Plaintiff to file documents with this Court.

Audio-only appearances are reasonable because video appearances are impossible due to Plaintiff's cognitive processing disorders, which cause cognitive overload during video communication. Audio-only appearances require no special technology and are routinely granted as accommodations in federal courts.

Confirmation that no physical mail will be sent to General Delivery is reasonable because Plaintiff cannot retrieve mail from General Delivery. The United States Postal Service requires government-issued identification to pick up mail at General Delivery. Plaintiff does not possess such identification.

PDF attachments to all NEF notifications are reasonable because subject-line email notifications with no attachments do not provide meaningful notice. Defendant has already demonstrated that emailing PDF attachments is possible. ECF No. 21.

**F. Legal Violation**

Under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, public entities must make reasonable modifications to accommodate individuals with disabilities. Courts routinely look to the ADA's implementing regulations, including 28 C.F.R. § 35.130(b)(7), for guidance in applying the Rehabilitation Act. The Judicial Conference's disability-access policies in the Guide to Judiciary Policy, Volume 5, Chapter 2 also require federal courts to provide reasonable accommodations

consistent with the Rehabilitation Act. See *Alexander v. Choate*, 469 U.S. 287 (1985) (recognizing reasonable modification requirement under § 504). As the Ninth Circuit held in *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001), this duty requires an individualized assessment of each accommodation request.

The Magistrate Judge's conclusory denials without individualized assessment violate this requirement. To the extent the Magistrate Judge classified these accommodation denials as non-dispositive matters under Rule 72(a), they are clearly erroneous. To the extent they are subject to de novo review as part of the Findings and Recommendations under Rule 72(b), they are erroneous under that standard as well.

Plaintiff seeks injunctive relief requiring reasonable accommodations, not monetary damages; therefore, the deliberate indifference standard for damages does not apply. See *Duvall*, 260 F.3d at 1139 n.9 (distinguishing standards for injunctive vs. monetary relief).

Plaintiff requests that the District Court grant Plaintiff's requested reasonable accommodations.

## III. OBJECTION TO DENIAL OF PROTECTIVE ORDER

The Magistrate Judge denied Plaintiff's motion for a protective order (ECF No. 32) with the conclusory statement that Plaintiff "failed to make the requisite showing under applicable law." ECF No. 43 at 10. No explanation was provided. No analysis of Plaintiff's documented fears was conducted.

Plaintiff had requested the following relief in the protective order: an order to seal the action to protect Plaintiff from further harassment, intimidation, and malicious persecution; permission to appear at all court proceedings by audio only; an order requiring all communications, notices, and service of documents between parties to be conducted by electronic means only with no requirement for physical service or personal appearance; an order prohibiting Defendant from

- 6 -

attempting to discover Plaintiff's physical or personal information and from using such information to report Plaintiff to any governmental agency, including immigration authorities; and a permanent restraining order against Defendant.

Under Fed. R. Civ. P. 26(c), a protective order may be issued for good cause to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Under *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), and *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), sealing may be justified by compelling reasons, including personal safety and privacy concerns.

Plaintiff's documented fears – including the credible risk of ICE detention and the Court's own grant of pseudonym status based on those fears (ECF No. 36 at 5-6) – constitute good cause for a protective order. The Magistrate Judge's one-sentence denial without analysis does not satisfy the requirement of individualized consideration. Plaintiff objects to this denial.

## IV. OBJECTION TO MAGISTRATE JUDGE KIM'S ORDERS SUBSTANTIALLY IMPAIRING PLAINTIFF'S ACCESS TO THE COURT

The Magistrate Judge issued multiple orders that have substantially impaired Plaintiff's ability to participate in this case. Plaintiff objects to these orders.

### A. She Denied E-Filing Access

In ECF No. 15, the Magistrate Judge denied Plaintiff's motion for e-filing access and ordered Plaintiff to file paper documents through conventional means. This is impossible for Plaintiff, who is homeless, has no mailing address, cannot retrieve mail, cannot print documents, cannot afford mailing costs, and cannot appear in person at the courthouse.

### B. She Denied Audio-Only Appearances

In ECF No. 18, the Magistrate Judge denied Plaintiff's request for audio-only appearances and permitted only video appearances. Plaintiff cannot use video. Video causes cognitive overload that makes participation impossible. Plaintiff has no consistent access to a computer, reliable

- 7 -

internet, or a private space.

## C. She Ordered Plaintiff to Stop Emailing Court Staff

In ECF No. 19, the Magistrate Judge ordered Plaintiff to stop emailing court staff. Email was Plaintiff's only remaining means of communicating with the Court.

## D. She Ordered Court Staff Not to Respond to Plaintiff

In ECF No. 30, the Magistrate Judge ordered court staff not to respond to Plaintiff's emails. This cut off all communication completely.

## E. She Threatened Sanctions for Email Communication

In ECF No. 38, the Magistrate Judge warned that further email communication may result in sanctions.

## F. The Result: Substantial Impairment of Participation

The cumulative effect of these orders is that Plaintiff has been substantially impaired in his ability to participate in this case. Plaintiff cannot file electronically because e-filing is denied. Plaintiff cannot file by mail because Plaintiff is homeless, has no ID, and cannot retrieve mail from General Delivery. Plaintiff cannot file in person because Plaintiff has no transportation and faces risk of ICE detention. Plaintiff cannot attend hearings because video is impossible and audio-only appearances are denied. Plaintiff cannot communicate with the Court because Magistrate Judge Kim ordered Plaintiff to stop emailing staff and ordered staff not to respond. Plaintiff receives only subject-line email notifications with no attachments and no actual court orders.

## V. OBJECTION TO MAGISTRATE JUDGE KIM'S RULINGS ON MOTIONS WITHOUT FIRST ESTABLISHING SUBJECT MATTER JURISDICTION

The Magistrate Judge ruled on multiple motions without first establishing that this Court had subject matter jurisdiction. Plaintiff objects to these rulings as procedurally improper.

In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998), the Supreme Court held: "The requirement that jurisdiction be established as a threshold matter springs from the

nature and limits of the judicial power of the United States and is inflexible and without exception." The Court explained that a federal court may not proceed to the merits of a case without first confirming that it has the constitutional and statutory authority to hear the case.

Despite this clear precedent, the Magistrate Judge denied Plaintiff's motions to remand as "moot" in ECF No. 36 without first establishing jurisdiction. She recommended dismissal of the complaint in ECF No. 36 without first establishing jurisdiction. She denied accommodations in ECF Nos. 15, 18, and 36 without first establishing jurisdiction. She ordered Plaintiff to stop emailing staff in ECF No. 19 without first establishing jurisdiction. She ordered staff not to respond to Plaintiff in ECF No. 30 without first establishing jurisdiction.

Defendant conceded this error. In ECF No. 39 at page 5, Defendant stated: "As to Plaintiff's point that the motion to remand should have been addressed, Federal agrees."

The Magistrate Judge acknowledged this error by vacating ECF No. 36 "in its entirety because of the jurisdictional error" in ECF No. 41 at page 2.

While some purely administrative orders may be severable from jurisdictional determinations, the orders at issue here (ECF Nos. 15, 18, 19, 30) directly governed Plaintiff's ability to participate in the merits proceedings. Because they were issued without first confirming the Court's authority to adjudicate this case, they are procedurally defective and should be vacated. Plaintiff requests that the District Court vacate these orders as well.

## VI. THE MAGISTRATE JUDGE DID NOT ADDRESS PLAINTIFF'S RECUSAL REQUEST

Plaintiff requested reassignment and removal of Magistrate Judge Kim in ECF No. 37, ECF No. 40, and the Emergency Motion (ECF No. 42). The Magistrate Judge never addressed this request. She did not rule on it. She did not refer it to the District Court. She simply ignored it. This failure to address the request at all has deprived Plaintiff of any meaningful opportunity for review.

Under 28 U.S.C. § 455(a), a judge must disqualify herself "in any proceeding in which her

- 9 -

impartiality might reasonably be questioned." See also *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (recusal required where a reasonable person with knowledge of all the facts would question the judge's impartiality). The Magistrate Judge's pattern of legal errors – ruling on motions without jurisdiction, denying accommodations without individualized assessment, cutting off Plaintiff's communication with the Court, ordering staff not to respond to Plaintiff, and threatening sanctions for email communication – would cause a reasonable observer to question her impartiality.

Plaintiff recognizes that adverse rulings alone ordinarily do not establish bias or require recusal. Plaintiff submits, however, that the cumulative procedural circumstances here warrant review under § 455(a). Plaintiff renews his request that the District Court consider whether Magistrate Judge Kim should be removed from this case.

## VII. THE MAGISTRATE JUDGE'S PATTERN OF CHANGING POSITION ONLY AFTER BEING CHALLENGED

Plaintiff notes that the Magistrate Judge changed her position only after Plaintiff challenged her authority.

On March 20, 2026, the Magistrate Judge issued ECF No. 36, denying Plaintiff's motions to remand as "moot" and recommending dismissal. Plaintiff filed objections on March 29, 2026 (ECF No. 37) and a supplement on April 10, 2026 (ECF No. 40), challenging her authority and requesting her removal.

On May 6, 2026, the Magistrate Judge vacated ECF No. 36 in its entirety, acknowledging the jurisdictional error. ECF No. 41.

On May 8, 2026, Plaintiff filed an Emergency Motion for Reconsideration, Stay, Reassignment, Reasonable Accommodations, and Vacate (ECF No. 42), renewing his requests.

On May 18, 2026, the Magistrate Judge issued ECF No. 43, now recommending remand – the exact relief Plaintiff had been seeking since September 2025.

PLAINTIFF'S LIMITED OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS FEDERAL INSURANCE COMPANY, AND RECOMMENDATIONS (ECF No. 43)

While judges may reconsider positions when errors are pointed out, the timing and pattern here – combined with her continued denial of accommodations and her failure to address the recusal request – underscore the importance of careful review of the remaining challenged orders.

## VIII. RENEWED REQUEST FOR REASSIGNMENT AND REMOVAL OF MAGISTRATE JUDGE KIM

Plaintiff renews his request that Magistrate Judge Kim be removed from this case and that no further referrals be made to her.

Plaintiff requests that the District Court consider whether Magistrate Judge Kim's pattern of legal errors – ruling on motions without jurisdiction, denying accommodations without individualized assessment, cutting off Plaintiff's communication with the Court, ordering staff not to respond to Plaintiff, threatening sanctions for email communication, and failing to address Plaintiff's recusal request – would cause a reasonable observer to question her impartiality under 28 U.S.C. § 455(a).

**Plaintiff further requests that the District Court:**

1.     Order that this case be reassigned to a different magistrate judge for any remaining non-dispositive matters.

2.     In the alternative, order that all future proceedings be conducted directly before this Court, with no further referral to any magistrate judge.

3.     Declare that Plaintiff's declination of consent (ECF Nos. 2-1 and 12) remains effective.

## IX. REQUEST FOR DE NOVO REVIEW

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(3), this Court reviews de novo any portion of a magistrate judge's Findings and Recommendations to which a party objects.

**Plaintiff requests that the District Court review *de novo*:**

1.     The denial of reasonable accommodations (e-filing access, audio-only appearances,

PDF attachments, confirmation of no physical mail to General Delivery, email filing, waiver of signature, and standing extension).

2. The denial of the protective order.

3. The Magistrate Judge's orders cutting off Plaintiff's communication (ECF Nos. 19 and 30).

4. The Magistrate Judge's rulings on motions without jurisdiction.

5. The Magistrate Judge's failure to address Plaintiff's recusal request.

As preserved under Local Rule 303, Plaintiff also requests review of the Magistrate Judge's non-dispositive orders (ECF Nos. 15, 18, 19, 30).

**Plaintiff further requests that the District Court:**

1. Grant Plaintiff's requested reasonable accommodations.

2. Vacate all orders issued by the Magistrate Judge before jurisdiction was established (ECF Nos. 15, 18, 19, 30).

3. Reassign this case to a different magistrate judge or retain all proceedings directly before this Court.

4. Adopt the recommendation to remand the case to Yolo County Superior Court.

**X. CONCLUSION**

Plaintiff agrees with remand but objects to the denial of accommodations, the denial of the protective order, and the Magistrate Judge's conduct throughout this case. The Magistrate Judge has substantially impaired Plaintiff's access to the Court, ruled on motions without jurisdiction, cut off Plaintiff's communication, denied accommodations without individualized assessment, and failed to address Plaintiff's recusal request. Plaintiff requests that the District Court grant de novo review, grant reasonable accommodations, vacate orders issued before jurisdiction was established, reassign this case to a different magistrate judge or retain all proceedings directly before this Court, and

adopt the recommendation to remand to Yolo County Superior Court.

Dated: May 19, 2026

Respectfully submitted,

/s/ J. Doe
J. DOE
Plaintiff, Pro Se

## XI. DECLARATION OF J. DOE

**I, J. DOE, MAKE THIS DECLARATION PURSUANT TO 28 U.S.C. § 1746**

1.    I am the Plaintiff in this action. I am homeless. I have no permanent mailing address.

2.    The Court required me to provide an address. I provided "General Delivery, Woodland, CA 95695" because it was the only thing resembling an address that the Court would accept.

3.    I cannot retrieve mail from General Delivery. The United States Postal Service requires government-issued identification to pick up mail at General Delivery. I do not possess such identification.

4.    I have no money. I cannot afford transportation, printing, mailing costs, or PACER fees.

5.    I have severe physical disabilities, including paralysis and chronic pain, which prevent me from reading, writing, or handling paper documents.

6.    I am entirely dependent on computer-based text-to-speech and dictation technology to access written information and prepare legal documents.

7.    I have cognitive processing disorders and dyslexia. These disabilities make real-time verbal communication, including video appearances, functionally impossible.

8.    Video causes cognitive overload that prevents me from processing information, understanding questions, recalling facts, or articulating responses.

9.    I do not have a phone. I use Google Voice, which requires internet access and is

unreliable.

10.     I do not have consistent access to a computer or reliable internet. I use public library computers with limited time.

11.     I cannot participate in hearings remotely or in person because I lack the technology, private space, and cognitive capacity to do so.

12.     I am an undocumented asylum-seeker with a pending asylum application. I live in constant fear of detention by U.S. Immigration and Customs Enforcement (ICE).

13.     This Court granted me pseudonym status based on these fears. ECF No. 36 at 5-6.

14.     Forcing me to appear at a federal courthouse or to file paper documents that reveal my location creates a credible risk of ICE arrest and detention.

15.     I cannot print documents. I have no printer and no money to pay for printing.

16.     I cannot mail documents. I have no stamps, no envelopes, and no reliable way to access a mailbox.

17.     I cannot file documents in person at the Sacramento courthouse. I am in Yolo County, have no transportation, and appearing at a federal courthouse would expose me to ICE detention.

18.     Throughout this case, I have received only subject-line email notifications from the Court's CM/ECF system. These notifications contained no attachments and no actual court orders.

19.     The CM/ECF system's own notification for ECF No. 7 stated: "(No document attached)." ECF No. 37 at 10.

20.     I never received ECF Nos. 7, 10, 15, 16, 17, 18, 19, 30, or 36 until someone recently helped me access the docket.

21.     I did not know that clicking the docket number link in the email notifications would open or download the document until the CM/ECF Helpdesk explained this process to me on April

PLAINTIFF'S LIMITED OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS FEDERAL INSURANCE COMPANY, AND RECOMMENDATIONS (ECF No. 43)

2, 2026.

22.    I have never received any full-text court order as a readable document.

23.    Defendant Federal Insurance Company was able to email me PDF attachments.

24.    On September 24, 2025, Magistrate Judge Kim ordered me to stop emailing court staff. I did not receive this order until much later.

25.    On October 17, 2025, Magistrate Judge Kim ordered court staff not to respond to my emails. I did not receive this order until much later.

26.    After these orders, I had no way to communicate with the Court, no way to receive orders, and no way to confirm whether my filings had been received.

27.    I requested accommodations more than ten times, beginning on September 13, 2025. I requested e-filing access, audio-only appearances, PDF attachments, email filing, waiver of signature, standing extension, and confirmation that no physical mail would be sent to General Delivery.

28.    Magistrate Judge Kim never conducted any individualized assessment of my disabilities, homelessness, or barriers.

29.    She never asked me what accommodations I needed. She never explained why e-filing could not be granted.

30.    She simply denied, repeatedly, without reason or individualized analysis.

31.    I twice declined consent to magistrate judge jurisdiction. ECF No. 2-1 at 4; ECF No. 12.

32.    I filed motions to remand (ECF Nos. 6, 13, and 26) challenging this Court's subject matter jurisdiction. Those motions remain pending. The Court has never ruled on them.

33.    Magistrate Judge Kim denied my remand motions as "moot" based on a recommendation to dismiss in ECF No. 36, but that was procedurally improper under Steel Co. and

has been vacated. ECF No. 41.

**34.**    The cumulative effect of the Court's procedures has been to substantially impair my ability to participate in this case.

**35.**    I cannot file documents because paper filing is impossible and e-filing is denied.

**36.**    I cannot attend hearings because video is impossible and audio is denied.

**37.**    I cannot communicate with the Court because staff is ordered not to respond.

**38.**    I cannot receive court orders because only subject-line emails with no attachments are sent.

**39.**    I am substantially impaired from participating in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 19, 2026, at Yolo County, California.

/s/ J. Doe
J. DOE

**CERTIFICATE OF SERVICE**

I, J. DOE, certify that on May 19, 2026, I caused a true and correct copy of the foregoing Limited Objections to be served on Defendant's counsel of record by email to:

Mallory Schorr, Esq. – mschorr@londonfischer.com

James E. Gibbons, Esq. – jgibbons@londonfischer.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 19, 2026, in Yolo County, California

/s/ J. Doe
J. DOE

PLAINTIFF'S LIMITED OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS FEDERAL INSURANCE COMPANY, AND RECOMMENDATIONS (ECF No. 43)